IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Reorganized Debtor. | ) | Re: Docket No. 2608 |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART THE REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. SECTION 503 BY LAW DEBENTURE TRUST COMPANY OF NEW YORK AS SUCCESSOR TRUSTEE FOR THE 8.45% CUMULATIVE QUARTERLY PREFERRED SECURITIES, SERIES A (THE "QUIPS")

Upon consideration of the Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. Section 503 by Law Debenture Trust Company of New York ("Law Debenture") as Successor Trustee for the 8.45% Cumulative Quarterly Preferred Securities, Series A (the "Quips") [Docket No. 2608] (the "Administrative Expense Claim"); and NorthWestern Corporation's ("NOR") objection thereto [Docket No. 2971] (the "Objection"); the Court having determined that proper and adequate notice of the Administrative Expense Claim has been given and that no further notice is necessary; and good and sufficient cause appearing for the relief granted herein; and, upon this Court's review of the Administrative Expense Claim and any objections or statements of counsel related thereto;

It appearing that Law Debenture seeks reimbursement of fees and expenses of $1,025,070.36, which represents professional fees of $958,075.87, expenses of $21,994.49 and an annual administration fee of $45,000; Of the professional fees sought, $67,088.66 in fees were incurred while Law Debenture participated in the Official Committee of Unsecured Creditors (the "Committee"); The remaining $912,981.76 includes fees of $65,326.50 for "Communications with QUIPS Holders and General Trust Indenture Administration,"

$88,735.00 for "Review and Analysis of General Bankruptcy Matters," 32,113.50 for "Preparation of Proofs of Claims," $114,511.00 for "Bankruptcy Litigation," and $452,688.90 for "Plan and Disclosure Statement Issues;" Law Debenture now seeks payment of these fees and expenses pursuant to section 503 of the Bankruptcy Code;

It further appearing that NOR objects to the majority of the Administrative Expense Claim, arguing that Law Debenture has not shown that its activities, other than participation on the Committee and annual administration fee, substantially contributed to bankruptcy case; Specifically, section 503(b)(3) provides that administrative claims may be allowed for "the actual, necessary expenses, . . . incurred by . . . [an] indenture trustee, . . . in making a substantial contribution in a case under   . . . chapter 11 of this title," 11 U.S.C. § 503(b)(3)(D); "Creditors are presumed to be acting in their own interests until they satisfy the court that their efforts have transcended self-protection," *Lebron v. Mechem Financial, Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (citations omitted); For this reason, an applicant seeking reimbursement under section 503 bears the burden of proving entitlement to such an award, *see id.*; The "substantial contribution" test "should be applied in a manner that excludes reimbursement in connection with activities of creditors and other interested parties which are designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate," *id.*; The applicant must therefore demonstrate that its efforts "resulted in an actual and demonstrable benefit to the debtor's estate and the creditors," *id.*;

The Court finds that NOR persuasively argues that Law Debenture did not make a substantial contribution to this bankruptcy case, other than its participation on the Creditor's Committee and annual administration fee; The Court notes that Law Debenture's activities have instead disrupted and prevented NOR's successful reorganization; This disruption includes the

recent filing of an adversary complaint seeking to revoke the Confirmation Order pursuant to section 1144 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(5) for breach of fiduciary duty [Adv. Pro. No. 05-50866]; Law Debenture has also undertaken numerous other actions contrary to successful reorganization, including another adversary complaint against NOR seeking to remove the Montana Power Company's assets from the estate (filed while Law Debenture was a member of the Committee), objections to the disclosure statement and objections to confirmation; Law Debenture's active participation in this bankruptcy case may explain its enormous fee request; The high fees do not, however, prove any substantial contribution to NOR's reorganization (which is still pending due to the recently filed adversary complaint); Accordingly, it is hereby

ORDERED, that NOR's Objection to the Administrative Expense Claim is sustained; and it is further

ORDERED, that Law Debenture's Administrative Expense Claim is granted in part and denied in part; and it is further

ORDERED, that Law Debenture is allowed an administrative expense claim of $112,088.66, which represents $67,088.66 for fees incurred while participating on the Committee and $45,000 for the annual administration fees.

Dated: July 5, 2005

*[signature]*
The Honorable John L. Peterson
United States Bankruptcy Judge