IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| NORTHWESTERN CORPORATION, | :    Case No. 03-12872 (JLP) |
| | : |
|        Reorganized Debtor. | : |
| | : |
| | : |

## NORTHWESTERN CORPORATION'S DESIGNATION OF ADDITIONAL DOCUMENTS FOR THE RECORD AND OBJECTION TO STATEMENT OF ISSUES ON APPEAL

NorthWestern Corporation ("NorthWestern"), by its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby files this Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal in response to the Designation of Items to be Included in the Record on Appeal and Statement of the Issue to be Presented on Appeal of Law Debenture Trust Company of New York ("Law Debenture") in connection with Law Debenture's appeal of the Court's Order Granting in Part and Denying in Part the Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. Section 503 by Law Debenture Trust Company of New York as Successor Trustee for the 8.45% Cumulative Quarterly Preferred Securities, Series A (the "QUIPS") [Docket No. 3170] (the "Order").

### Designation of Additional Documents for the Record

| | Docket No. | Description |
|---|---|---|
| 1 | 769 | Notice of Appearance Under Bankruptcy Rule 9010(b) Combined with Request for All Copies Pursuant to Bankruptcy Rule 2002(a), (b) and Pleadings Pursuant to Bankruptcy Rule 3018(a) *[Docket No. 769, Dated January 29, 2004]* |

| | Docket No. | Description |
|---|---|---|
| 2 | 770 | Statement by Law Debenture Trust Company of New York as Indenture Trustee and Guarantee Trustee Pursuant to Bankruptcy Rule 2019 *[Docket No. 770, Dated January 29, 2004]* |
| 3 | 878 | Fourth Amended Notice of Appointment of Committee of Unsecured Creditors *[Docket No. 878, Dated February 24, 2004]* |
| 4 | 932 | Exhibit G Part 4 to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of the Debtor *[Docket No. 932, Dated March 11, 2004]* |
| 5 | 982 | Notice of Filing Exhibit F to the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of the Debtor *[Docket No. 982, Dated March 24, 2004]* |
| 6 | 1223 | Fifth Amended Notice of Appointment of Committee of Unsecured Creditors *[Docket No. 1223, Dated May 6, 2004]* |
| 7 | 1295 | Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 1295, Dated May 14, 2004]* |
| 8 | 1298 | Exhibit H to First Amended Disclosure Statement *[Docket No. 1298, Dated May 14, 2004]* |
| 9 | 1299 | Exhibit I-J to First Amended Disclosure Statement *[Docket No. 1299, Dated May 14, 2004]* |
| 10 | 1622 | Memorandum of Law in Opposition to Magten Asset Management Corporation's Motion to Disqualify Paul, Hastings, Janofsky & Walker LLP *[Docket No. 1622, Dated July 8, 2004]* |
| 11 | 1623 | Joinder of Northwestern Corporation in the Memorandum of Law in Opposition to Magten Asset Management Corporation's Motion to Disqualify Paul, Hastings, Janofsky & Walker LLP and Opposition to Motion to Disqualify Paul, Hastings, Janofsky & Walker LLP *[Docket No. 1623, Dated July 8, 2004]* |
| 12 | 1624 | Memorandum of Law in Opposition to Magten Asset Management Corporation's Motion to Disqualify Paul, Hastings, Janofsky & Walker, LLP *[Docket No. 1624, Dated July 8, 2004]* |
| 13 | 1632 | Official Committee of Unsecured Creditors' Objection to Motion of Magten Asset Management Corporation to Disqualify Paul, Hastings, Janofsky & Walker LLP *[Docket No. 1632, Dated July 9, 2004]* |
| 14 | 1751 | Memorandum Decision *[Docket No. 1751, Dated July 23, 2004]* |
| 15 | 1901 | Omnibus Response to Objections to Debtor's Plan of Reorganization *[Docket No. 1901, Dated August 13, 2004]* |

| | Docket No. | Description |
|---|---|---|
| 16 | 1913 | Notice of Motion of Credit Suisse First Boston, as Administrative Agent, for Order Granting Leave to File a Response to (i) Objection of Magten Asset Management Corporation to Confirmation of the Debtor's First Amended Plan of Reorganization and (ii) Law Debenture Trust Company of New York's Objection to Confirmation *[Docket No. 1913, Dated August 18, 2004]* |
| 17 | 1916 | Limited Joint Response of JP Morgan Chase Bank, as Indenture Trustee on Behalf of the Holders of Montana Bonds, and MBIA Corporation to Objections of Magten Asset Management Corporation and Law Debenture Trust Company of New York to the Debtor's First Amended Plan of Reorganization *[Docket No. 1916, Dated August 18, 2004]* |
| 18 | 1918 | Request for Expedited Teleconference on Emergency Motion of Law Debenture Trust Company of New York to Adjourn the Debtor's Confirmation Hearing *[Docket No. 1918, Dated August 18, 2004]* |
| 19 | 1919 | Emergency Motion of Law Debenture Trust Company of New York to Adjourn the Debtor's Confirmation Hearing *[Docket No. 1919, Dated August 18, 2004]* |
| 20 | 1925 | Blackline of Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 1925, Dated August 18, 2004]* |
| 21 | 1932 | Offer of Proof and Outline of Evidence in Support of the Adequacy of Debtor's Procedures and Notice in Conjunction with its Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 1932, Dated August 19, 2004]* |
| 22 | 1944 | Debtor's Objection to Emergency Motion of Law Debenture Trust Company of New York to Adjourn Debtor's Confirmation Hearing *[Docket No. 1944, Dated August 19, 2004]* |
| 23 | 2044 | Law Debenture Trust Company of New York's Limited Objection to the Debtor's Motion for an Order Authorizing It to Enter Agreements for Exit Financing Facility and to Pay Fees and Expenses and Incur Indemnification Obligations in Connection Therewith Pursuant to Section 105(a), 107(b), and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9018 *[Docket No. 2044, Dated September 3, 2004]* |
| 24 | 2089 | Transcript of Emergency Motion Dated on August 20, 2004 at 2:30 *[Docket No. 2089]* |
| 25 | 2090 | Transcript of Confirmation Hearing dated August 25, 2004 at 9:00 am *[Docket No. 2090]* |

|    | Docket No. | Description |
|----|-----------|-------------|
| 26 | 2093 | Motion Pursuant to Sections 105(a), 363(b) and 502(c) of the Bankruptcy Code for Estimation of Claims of Law Debenture Trust Company of New York and to Establish Disputed Claim Reserve *[Docket No. 2093, Dated September 17, 2004]* |
| 27 | 2109 | Order Authorizing the Debtor to Enter Into Certain Agreements Related to Exit Financing Facility and to Pay Fees in Connection Therewith Pursuant to U.S.C. 105, 107(b) and 363(b) and Bankruptcy Rule 9018 *[Docket No. 2109, Dated September 23, 2004]* |
| 28 | 2149 | Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Claim of HSBC Bank USA, as Indenture Trustee *[Docket No. 2149, Dated October 1, 2004]* |
| 29 | 2156 | Notice of Filing of Amended Exhibit A to the Memorandum of Law in Support of Confirmation of Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 2156, Dated October 4, 2004]* |
| 30 | 2157 | Notice of Filing of Plan Supplement in Connection with Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 2157, Dated October 4, 2004]* |
| 31 | 2276 | Transcript of Proceedings Before the Honorable Charles G. Case, II Held on October 8, 2004 8:50 a.m. (Phoenix, Arizona) *[Docket No. 2276]* |
| 32 | 2282 | Northwestern Corporations Response to Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Claim of HSBC Bank USA, as Indenture Trustee *[Docket No. 2282, Dated October 27, 2004]* |
| 33 | 2283 | Joinder of HSBC Bank USA, as Indenture Trustee, In Northwestern Corporations Response to Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Claim of HSBC Bank USA, as Indenture Trustee *[Docket No. 2283, Dated October 27, 2004]* |
| 34 | 2298 | Stipulation Establishing a Disputed Claims Reserve Between NorthWestern Corporation and Law Debenture Trust Company of New York *[Docket No. 2298, Dated November 1, 2004]* |
| 35 | 2568 | Motion of Paul, Hastings, Janofsky & Walker, LLP for Leave to File Paul, Hastings, Janofsky & Walker, LLP's Reply to Magten Asset Management Corporation's Objection to Final Fee Application [Re: D.I. 2432, 2527] *[Docket No. 2568, Dated January 11, 2005]* |
| 36 | 2581 | Motion of Paul, Hastings, Janofsky & Walker, LLP for Leave to File Paul, Hastings, Janofsky & Walker, LLP's Reply to Magten Asset Management Corporation's Objection to Final Fee Application *[Docket No. 2581, Dated January 13, 2005]* |

| | Docket No. | Description |
|---|---|---|
| 37 | 2619 | Paul, Hastings, Janofsky & Walker, LLP's Reply To Magten Asset Management Corporation's Objection to Final Fee Application [Re: D.I. 2432, 2527] *[Docket No. 2619, Dated January 18, 2005]* |
| 38 | 2961 | Law Debenture Trust Company of New Yorks Motion for Leave to File a Reply to Plan Committees Response and Request for Additional Forms of Relief *[Docket No. 2961, Dated April 4, 2005]* |
| 39 | 2971 | Objection to the Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. Section 503 by Law Debenture Trust Company of New York as Successor Trustee for the 8.45% Cumulative Quarterly Income Preferred Securities Series A *[Docket No. 2971, Dated April 7, 2005]* |
| 40 | 2972 | [Exhibit A] Objection of the Debtor to the Request of Law Debenture Trust Company of New York for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtors Plan of Reorganization and Applicable Trust Indenture *Docket No. 2972, Dated April 7, 2005]* |
| 41 | 2990 | Objection of Law Debenture Trust Company of New York to NorthWestern Corporations Motion for Order Compelling the Depository Trust Company to Distribute Shares to Holders of Allowed Claims in Class 7 Pursuant to the Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code *[Docket No. 2990, Dated April 20, 2005]* |
| 42 | Case No. 04-53324, Docket No. 5 | NorthWestern Corporation's Motion, and Supporting Brief, to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York for Failure to State a Claim Upon Which Relief Can Be Granted *[Dated May 14, 2004]* |
| 43 | Case No. 04-53324, Docket No. 17 | Northwestern Corporation's Memorandum in Further Support of its Motion to Dismiss the Complaint of Magten Asset Management Corporation and Law Debenture Trust Company of New York *[Dated June 28, 2004]* |
| 44 | Case No. 04-53324, Docket No. 28 | Northwestern Corporation's Motion to Dismiss in Part the First Amended Complaint *[Dated November 3, 2004]* |
| 45 | Case No. 04-53324, Docket No. 29 | Memorandum of Law in Support of Defendant's Motion to Dismiss in Part First Amended Complaint *[Dated November 3, 2004]* |
| 46 | Case No. 04-53324, Docket No. 52 | Order Regarding Motion and Memorandum of Law in Support of Motion for Stay of Adversary Proceeding Pending Resolution of Motion to Withdraw the Reference to Bankruptcy Court *[Dated December 7, 2004]* |

<u>Objection to Statement of Issues to be Presented</u>

1.    Law Debenture's first statement of issues to be presented is as follows:

> Whether the Bankruptcy Court erred in denying Law Debenture's Request for Payment of Administrative Expenses Pursuant to 11.U.S.C. §503.

**NorthWestern's Objection**:  NorthWestern hereby objects to the statement of issues on the ground that it inaccurately characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with its denial of the Request for Administrative Expenses Pursuant to 11 U.S.C. Section 503 by Law Debenture Trust Company of New York as Successor Trustee for the 8.45% Cumulative Quarterly Income Preferred Securities Series (the "QUIPS") [Docket No. 2608] (the "Administrative Claim Request").  The Bankruptcy Court in its Order, specifically found:

> ORDERED, that Law Debenture's Administrative Expense Claim is granted in part and denied in part; and it is further

> ORDERED, that Law Debenture is allowed an administrative expense claim of $112,088.66, which represents $67,088.66 for fees incurred while participating on the Committee and $45,000 for the annual administration fee.

Order, p. 3.

2.    Law Debenture's second statement of issues to be presented is as follows:

> Whether the Bankruptcy Court's order denying Law Debenture's administrative expense claim is contrary to the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan" and its previous Order Confirming Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmation Order").

**NorthWestern's Objection**:  NorthWestern hereby objects on the grounds that the Bankruptcy Court made no finding as to the Plan in its Order.  NorthWestern further objects because Section 5.18 of the Plan specifically provides:

the Reorganized Debtor is hereby authorized to pay the Indenture Trustees' Fees and Expenses in full and in Cash, in an amount to be agreed upon among the Debtor and each of the Indenture Trustees. **In the event that the parties cannot reach agreement on the amount thereof, any disputed amount shall be determined by the Court, pursuant to Section 503 of the Bankruptcy Code, and in accordance with the terms of the applicable Indenture.** (emphasis added).

3.    Law Debenture's third statement of issues to be presented is as follows:

Whether the Bankruptcy Court erred in ruling that the Debtor was not estopped and/or precluded from objecting to Law Debenture's administrative expense claims.

**NorthWestern's Objection**:  NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's Order.   The Bankruptcy Court specifically held:

Specifically, section 503(b)(3) provides that administrative claims may be allowed for "the actual, necessary expenses, . . . incurred by . . . [an] indenture trustee, . . . in making a substantial contribution in a case under . . . chapter 11 of this title," . . . . For this reason, an applicant seeking reimbursement under section 503 bears the burden of proving entitlement to such an award; The "substantial contribution" test "should be applied in a manner that excludes reimbursement in connection with activities of creditors and other interested parties which are designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate,"; The applicant must therefore demonstrate that its efforts "resulted in an actual and demonstrable benefit to the debtor's estate and the creditors.

Order, p. 2 (citations omitted).

4.    Law Debenture's fourth statement of issues to be presented is as follows:

Whether the Bankruptcy Court erred in applying a "substantial contribution" standard to Law Debenture's Request.

**NorthWestern's Objection**:  NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's Order and Law

Debenture's request for relief under section 503 of the Bankruptcy Code. The Bankruptcy Court

specifically held:

> Law Debenture now seeks payment of these fees and expenses
> pursuant to section 503 of the Bankruptcy Code.

Order, p. 2.

The Bankruptcy Court also states:

> Specifically, section 503(b)(3) provides that administrative claims
> may be allowed for "the actual, necessary expenses, . . . incurred
> by . . . [an] indenture trustee, . . . in making a substantial
> contribution in a case under . . . chapter 11 of this title," . . . . For
> this reason, an applicant seeking reimbursement under section 503
> bears the burden of proving entitlement to such an award; The
> "substantial contribution" test "should be applied in a manner that
> excludes reimbursement in connection with activities of creditors
> and other interested parties which are designed primarily to serve
> their own interests and which, accordingly, would have been
> undertaken absent an expectation of reimbursement from the
> estate,"; The applicant must therefore demonstrate that its efforts
> "resulted in an actual and demonstrable benefit to the debtor's
> estate and the creditors.

Order, p. 2 (citations omitted).

5.    Law Debenture's fifth statement of issues to be presented is as follows:

> Whether the Bankruptcy Court erred in ruling that "Law Debenture
> did not make a substantial contribution to this bankruptcy case,
> other than its participation on the Creditors' Committee and annual
> administration fee."

**NorthWestern's Objection**: NorthWestern does not object to the statement, but

notes that the Bankruptcy Court made specific findings of fact on substantial contribution

stating:

> The Court notes that Law Debenture's activities have instead
> disrupted and prevented NOR's successful reorganization; This
> disruption includes the recent filing of an adversary complaint
> seeking to revoke the Confirmation Order pursuant to section 1144
> of the Bankruptcy Code and Federal Rule of Bankruptcy
> Procedures 7001(5) for breach of fiduciary duty [Adv. Pro. No. 05-

50866]; Law Debenture has also undertaken numerous other actions contrary to successful reorganization, including another adversary complaint against NOR seeking to remove the Montana Power Company's assets from the estate (filed while Law Debenture was a member of the Committee), objections to the disclosure statement and objections to confirmation; Law Debenture's active participation in this bankruptcy case may explain its enormous fee request; The high fees do not, however, prove any substantial contribution to NOR's reorganization

Order, pp. 2-3.

6.      Law Debenture's sixth statement of issues to be presented is as follows:

Whether the Bankruptcy Court erred in holding that the Indenture dated as of November 1, 1996, as amended, pursuant to which the Montana Power Company issued certain 8.5% Junior Subordinated Debentures was not an executory contract within the meaning of § 365 of the Bankruptcy Code that had been assumed pursuant to the Plan and the Confirmation Order

**NorthWestern's Objection**:  NorthWestern hereby objects on the grounds that the Bankruptcy Court made no finding as to whether the Indenture was an executory contract pursuant to the Plan and Confirmation Order.

7.      NorthWestern refers to, and incorporates, the description of those issues in the Order.

[signature on next page]

Dated: Wilmington, Delaware
    August 4, 2005

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

*Co-Counsel for NorthWestern Corporation*