# EXHIBIT 1

Not Reported in A.2d                                                                                                              Page 1
Not Reported in A.2d, 1996 WL 560190 (Del.Ch.)
**(Cite as: 1996 WL 560190 (Del.Ch.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.
WILMINGTON LEASING, INC., et al.,
v.
PARRISH LEASING COMPANY, L.P., et al., C.A. No. 15202.

Submitted: Sept. 18, 1996.
Decided: Sept. 25, 1996.

Robert J. Stearn, Jr., Richards, Layton & Finger, Wilmington.

Robert S. Saunders, Skadden, Arps, Slate, Meagher & Flom, Wilmington.

A. Gilchrist Sparks, III, R. Judson Scaggs, Jr., Donna L. Culver, Morris, Nichols, Arsht & Tunnell, Wilmington.

JACOBS, Vice-Chancellor.

*1 On September 3, 1996, the plaintiffs, who are all of the limited partners of Parrish Equipment Partners, L.P. (the "Partnership"), [FN1] executed an agreement (the "Letter Agreement"). The Letter Agreement purported (1) to remove defendant Parrish Leasing Company, L.P. ("Parrish") as general partner of the Partnership, and (2) to elect WT Leasing, Inc. ("WTLI") as the new general partner. The following day, the plaintiffs delivered the Letter Agreement to Parrish, and then commenced this action for a declaration that they had validly and effectively replaced Parrish with WTLI. On September 10, 1996, the plaintiffs moved for judgment on the pleadings. The motion was heard on September 18, 1996, and for the reasons stated below, will be denied.

> FN1. The plaintiffs are Wilmington Leasing, Inc., The Travelers Insurance Company, The Travelers Indemnity Company, The Travelers Life and Annuity Company, The Travelers Indemnity Company of Connecticut and The Prospect Company.

I. *FACTS*
Section 3.7.3 of the Partnership Agreement pertinently provides:
> 3.7.3 *Removal of the General Partner.* If the Limited Partners determine that the General Partner has failed or is unable to perform satisfactorily as General Partner, the Limited Partners shall have the right to remove the General Partner and elect a new general partner....

Plaintiffs' Opening Brief, Ex. A, at 7.

It is undisputed that pursuant to that provision, all the limited partners executed the Letter Agreement that purports to remove Parrish as general partner, based upon their determination that Parrish had failed to perform satisfactorily in that capacity. At issue is the validity of that removal.

II. *THE PARTIES' CONTENTIONS*
This motion presents a single question: is the limited partners' contract right to remove Parrish as general partner under Section 3.7.3 unqualified and unreviewable, or is it subject to a judicially reviewable implied condition that the removal determination be made reasonably and in good faith? If that contract right is unreviewable, plaintiffs will be entitled to judgment on the pleadings and this lawsuit will be over. If the removal is judicially reviewable, a trial will be necessary.

The defendants argue that under basic principles of contract law, the limited partners' right to remove the general partner under Section 3.7.3 is not unqualified. Rather, they claim, the determination by the limited partners that the general partner has failed or is unable to perform satisfactorily must be reasonable and made in good faith. [FN2] That being the case, the defendant argues, (i) the limited partners' determination of Parrish's unsatisfactory performance is judicially reviewable, and (ii) because Parrish claims that that determination was unreasonable and made in bad faith, a trial on those issues is required.

> FN2. Defendants also contend that the limited partners' obligation to make that determination in a reasonable and good faith manner is a fiduciary, as well as a contractual, duty. Because the pending motion is decided on the basis that the plaintiffs have an implied contractual duty, the Court does not reach the fiduciary argument.

The plaintiffs respond that Section 3.7.3 grants the limited partners broad, unreviewable discretion to remove and replace the general partner. Alternatively, plaintiffs argue that even if their removal determination is found to be judicially reviewable, any review would be limited to determining whether the predicate

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
(Cite as: 1996 WL 560190, *1 (Del.Ch.))

Page 2

conditions that trigger the application of Section 3.7.3 are satisfied. Thus, plaintiffs suggest (by way of example) that a court may legitimately inquire into whether the persons who made the removal determination were, in fact, the true limited partners, or whether that determination was in fact made, but the court may not inquire into the reasonableness or good faith of the determination itself. Because the fulfillment of those predicate conditions is undisputed in this case, plaintiffs conclude that there is nothing for this Court to review or decide, and that plaintiffs are therefore entitled to judgment as a matter of law.

III. *ANALYSIS*

*2 As earlier stated, the Partnership Agreement grants to the limited partners the discretion to remove the general partner based upon their determination that the general partner has failed to perform satisfactorily. The plaintiffs claim that their discretion is not limited by any requirement that it be exercised reasonably and in good faith. I cannot agree, however, because although that limitation is not expressly stated, it is implicit in Section 3.7.3's grant of removal power to the limited partners.

An implied covenant of good faith and fair dealing inheres in every contract. *Wilgus v. Salt Pond Inv. Co.*, Del.Ch., 498 A.2d 151, 159 (1985). From that implied covenant flows the principle of contract construction that "if one party is given discretion in determining whether [a] condition in fact has occurred[,] that party must use good faith in making that determination." *Gilbert v. El Paso Co.*, Del.Ch., 490 A.2d 1051, 1055 (1984). *aff'd*, Del.Supr. 575 A.2d 1131 (1990).

Plaintiffs argue that that covenant should not be implied here, because the contract specifically addresses the removal of the general partner. I cannot agree, because although that subject is generally addressed, the specific question presented here--the scope of discretion allowed to the limited partners in effecting the general partner's removal--is not. The disputed provision does not, for example, explicitly state that the limited partners' determination will be "in their sole discretion." Plaintiffs claim that such language is not required, but none of the cases upon which they rely involved a contractual provision calling for a subjective determination of whether a contractual condition has occurred. *See, e.g., Dave Greytak Enters., Inc. v. Mazda Motors of Am.*, Del.Ch., 622 A.2d 14, *aff'd*, Del.Supr., 609 A.2d 668 (1992) (auto manufacturer had no implied duty to bargain in good faith to relocate auto dealer where dealership agreement expressly permitted only one location); *Gilbert v. El Paso Co., supra* (implied good faith standard did not apply to tender offeror's decision to withdraw offer where contract allowed withdrawal upon the occurrence of specified express and objective conditions). The contractual provision here does call for such a subjective, discretionary determination, namely, that the general partner has not performed "satisfactorily." Where either the definition or the declaration of occurrence of the condition is left to the sole discretion of the invoking party, the application of a good faith standard to the enforcement of conditions is appropriate. *Gilbert v. El Paso*, 490 A.2d at 1055.

In these specific circumstances, an implied requirement that the limited partners' discretion be exercised reasonably and in good faith is appropriate, for without that limitation, the contractual condition would be marginalized. For example, absent such an implied requirement, the limited partners could remove, maliciously or unreasonably, a general partner who was performing satisfactorily. Had the drafters intended for the limited partners to have such discretion, they could have drafted Section 3.7.3 to permit removal without requiring the satisfaction of any predicate standard. Having bargained for the subjective standard of "satisfactory performance," the contracting parties must be presumed to have intended for it to have significance and effect. *See E.I. du Pont de Nemours and Co., Inc. v. Shell Oil Co.*, Del.Supr., 498 A.2d 1108, 1113 (1985) ("In upholding the intentions of the parties, a court must construe the agreement as a whole, giving effect to all provisions therein").

*3 This Court reached a similar conclusion in *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, Del.Ch., C.A. No. 12449, Chandler V.C. (July 28, 1992), *rev'd and remanded on other grounds*, Del.Supr., 624 A.2d 1199 (1993). In my view, *Desert Equities* controls these facts. There, the partnership agreement granted the general partner the right to exclude a limited partner from participating in an investment if the general partner determined, in its discretion, that the limited partner's participation could have a "material adverse effect." Vice Chancellor Chandler held that the partnership agreement must be interpreted to require the general partner to exercise its discretion in a reasonable manner; otherwise certain provisions of the partnership agreement would be rendered superfluous.

Plaintiffs argue that *Desert Equities* should be read narrowly, to imply a "reasonableness" requirement

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
(Cite as: 1996 WL 560190, *3 (Del.Ch.))

Page 3

only where its absence would render other contract language (apart from the subjective standard itself) meaningless. That approach, however, ignores the Court's ruling in *Desert Equities* that

> ... the interpretation of the General Partner's "discretion" to mean its reasonable discretion is consistent with the requirement that a person act in good faith when given the right to exercise discretion to determine whether a condition has occurred. *See Gilbert v. El Paso Co.*, Del.Ch., 490 A.2d 1050, 1055 (1984).

*Desert Equities*, at 5, n. 1.

### IV. CONCLUSION

This Court concludes that the plaintiffs' contractual power to remove the defendant as general partner is subject to the implied condition that the determination required by Section 3.7.3 of the Partnership Agreement be made reasonably and in good faith. [FN3] The defendant's allegation that that determination was made unreasonably and in bad faith necessarily places material facts in dispute. For that reason, the plaintiffs' motion for judgment on the pleadings must be denied. IT IS SO ORDERED.

> FN3. As an alternative argument, the plaintiffs, relying on Restatement (Second) of Contracts § 228 (1981), assert that the requirements of reasonableness and good faith should be "decoupled," and that the Court should apply only the subjective good faith standard. However, those requirements are repeatedly coupled in the controlling precedent, *Desert Equities v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, Del.Supr., 624 A.2d 1199, 1206 (1993) ("Whether plaintiff Desert Equities is able to prove that the General Partner exercised its discretion in an unreasonable manner or in the exercise of bad faith is for another day"). Thus, the Court must ultimately apply both standards in determining the validity of the removal of the defendant as general partner.

Not Reported in A.2d, 1996 WL 560190 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.