# APP. 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
:
In re:                                           :     Chapter 11
                                                 :
NORTHWESTERN CORPORATION,                        :
                                                 :     Case No. 03-12872 (CGC)
              Debtor.                            :
                                                 :
                                                 :
---------------------------------------------------------------------- x

## EMERGENCY MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK TO ADJOURN THE DEBTOR'S CONFIRMATION HEARING

Law Debenture Trust Company of New York (the "Indenture Trustee"), in its capacity as indenture trustee for the Series A 8.45% Quarterly Income Preferred Securities ("QUIPs"), by and through its undersigned counsel, respectfully requests that the hearing to consider confirmation of the Debtor's First Amended Plan of Reorganization (the "Plan"), be adjourned to September 15, 2004, the next omnibus hearing date in the above-captioned case. In support of its motion for adjournment, the Indenture Trustee states as follows:

1.    In each of the three versions of the Plan the Debtor has proposed to date, the claims of the holders of QUIPs were classified with the holders of the securities issued pursuant to the TOPrS Indenture.

2.    Last Friday, on August 13, 2004, during the telephonic status conference to discuss the confirmation hearing, counsel for the Debtor informed the Court that the Debtor had reached a settlement with the representatives of the holders of the TOPrS claims, Harbert Management Corporation ("Harbert") and Wilmington Trust Company, pursuant to which Class 8 would receive a larger recovery. Counsel for the Debtor further informed the Court that while it would re-solicit the votes of Classes 7, 8, and 9, since Harbert's vote, by itself, was enough to

{MCM9551.DOC}

render Class 8 an accepting class, and because the Debtor expected classes 7 and 9 to continue to accept the Plan, the confirmation hearing could proceed as originally scheduled on August 25, 2004 (while the Debtor performed a perfunctory re-solicitation).

3.  During the August 13 conference, however, the full details of the enhanced distributions to Class 8 were not disclosed.  Instead, the Debtor merely stated that under the settlement to be proposed this week, Class 8 would be receiving 8% of the equity of the reorganized Debtor and warrants for an additional 13% of the equity.  Neither the terms of the warrants nor the strike price of the warrants to be distributed to Class 8 were disclosed or finalized.

4.  Subsequently, on August 16, 2004, the Debtor informed counsel to the Indenture Trustee for the first time that it would be amending the Plan to bifurcate Class 8 into two distinctive subclasses.  Class 8A would be comprised of the claims of the holders of the TOPrS and Class 8B would be comprised of the claims of the QUIPs.  Counsel to the Debtor further advised the Indenture Trustee that holders of Class 8B claims would be receiving distributions under the amended Plan only if the subclass voted to accept it.  In the event that the subclass rejected the Amended Plan, however, it would be deprived of any distributions under the Plan.

5.  Since the status conference five days ago, however, the Debtor has yet to circulate its amended Plan to the Indenture Trustee or otherwise disclose the terms of the settlement with the holders of the TOPrS, the value of the warrants to be issued or the business and legal reasons for bifurcating Class 8.

6.  Put simply, until the holders of QUIPs claims have had an opportunity to review the amended Plan, test the validity of Class 8B's take it or leave it provisions, and vote on the Amended Plan, it is premature and fundamentally unfair for the Court to hold a confirmation

hearing on the amended Plan. Just four business days before the confirmation hearing is simply insufficient time.

7.   Furthermore, the Debtor's proposed separate classification of Class 8 claims creates a scenario that is utterly at odds with the process outlined by the Debtor at the August 13, 2004 conference, where counsel for the Debtor stated that Harbert's vote was enough to cause Class 8 to accept the plan, thereby suggesting that the Court would only have to consider "cram-down" issues as they related to holders of equity interests. Seeking confirmation of a Plan which radically alters the distribution to Classes 7, 8 and 9 before votes are tallied, puts this Court and the parties to the expense and burden of litigating objections to the Plan which may be mooted by subsequent voting. If all classes of claims vote to accept the Plan litigating cram down objections is a wholly unnecessary waste of judicial and party resources. Similarly, if Classes 7 and 9 vote to reject the Plan, those classes should have an opportunity to object to the amended Plan and their objections may obviate the need to litigate the objections to the Plan the holders of QUIPs have already interposed or may cause the Debtor not to seek the confirmation of the amended Plan at all.

8.   Finally, neither the Debtor nor this estate will be prejudiced by the required adjournment. The amended Plan cannot be confirmed until Classes 7, 8 and 9 are resolicited. Moreover, all of the factual and legal issues joined by the Plan, the objections already interposed to the Plan and the Debtor's eleventh hour amendments to the Plan cannot be resolved in one day.

Wherefore, for the foregoing reasons, Indenture Trustee respectfully requests that the confirmation hearing be adjourned until the September 15, 2004 omnibus hearing, or such other time as the Court deems just and proper.

Dated:  August 18, 2004                    SMITH, KATZENSTEIN & FURLOW, LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email:  Kmiller@skfdelaware.com

-and-

NIXON PEABODY LLP
John V. Snellings (BBO No. 548791)
Francis C. Morrissey (BBO No. 567589)
Lee Harrington (DE  No. 4046)
100 Summer Street
Boston, MA  02110
Telephone:  (617) 345-1201
Facsimile: (617) 866) 947-1732

Counsel for Law Debenture Trust Company
of New York

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this **18th** day of **August, 2004,** a copy of the foregoing *Emergency Motion of Law Debenture Trust Company of New York to Adjourn the Debtor's Confirmation Hearing* was served on the attached 2002 list by first class mail.

            /s/ Kathleen M. Miller
            Kathleen M. Miller