# APP. 17

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | Ref 2024 |

**ORDER (A) APPROVING THE DEBTOR'S SECOND AMENDED AND RESTATED
DISCLOSURE STATEMENT AND SUMMARY DISCLOSURE STATEMENT, (B) SETTING A
RECORD DATE FOR VOTING PURPOSES, (C) AUTHORIZING RESOLICITATION OF
VOTES, (D) SCHEDULING A CONTINUED HEARING ON CONFIRMATION OF SECOND
AMENDED AND RESTATED PLAN OF REORGANIZATION, (E) ESTABLISHING NOTICE
REQUIREMENTS REGARDING THE CONTINUED CONFIRMATION
HEARING AND APPROVING THE FORM AND MANNER OF NOTICE, AND
(F) GRANTING RELATED RELIEF**

UPON the Motion dated August 18, 2004 (the "Motion")[1] of NorthWestern Corporation ("NOR" or the "Debtor"), as debtor and debtor-in-possession, for an Order (A) Approving Debtor's Second Amended and Restated Disclosure Statement and Summary Disclosure Statement; (B) Establishing Procedures for Resolicitation and Tabulation of Votes on Debtor's Second Amended and Restated Plan of Reorganization; (C) Approving the Form and Manner of Notice; and (D) Granting Related Relief; and the Court having "so ordered" the Motion and Order to Shorten Time for Notice and Response (the "Motion to Shorten Time") with respect to the Motion; it appearing from the affidavits of service filed herein that good and sufficient notice under the circumstances of the Motion has been given in accordance with the Motion to Shorten

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

ATL/1056738.4

Time; and sufficient cause appearing therefor; and after due deliberation; **THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The Debtor has provided good and sufficient notice of the Motion, the Second Amended Disclosure Statement and the Summary Disclosure Statement in accordance with Bankruptcy Rules 2002(b) and 3017(a), as modified by this Court by "so ordering" the Motion to Shorten Time with respect to the notice period for the Motion.

**THEREFORE, IT IS HEREBY:**

**ORDERED, that the Motion is GRANTED; and it is further**

**ORDERED**, that the Second Amended Disclosure Statement, and the Summary Disclosure Statement detailing modifications in the Second Amended Disclosure Statement to the First Amended Disclosure Statement previously approved by this Court, are both hereby approved as containing "adequate information" respecting the Second Amended Plan pursuant to Section 1125 of the Bankruptcy Code; and it is further

**ORDERED**, that the notice of the Motion is hereby deemed good and sufficient notice; and it is further

**ORDERED**, that the Record Date of May 26, 2004, as set forth in the First Amended Disclosure Statement Order, shall be the record date pursuant to Bankruptcy Rule 3017(d), for determining which creditors holding claims in the Settling Classes are entitled to receive a Resolicitation Package to vote on the Second Amended Plan; and it is further

**ORDERED**, that the Debtor and Kurtzman Carson Consultants, LLC (the "Balloting Agent") are authorized, pursuant to Section 1125 of the Bankruptcy Code, to resolicit acceptances or rejections of the Second Amended Plan from holders of allowed impaired claims against the Debtor in the Settling Classes by the transmission of a copy of this Order, the

summary Disclosure Statement, a ballot, a pre-addressed postage-paid envelope and any other materials the Debtor deems appropriate (the "Resolicitation Package") to be mailed no later than September 8, 2004; and it is further

ORDERED, that the forms of ballots (the "Ballots") annexed to the Certification of Counsel Seeking Entry of Revised Order dated August 31, 2004 as Exhibit H are hereby approved in all respects and may be used by the Debtor or the Balloting Agent in conjunction with the solicitation of votes on the Second Amended Plan; and it is further

ORDERED, that the Debtor is not required to provide all parties entitled to vote on the Second Amended Plan with another complete copy of the Second Amended Disclosure Statement or the Second Amended Plan, unless they request in writing copies of these documents from the Balloting Agent, *Kurtzman Carson Consultants, LLC, 12910 Culver Boulevard, Suite I, Los Angeles, California 90066-6709, Attention: Christopher R. Schepper, Telephone: (866) 381-9100*; and it is further

ORDERED, that the Debtor shall distribute or cause to be distributed, in respect to claims in Class 7 and Class 8, Resolicitation Packages to each Master Ballot Agent in sufficient number for such Master Ballot Agent to forward a Resolicitation Package to each of the Beneficial Holders for whom such Master Ballot Agent is the registered debt securities holder, and each Master Ballot Agent shall be entitled to reimbursement from the Debtor of its reasonable, actual and necessary out-of-pocket expenses associated with distribution of Resolicitation Packages to the Beneficial Holders and tabulation of Ballots received from the Beneficial Holders and preparation of a Master Ballot; and it is further

ORDERED, that with respect to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents, for purposes of voting, the amount that will be used to tabulate acceptance

or rejection of the Second Amended Plan will be the Record Amount and the following additional rules shall apply to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents:

    a.    votes cast by Beneficial Holders through a Master Ballot Agent will be applied against the positions held by such entities in the applicable debt securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent pursuant to a Master Ballot will not be counted in excess of the Record Amount of debt securities held by such Master Ballot Agent;

    b.    to the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent pursuant to a Master Ballot, Balloting Agent will attempt to reconcile discrepancies with the Master Ballot Agent;

    c.    to the extent that "overvotes" on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and reject the Second Amended Plan in the same proportion as the votes to accept or reject the Second Amended Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable debt security; and

    d.    for purposes of tabulating votes, each Master Ballot Agent or Beneficial Holder of a debt security will be deemed to have voted the principal amount of its Claim relating to such debt security.

**ORDERED**, that (a) all Master Ballots for Class 7, all Master Ballots for Class 8(a), all Master Ballots for Class 8(b) and all Class 9 Ballots must be received by the Tabulation Agent[1] or Balloting Agent, as identified on the applicable Ballot, on or before 5:00 p.m. (PDT), on September 29, 2004 (the "Voting Deadline"), to be counted and (b) any Ballot or Master Ballot which is received after such time will not be counted; and it is further

**ORDERED**, that all Class 9 claimants who elect to become members of the Convenience

---

[1] "Tabulation Agent" shall refer to Bondholder Communications Group. Master Ballots for Class 7, Class 8(a) and Class 8(b) shall be delievered ot the Tabulation Agent at the following address: Bondholder Communications Group, Attn: Nancy Calloway, 30 Broad Street, 46th Floor, New York, New York 10004.

ATL/1056738.4

4

Class shall be deemed to have voted in favor of the Second Amended Plan; and it is further

**ORDERED**, that with respect to Ballots or Master Ballots, as applicable, submitted by a holder of a Claim:

- a. any votes received after the Voting Deadline shall not be counted as either an acceptance or rejection of the Second Amended Plan;

- b. any Ballot which is properly completed, executed and timely returned but does not indicate an acceptance or rejection of the Second Amended Plan and any Ballot in which both the acceptance and rejection boxes are checked shall not be counted as either an acceptance or rejection of the Second Amended Plan;

- c. any Ballot which indicates acceptance or rejection of the Second Amended Plan but which is unsigned shall not be counted as either an acceptance or rejection of the Second Amended Plan;

- d. any Ballot of a Holder of Class 8(b) – Unsecured Subordinated Note Claims represented by the QUIPS Notes that indicates an acceptance of the Second Amended Plan but fails to select either of Option 1 or Option 2 on such Ballot shall be deemed to have selected Option 1;

- e. each creditor shall be deemed to have voted the full amount of its Claim;

- f. solely with respect to Ballots and not with respect to Master Ballots, any Ballots that partially reject or partially accept the Second Amended Plan shall not be counted as either an acceptance or rejection of the Second Amended Plan;

- g. any Ballot received by the Balloting Agent via telecopier, facsimile or other electronic communication shall not be counted as either an acceptance of rejection of the Second Amended Plan; and

- h. if no votes are received with respect to a particular class of Claims that is entitled to vote on the Second Amended Plan, such class shall be deemed to have accepted the Second Amended Plan; and it is further

**ORDERED**, that solely for the purpose of voting to accept or reject the Second Amended Plan, only holders of Claims in the Settling Classes, i.e., holders of Class 7 - Unsecured Note Claims, Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes, Class 8(b) -- Unsecured Subordinated Note Claims represented by the QUIPS

ATL/1056738.4

5

Notes and Class 9 - General Unsecured Claims (each a "Voting Claim"), are impaired and entitled to vote to accept or reject the Second Amended Plan through the resolicitation; and it is further

**ORDERED**, that for voting purposes only and not for the purpose of determining who has an Allowed Claim or who is entitled to receive a Distribution under the Second Amended Plan, and without prejudice to the Debtor's rights in any other context, each holder of a Voting Claim shall have an Allowed Claim, solely for the purpose of voting on the Second Amended Plan, in an amount equal to the lesser of (a) the amount of such Claim as set forth in the schedules of liabilities previously filed by the Debtor (as the same may be amended) as required by Section 521 of the Bankruptcy Code (the "Schedules") or (b) the amount of such Claim as set forth in a timely filed proof of claim. The foregoing procedures are subject to the following exceptions:

a. if a Claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated or disputed on its face, or an objection by the Debtor has been filed to the claim for which a proof of claim has been timely filed and the objection has not been adjudicated, such Claim is temporarily allowed for voting purposes only, and not for purposes of allowance or Distribution, at $1.00;

b. if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, the Debtor proposes that such Claim be temporarily allowed in the amount so estimated or allowed by the Court;

c. if a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, the Debtor proposes that such Claim be temporarily disallowed for voting purposes;

d. if a Claim is not listed in the Schedules and a proof of claim is timely filed, the Debtor proposes that such Claim be temporarily allowed for voting purposes only, and not for purposes of allowance or Distribution, at the liquidated amount on the proof of claim; provided however, if an objection to the Claim has been filed for which a proof of claim has been filed and the objection has not been adjudicated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of

        allowance or Distribution at $1.00; and

e.    if the Debtor has filed and served an objection to a Claim at least twenty (20) days before the expiration of the Voting Deadline, the Debtor proposes that such Claim be temporarily disallowed for voting purposes; and it is further

**ORDERED**, that pursuant to Section 1128 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules, a continued Confirmation Hearing (the "Continued Hearing"), shall be held before the Honorable Charles G. Case, II, United States Bankruptcy Court Judge, at 9:30 a.m. on October 6, 2004, at the United States Bankruptcy Court for the District of Arizona, 2929 N. Central Ave, 9th Floor, Phoenix, Arizona 85012 on October 6, 2004, at 9:30 a.m., or as soon thereafter as counsel can be heard to consider confirmation of the Second Amended Plan; and it is further

**ORDERED**, that the Debtor shall serve a notice of the Continued Hearing, substantially in the form annexed as Exhibit F to the Certification of Counsel Seeking Entry of Revised Order dated August 31, 2004 (the "Continued Hearing Notice"), on or before September 8, 2004, by first class mail upon: (i) all creditors of the Debtor; (ii) all equity and debt security holders of the Debtor; (iii) all entities which are parties to executory contracts or unexpired leases with the Debtor; (iv) all applicable federal, state and local taxing authorities; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the Office of the United States Trustee; (viii) counsel for the Debtor's Pre-Petition Lenders; (ix) counsel for the Debtor's Post-Petition Lenders; (x) counsel for the Official Committee of Unsecured Creditors; (xi) the Federal Energy Regulatory Commission; (xii) the Montana Public Service Commission; (xiii) the South Dakota Public Utilities Commission; (xiv) the Nebraska Public Service Commission; (xv) the

Environmental Protection Agency; and (xvi) all parties that have requested special notice in this Chapter 11 case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"); and it is further

**ORDERED**, that the Debtor shall cause the Continued Hearing Notice to be published once in each of the publications listed as Exhibit E to the Motion as soon as practical; and it is further

**ORDERED**, that the Continued Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by an announcement of the adjourned date at the Continued Hearing; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: Wilmington, Delaware
September 1, 2004

_____
Honorable Charles G. Case, II
United States Bankruptcy Judge

ATL/1056738.4

8