# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |

### ORDER (A) APPROVING THE DEBTOR'S SECOND AMENDED AND RESTATED DISCLOSURE STATEMENT AND SUMMARY DISCLOSURE STATEMENT, (B) SETTING A RECORD DATE FOR VOTING PURPOSES, (C) AUTHORIZING RESOLICITATION OF VOTES, (D) SCHEDULING A CONTINUED HEARING ON CONFIRMATION OF SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION, (E) ESTABLISHING NOTICE REQUIREMENTS REGARDING THE CONTINUED CONFIRMATION HEARING AND APPROVING THE FORM AND MANNER OF NOTICE, AND (F) GRANTING RELATED RELIEF

UPON the Motion dated August 18, 2004 (the "Motion")[1] of NorthWestern Corporation

("NOR" or the "Debtor"), as debtor and debtor-in-possession, for an Order (A) Approving

Debtor's Second Amended and Restated Disclosure Statement and Summary Disclosure

Statement; (B) Establishing Procedures for Resolicitation and Tabulation of Votes on Debtor's

Second Amended and Restated Plan of Reorganization; (C) Approving the Form and Manner of

Notice; and (D) Granting Related Relief; and the Court having "so ordered" the Motion and

Order to Shorten Time for Notice and Response (the "Motion to Shorten Time") with respect to

the Motion; it appearing from the affidavits of service filed herein that good and sufficient notice

---

[1]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

under the circumstances of the Motion has been given in accordance with the Motion to Shorten

Time; and sufficient cause appearing therefor; and after due deliberation; **THE COURT HEREBY FINDS AS FOLLOWS:**

A.    The Debtor has provided good and sufficient notice of the Motion, the Second Amended Disclosure Statement and the Summary Disclosure Statement in accordance with Bankruptcy Rules 2002(b) and 3017(a), as modified by this Court by "so ordering" the Motion to Shorten Time with respect to the notice period for the Motion.

**THEREFORE, IT IS HEREBY:**

**ORDERED, that the Motion is GRANTED; and it is further**

**ORDERED**, that the Second Amended Disclosure Statement, and the Summary Disclosure Statement detailing modifications in the Second Amended Disclosure Statement to the First Amended Disclosure Statement previously approved by this Court, are both hereby approved as containing "adequate information" respecting the Second Amended Plan pursuant to Section 1125 of the Bankruptcy Code; and it is further

**ORDERED**, that the notice of the Motion is hereby deemed good and sufficient notice; and it is further

**ORDERED**, that the Record Date of May 26, 2004, as set forth in the First Amended Disclosure Statement Order, shall be the record date pursuant to Bankruptcy Rule 3017(d), for determining which creditors holding claims in the Settling Classes are entitled to receive a Resolicitation Package to vote on the Second Amended Plan; and it is further

**ORDERED**, that the Debtor and Kurtzman Carson Consultants, LLC (the "Balloting Agent") are authorized, pursuant to Section 1125 of the Bankruptcy Code, to resolicit acceptances or rejections of the Second Amended Plan from holders of allowed impaired claims against the Debtor in the Settling Classes by the transmission of a copy of this Order, the

Ssummary Disclosure Statement, a ballot, a pre-addressed postage-paid envelope and any other

materials the Debtor deems appropriate (the "Resolicitation Package") to be mailed no later than

————————,September 8, 2004; and it is further

ORDERED, that the forms of ballots (the "Ballots") annexed to the

~~Motion~~Certification of Counsel Seeking Entry of Revised Order dated August 31, 2004 as

Exhibit ~~G~~H are hereby approved in all respects and may be used by the Debtor or the Balloting

Agent in conjunction with the solicitation of votes on the Second Amended Plan; and it is further

ORDERED, that the Debtor is not required to provide all parties entitled to vote on the

Second Amended Plan with another complete copy of the Second Amended Disclosure

Statement or the Second Amended Plan, unless they request in writing copies of these documents

from the Balloting Agent, *Kurtzman Carson Consultants, LLC, 12910 Culver Boulevard, Suite I,*

*Los Angeles, California 90066-6709, Attention: Christopher R. Schepper, Telephone: (866) 381-*

*9100;* and it is further

ORDERED, that the Debtor shall distribute or cause to be distributed, in respect to

claims in Class 7 and Class 8, Resolicitation Packages to each Master Ballot Agent in sufficient

number for such Master Ballot Agent to forward a Resolicitation Package to each of the

Beneficial Holders for whom such Master Ballot Agent is the registered debt securities holder,

and each Master Ballot Agent shall be entitled to reimbursement from the Debtor of its

reasonable, actual and necessary out-of-pocket expenses associated with distribution of

Resolicitation Packages to the Beneficial Holders and tabulation of Ballots received from the

Beneficial Holders and preparation of a Master Ballot; and it is further

ORDERED, that with respect to the tabulation of Master Ballots and Ballots cast by

Master Ballot Agents, for purposes of voting, the amount that will be used to tabulate acceptance

or rejection of the Second Amended Plan will be the Record Amount and the following

ATL/1056738.4

additional rules shall apply to the tabulation of Master Ballots and Ballots cast by Master Ballot

Agents:

    a.    votes cast by Beneficial Holders through a Master Ballot Agent will be applied against the positions held by such entities in the applicable debt securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent pursuant to a Master Ballot will not be counted in excess of the Record Amount of debt securities held by such Master Ballot Agent;

    b.    to the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent pursuant to a Master Ballot, Balloting Agent will attempt to reconcile discrepancies with the Master Ballot Agent;

    c.    to the extent that "overvotes" on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and reject the Second Amended Plan in the same proportion as the votes to accept or reject the Second Amended Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable debt security; and

    d.    for purposes of tabulating votes, each Master Ballot Agent or Beneficial Holder of a debt security will be deemed to have voted the principal amount of its Claim relating to such debt security.

    **ORDERED**, that (a) all Master Ballots for Class 7, all Master Ballots for Class 8**(a), all Master Ballots for Class 8(b)** and all Class 9 Ballots must be received by the **Tabulation Agent**[1] **or** Balloting Agent**, as identified on the applicable Ballot,** on or before 5:00 p.m. (PDT), on ――――――**,September 29,** 2004 (the "Voting Deadline"), to be counted and (b) any Ballot or Master Ballot which is received after such time will not be counted; and it is further

    **ORDERED**, that all Class 9 claimants who elect to become members of the Convenience

---

[1] **"Tabulation Agent" shall refer to Bondholder Communications Group. Master Ballots for Class 7, Class 8(a) and Class 8(b) shall be delievered at the Tabulation Agent at the following address: Bondholder Communications Group, Attn: Nancy Calloway, 30 Broad Street, 46th Floor, New York, New York 10004.**

Class shall be deemed to have voted in favor of the Second Amended Plan; and it is further

ORDERED, that with respect to Ballots or Master Ballots, as applicable, submitted by a

holder of a Claim:

a.  any votes received after the Voting Deadline shall not be counted as either an acceptance or rejection of the Second Amended Plan;

b.  any Ballot which is properly completed, executed and timely returned but does not indicate an acceptance or rejection of the Second Amended Plan and any Ballot in which both the acceptance and rejection boxes are checked shall not be counted as either an acceptance or rejection of the Second Amended Plan;

c.  any Ballot which indicates acceptance or rejection of the Second Amended Plan but which is unsigned shall not be counted as either an acceptance or rejection of the Second Amended Plan;

d.  **any Ballot of a Holder of Class 8(b) – Unsecured Subordinated Note Claims represented by the QUIPS Notes that indicates an acceptance of the Second Amended Plan but fails to select either of Option 1 or Option 2 on such Ballot shall be deemed to have selected Option 1;**

e.  each creditor shall be deemed to have voted the full amount of its Claim;

ef.  solely with respect to Ballots and not with respect to Master Ballots, any Ballots that partially reject or partially accept the Second Amended Plan shall not be counted as either an acceptance or rejection of the Second Amended Plan;

fg.  any Ballot received by the Balloting Agent via telecopier, facsimile or other electronic communication shall not be counted as either an acceptance of rejection of the Second Amended Plan; and

gh.  if no votes are received with respect to a particular class of Claims that is entitled to vote on the Second Amended Plan, such class shall be deemed to have accepted the Second Amended Plan; and it is further

ORDERED, that solely for the purpose of voting to accept or reject the Second

Amended Plan, only holders of Claims in the Settling Classes, i.e., holders of Class 7 –

Unsecured Note Claims, Class 8(a) - Unsecured Subordinated Note Claims, **represented by the**

**TOPrS Notes, Class 8(b) – Unsecured Subordinated Note Claims represented by the**

**QUIPS Notes** and Class 9 - General Unsecured Claims (each a "Voting Claim"), are impaired and entitled to vote to accept or reject the Second Amended Plan through the resolicitation; and it is further

ORDERED, that for voting purposes only and not for the purpose of determining who has an Allowed Claim or who is entitled to receive a Distribution under the Second Amended Plan, and without prejudice to the Debtor's rights in any other context, each holder of a Voting Claim shall have an Allowed Claim, solely for the purpose of voting on the Second Amended Plan, in an amount equal to the lesser of (a) the amount of such Claim as set forth in the schedules of liabilities previously filed by the Debtor (as the same may be amended) as required by Section 521 of the Bankruptcy Code (the "Schedules") or (b) the amount of such Claim as set forth in a timely filed proof of claim. The foregoing procedures are subject to the following exceptions:

    a.    if a Claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated or disputed on its face, or an objection by the Debtor has been filed to the claim for which a proof of claim has been timely filed and the objection has not been adjudicated, such Claim is temporarily allowed for voting purposes only, and not for purposes of allowance or Distribution, at $1.00;

    b.    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, the Debtor proposes that such Claim be temporarily allowed in the amount so estimated or allowed by the Court;

    c.    if a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, the Debtor proposes that such Claim be temporarily disallowed for voting purposes;

    d.    if a Claim is not listed in the Schedules and a proof of claim is timely filed, the Debtor proposes that such Claim be temporarily allowed for voting purposes only, and not for purposes of allowance or Distribution, at the liquidated amount on the proof of claim; provided however, if an objection to the Claim has been filed for which a proof of claim has been filed and the objection has not been adjudicated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of

allowance or Distribution at $1.00; and

c.    if the Debtor has filed and served an objection to a Claim at least twenty (20) days before the expiration of the Voting Deadline, the Debtor proposes that such Claim be temporarily disallowed for voting purposes; and it is further

**ORDERED**, that pursuant to Section 1128 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules, a continued Confirmation Hearing (the "Continued Hearing"), shall be held before the Honorable Charles G. Case, II, United States Bankruptcy Court Judge, at ~~———~~,**9:30 a.m.** on ~~————~~,**October 6,** 2004, at the United States Bankruptcy Court for the District of ~~Delaware, Courtroom #___, 824 Market Street, ___ Floor, Wilmington, Delaware 19801,~~**Arizona, 2929 N. Central Ave, 9th Floor, Phoenix, Arizona 85012 on October 6, 2004, at 9:30 a.m.,** or as soon thereafter as counsel can be heard to consider confirmation of the Second Amended Plan; and it is further

**ORDERED**, that the Debtor shall serve a notice of the Continued Hearing, substantially in the form annexed as Exhibit ~~D to the Motion~~**F to the Certification of Counsel Seeking Entry of Revised Order dated August 31, 2004** (the "Continued Hearing Notice"), on or before ~~————~~,**September 8,** 2004, by first class mail upon: (i) all creditors of the Debtor; (ii) all equity and debt security holders of the Debtor; (iii) all entities which are parties to executory contracts or unexpired leases with the Debtor; (iv) all applicable federal, state and local taxing authorities; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the Office of the United States Trustee; (viii) counsel for the Debtor's Pre-Petition Lenders; (ix) counsel for the Debtor's Post-Petition Lenders; (x) counsel for the Official Committee of Unsecured Creditors; (xi) the Federal Energy Regulatory Commission; (xii) the

Montana Public Service Commission; (xiii) the South Dakota Public Utilities Commission; (xiv) the Nebraska Public Service Commission; (xv) the Environmental Protection Agency; and (xvi) all parties that have requested special notice in this Chapter 11 case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"); and it is further

ORDERED, that the Debtor shall cause the Continued Hearing Notice to be published once in each of the publications listed as Exhibit E to the Motion as soon as practical; and it is further

ORDERED, that the Continued Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by an announcement of the adjourned date at the Continued Hearing; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: Wilmington, Delaware
        ——·——**September**   , 2004

————————————————————————
Honorable Charles G. Case, II
United States Bankruptcy Judge

Document comparison done by DeltaView on Tuesday, August 31, 2004 7:28:03 PM

| Input | |
|---|---|
| Document 1 | pcdocs://atlanta/1056738/1 |
| Document 2 | pcdocs://atlanta/1056738/4 |
| Rendering set | PHJW Standard |

| Legend | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 29 |
| Deletions | 20 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 49 |

# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF (1) CONTINUED HEARING ON CONFIRMATION OF THE DEBTOR'S
SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION AND
RELATED MATTERS, AND (2) THE TIME WITHIN WHICH BALLOTS
REFLECTING ACCEPTANCES OR REJECTIONS OF THE
PLAN MUST BE RECEIVED**

**PLEASE TAKE NOTICE**, that pursuant to an Order of the Honorable Charles

G. Case, II, United States Bankruptcy Court Judge dated September ____, 2004 (the

"Resolicitation Order"), approving the Motion of NorthWestern Corporation for an

Order: (A) Approving Debtor's Second Amended Disclosure Statement (the "Second

Amended Disclosure Statement") and Summary Disclosure Statement (the "Summary

Disclosure Statement"); (B) Establishing Procedures for Limited Resolicitation and

Tabulation of Votes on Debtor's Second Amended and Restated Plan of Reorganization

(the "Second Amended Plan"); (C) Approving the Form and Manner of Notice; and (D)

Granting Related Relief (the "Motion"); the Summary Disclosure Statement has been

transmitted in accordance with the Resolicitation Order, Section 1125 of the Bankruptcy

Code, and Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  Pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy

Rules 3017 and 3018, the Debtor was authorized to resolicit, and is resoliciting,

acceptances or rejections of the Second Amended Plan from holders of allowed, impaired

claims in Class 7, Class 8(a), Class 8(b) and Class 9 (the "Settling Classes") against the

Debtor, by the transmission of a copy of the Resolicitation Order, the Summary

Disclosure Statement, a ballot, a pre-addressed postage-paid envelope and any other materials the Debtor deems appropriate (the "Resolicitation Package").

PLEASE TAKE FURTHER NOTICE, that a continued hearing to consider confirmation of the Second Amended Plan and granting related relief shall be held before the Honorable Charles G. Case, II, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the District of Arizona, 2929 N. Central Ave, 9th Floor, Phoenix, Arizona 85012 on October 6, 2004, at 9:30 a.m., or as soon thereafter as counsel can be heard (the "Continued Hearing").

**PLEASE TAKE FURTHER NOTICE, THAT ALL MASTER BALLOTS OF CLASS 7, CLASS 8(a) and CLASS 8(b) CREDITORS CONTAINING ACCEPTANCES OR REJECTIONS OF THE SECOND AMENDED PLAN MUST BE RECEIVED BY THE DEBTOR'S TABULATION AGENT, BONDHOLDER COMMUNICATIONS GROUP ON OR BEFORE 5:00 P.M. (PDT) SEPTEMBER 29, 2004 (THE "VOTING DEADLINE") AS FOLLOWS:**

> **BONDHOLDER COMMUNICATIONS GROUP**
> **ATTN: NANCY CALLOWAY**
> **30 BROAD STREET, 46TH FLOOR**
> **NEW YORK, NEW YORK 10004**

**PLEASE TAKE FURTHER NOTICE, THAT ALL BALLOTS OF CLASS 9 CREDITORS CONTAINING ACCEPTANCES OR REJECTIONS OF THE SECOND AMENDED PLAN MUST BE RECEIVED BY THE DEBTOR'S BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC ON OR BEFORE 5:00 P.M. (PDT) SEPTEMBER 29, 2004 (THE "VOTING DEADLINE") AS FOLLOWS:**

> **NORTHWESTERN BALLOTING**
> **C/O KURTZMAN CARSON CONSULTANTS LLC**
> **12910 CULVER BLVD., SUITE I**
> **LOS ANGELES, CALIFORNIA 90066-6709**

PLEASE TAKE FURTHER NOTICE, that pursuant to the Resolicitation Order, only holders of Class 7 – Unsecured Note Claims, Class 8(a) and Class 8(b) – Unsecured Subordinated Note Claims, and Class 9 – General Unsecured Claims

2

(collectively, the "Voting Claims") are impaired and entitled to vote to accept or reject the Second Amended Plan through the resolicitation. Each holder of a voting claim shall have an allowed claim, solely for the purpose of voting on the Second Amended Plan, in an amount equal to the lesser of (a) the amount of such claim as set forth in the schedules of liabilities previously filed by the Debtor (as the same may be amended) as required by Section 521 of the Bankruptcy Code (the "Schedules"), or (b) the amount of such claim as set forth in a timely filed proof of claim. The foregoing procedures is subject to the following exceptions:

a.  if a claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated or disputed on its face, or an objection by the Debtor has been filed to the claim for which a proof of claim has been timely filed and the objection has not been adjudicated, such claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

b.  if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the Debtor proposes that such claim be temporarily allowed in the amount so estimated or allowed by the Court;

c.  if a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, the Debtor proposes that such claim be temporarily disallowed for voting purposes;

d.  if a claim is not listed in the Schedules and a proof of claim is timely filed, the Debtor proposes that such claim be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at the liquidated amount on the proof of claim; provided however, if an objection to the claim has been filed for which a proof of claim has been filed and the objection has not been adjudicated, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution at $1.00; and

e.  if the Debtor has filed and served an objection to a claim at least twenty (20) days before the expiration of the initial Voting Deadline as approved in the Resolicitation Order, the Debtor proposes that such claim be temporarily disallowed for voting purposes.

**PLEASE TAKE FURTHER NOTICE**, that (a) any Ballots received after the Voting Deadline shall not be counted as either an acceptance or rejection of the Second

Amended Plan, (b) any Ballot which is executed but does not indicate an acceptance or rejection of the Second Amended Plan and any Ballot in which both the acceptance and rejection boxes are checked shall not be counted as either an acceptance or rejection of the Second Amended Plan, (c) any Ballot which indicates acceptance or rejection of the Second Amended Plan but which is unsigned shall not be counted as either an acceptance or rejection of the Second Amended Plan, (d) each creditor shall be deemed to have voted the full amount of its claim, (e) any Ballots that partially reject or partially accept the Second Amended Plan shall not be counted as either an acceptance or rejection of the Second Amended Plan, (f) only Ballots received by hand or mail delivery will be counted and Ballots received by facsimile or other electronic communication shall not be counted as either an acceptance or rejection of the Second Amended Plan, (g) if more than one Ballot voting the same claim is cast prior to the Voting Deadline, the last Ballot received by the Balloting Agent before the Voting Deadline will supersede any prior Ballots, and (h) if no votes are received with respect to a particular class of claim or interests that is entitled to vote on the Second Amended Plan, such class will be deemed to have accepted the Second Amended Plan.

**PLEASE TAKE FURTHER NOTICE**, that the Resolicitation Voting Record Date for purposes of voting on the Second Amended Plan and receiving notice of the Continued Hearing with respect to any claims or any publicly traded debt security of the Debtor shall be May 26, 2004.

**PLEASE TAKE FURTHER NOTICE**, that the Second Amended Plan and the Second Amended Disclosure Statement with respect to the Second Amended Plan are on file with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market

Street, Wilmington, Delaware 19801, and may be examined by any party-in-interest at any time during regular business hours, or a copy thereof may be obtained by submitting a written request for such documents to the Debtor's Balloting Agent: Kurtzman Carson Consultants LLC, 12910 Culver Blvd., Suite I, Los Angeles, California 90066-6709; Attn: NorthWestern Balloting, or by viewing the documents on the Balloting Agent's website at http://www.kccllc.net/northwestern. In addition, copies of the Second Amended Plan and Second Amended Disclosure Statement may be viewed on the Debtor's website, www.northwestern.com, or hard copies may be requested by contacting Tammy Lydic, Manager-Investor Communications, at 605-782-5345.

**PLEASE TAKE FURTHER NOTICE**, that any new objections to the confirmation of the Second Amended Plan, specifically those of Law Debenture Trust Company of New York and Magten Asset Management Corporation, must be filed on or before September 15, 2004 at 4:00 p.m. (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 (the "Court"). At the same time, you must also serve a copy of such objection upon the undersigned counsel to the Debtor so that the response is received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE**, that the Continued Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than an announcement of the adjourned date at the Continued Hearing.

[SIGNATURE ON NEXT PAGE]

Dated: Wilmington, Delaware
August __, 2004

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP

_____

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

# EXHIBIT G

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (CGC) |
| Debtor. | |

## NOTICE OF (1) CONTINUED HEARING ON CONFIRMATION OF THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION AND RELATED MATTERS, AND (2) THE TIME WITHIN WHICH BALLOTS REFLECTING ACCEPTANCES OR REJECTIONS OF THE PLAN MUST BE RECEIVED

**PLEASE TAKE NOTICE**, that pursuant to an Order of the Honorable Charles G. Case, II, United States Bankruptcy Court Judge dated ~~August [~~September    ]~~, 2004 (the "Resolicitation Order"), approving the Motion of NorthWestern Corporation for an Order: (A) Approving Debtor's Second Amended Disclosure Statement (the "Second Amended Disclosure Statement") and Summary Disclosure Statement (the "Summary Disclosure Statement"); (B) Establishing Procedures for Limited Resolicitation and Tabulation of Votes on Debtor's Second Amended and Restated Plan of Reorganization (the "Second Amended Plan"); (C) Approving the Form and Manner of Notice; and (D) Granting Related Relief (the "Motion"); the Summary Disclosure Statement has been transmitted in accordance with the Resolicitation Order, Section 1125 of the Bankruptcy Code, and Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, the Debtor was authorized to resolicit, and is resoliciting, acceptances or rejections of the Second Amended Plan from holders of allowed, impaired claims in Class 7, Class 8**(a), Class 8(b)** and Class 9 (the "Settling Classes") against the Debtor, by the transmission of a copy of the Resolicitation Order,

the Summary Disclosure Statement, a ballot, a pre-addressed postage-paid envelope and

any other materials the Debtor deems appropriate (the "Resolicitation Package").

　　　　**PLEASE TAKE FURTHER NOTICE**, that a continued hearing to consider

confirmation of the Second Amended Plan and granting related relief shall be held before

the Honorable Charles G. Case, II, United States Bankruptcy Court Judge, at the United

States Bankruptcy Court for the District of ~~Delaware, Courtroom #___, 824 Market~~

~~Street, ___ Floor, Wilmington, Delaware 19801 on September [___], 2004, at~~

~~____~~ **Arizona, 2929 N. Central Ave, 9th Floor, Phoenix, Arizona 85012 on October**

**6, 2004, at 9:30 a.m.**, or as soon thereafter as counsel can be heard (the "Continued

Hearing").

　　　　**PLEASE TAKE FURTHER NOTICE, THAT ALL ~~BALLOTS~~MASTER**
**BALLOTS OF CLASS 7, CLASS 8(a) and CLASS 8(b) CREDITORS**
**CONTAINING ACCEPTANCES OR REJECTIONS OF THE SECOND**
**AMENDED PLAN MUST BE RECEIVED BY THE DEBTOR'S TABULATION**
**AGENT, BONDHOLDER COMMUNICATIONS GROUP ON OR BEFORE 5:00**
**P.M. (PDT) SEPTEMBER 29, 2004 (THE "VOTING DEADLINE") AS**
**FOLLOWS:**

　　　　　　　　**BONDHOLDER COMMUNICATIONS GROUP**
　　　　　　　　**ATTN: NANCY CALLOWAY**
　　　　　　　　**30 BROAD STREET, 46TH FLOOR**
　　　　　　　　**NEW YORK, NEW YORK 10004**

　　　　**PLEASE TAKE FURTHER NOTICE, THAT ALL BALLOTS OF CLASS 9**
**CREDITORS CONTAINING ACCEPTANCES OR REJECTIONS OF THE**
**SECOND AMENDED PLAN MUST BE RECEIVED BY THE DEBTOR'S**
**BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC ON OR**
**BEFORE 5:00 P.M. (PDT) SEPTEMBER [___],29, 2004 (THE "VOTING**
**DEADLINE") AS FOLLOWS:**

　　　　　　　　NORTHWESTERN BALLOTING
　　　　　　　　C/O KURTZMAN CARSON CONSULTANTS LLC
　　　　　　　　12910 CULVER BLVD., SUITE I
　　　　　　　　LOS ANGELES, CALIFORNIA 90066-6709

　　　　**PLEASE TAKE FURTHER NOTICE**, that pursuant to the Resolicitation

　　　　　　　　　　　　2

Order, only holders of Class 7 – Unsecured Note Claims, Class 8(a) and Class 8(b) –

Unsecured Subordinated Note Claims, and Class 9 – General Unsecured Claims

(collectively, the "Voting Claims") are impaired and entitled to vote to accept or reject

the Second Amended Plan through the resolicitation. Each holder of a voting claim shall

have an allowed claim, solely for the purpose of voting on the Second Amended Plan, in

an amount equal to the lesser of (a) the amount of such claim as set forth in the schedules

of liabilities previously filed by the Debtor (as the same may be amended) as required by

Section 521 of the Bankruptcy Code (the "Schedules"), or (b) the amount of such claim

as set forth in a timely filed proof of claim. The foregoing procedures is subject to the

following exceptions:

a.   if a claim for which a proof of claim has been timely filed is marked as, or
     is by its terms, contingent, unliquidated or disputed on its face, or an
     objection by the Debtor has been filed to the claim for which a proof of
     claim has been timely filed and the objection has not been adjudicated,
     such claim is temporarily allowed for voting purposes only, and not for
     purposes of allowance or distribution, at $1.00;

b.   if a claim has been estimated or otherwise allowed for voting purposes by
     order of the Court, the Debtor proposes that such claim be temporarily
     allowed in the amount so estimated or allowed by the Court;

c.   if a claim is listed in the Schedules as contingent, unliquidated or disputed
     and a proof of claim was not timely filed, the Debtor proposes that such
     claim be temporarily disallowed for voting purposes;

d.   if a claim is not listed in the Schedules and a proof of claim is timely filed,
     the Debtor proposes that such claim be temporarily allowed for voting
     purposes only, and not for purposes of allowance or distribution, at the
     liquidated amount on the proof of claim; provided however, if an objection
     to the claim has been filed for which a proof of claim has been filed and
     the objection has not been adjudicated, such claim shall be temporarily
     allowed for voting purposes only, and not for purposes of allowance or
     distribution at $1.00; and

e.   if the Debtor has filed and served an objection to a claim at least twenty
     (20) days before the expiration of the initial Voting Deadline as approved
     in the Resolicitation Order, the Debtor proposes that such claim be
     temporarily disallowed for voting purposes.

**PLEASE TAKE FURTHER NOTICE**, that (a) any Ballots received after the Voting Deadline shall not be counted as either an acceptance or rejection of the Second Amended Plan, (b) any Ballot which is executed but does not indicate an acceptance or rejection of the Second Amended Plan and any Ballot in which both the acceptance and rejection boxes are checked shall not be counted as either an acceptance or rejection of the Second Amended Plan, (c) any Ballot which indicates acceptance or rejection of the Second Amended Plan but which is unsigned shall not be counted as either an acceptance or rejection of the Second Amended Plan, (d) each creditor shall be deemed to have voted the full amount of its claim, (e) any Ballots that partially reject or partially accept the Second Amended Plan shall not be counted as either an acceptance or rejection of the Second Amended Plan, (f) only Ballots received by hand or mail delivery will be counted and Ballots received by facsimile or other electronic communication shall not be counted as either an acceptance or rejection of the Second Amended Plan, (g) if more than one Ballot voting the same claim is cast prior to the Voting Deadline, the last Ballot received by the Balloting Agent before the Voting Deadline will supersede any prior Ballots, and (h) if no votes are received with respect to a particular class of claim or interests that is entitled to vote on the Second Amended Plan, such class will be deemed to have accepted the Second Amended Plan.

**PLEASE TAKE FURTHER NOTICE**, that the Resolicitation Voting Record Date for purposes of voting on the Second Amended Plan and receiving notice of the Continued Hearing with respect to any claims or any publicly traded debt security of the Debtor shall be May 26, 2004.

**PLEASE TAKE FURTHER NOTICE**, that the Second Amended Plan and the

Second Amended Disclosure Statement with respect to the Second Amended Plan are on file with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, and may be examined by any party-in-interest at any time during regular business hours, or a copy thereof may be obtained by submitting a written request for such documents to the Debtor's Balloting Agent:  Kurtzman Carson Consultants LLC, 12910 Culver Blvd., Suite I, Los Angeles, California 90066-6709; Attn: NorthWestern Balloting, or by viewing the documents on the Balloting Agent's website at http://www.kccllc.net/northwestern.  **In addition, copies of the Second Amended Plan and Second Amended Disclosure Statement may be viewed on the Debtor's website, www.northwestern.com, or hard copies may be requested by contacting Tammy Lydic, Manager-Investor Communications, at 605-782-5345.**

**PLEASE TAKE FURTHER NOTICE, that any new objections to the confirmation of the Second Amended Plan, specifically those of Law Debenture Trust Company of New York and Magten Asset Management Corporation, must be filed on or before September 15, 2004 at 4:00 p.m. (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 (the "Court").  At the same time, you must also serve a copy of such objection upon the undersigned counsel to the Debtor so that the response is received on or before the Objection Deadline.**

**PLEASE TAKE FURTHER NOTICE**, that the Continued Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than an announcement of the adjourned date at the Continued Hearing.

[SIGNATURE ON NEXT PAGE]

Dated: Wilmington, Delaware
        August __, 2004

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone:  (404) 815-2400

and

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone:  (302) 661-7000

Document comparison done by DeltaView on Tuesday, August 31, 2004 7:21:27 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://atlanta/1053580/3 |
| Document 2 | pcdocs://atlanta/1053580/6 |
| Rendering set | PHJW Standard |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 17 |
| Deletions | 8 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 27 |

# EXHIBIT H

[Beneficial Ballot for Class 7 - Unsecured Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NORTHWESTERN CORPORATION,** | : | **Case No. 03-12872 (CGC)** |
| | : | |
| Debtor. | : | |
| | : | |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### FOR USE BY BENEFICIAL OWNERS OF CLASS 7 - UNSECURED NOTES CUSIP 668074AG2, 668074AJ6, 668074AB3, 61208HAC8, 61208HAA2 AND 61208HAB0

## RECORD DATE: MAY 26, 2004

> **BALLOTS MUST BE RETURNED TO THE MASTER BALLOT AGENT (AS DEFINED BELOW) SUFFICIENTLY IN ADVANCE OF THE VOTING DEADLINE OF 5:00 P.M. PDT, ON SEPTEMBER 29, 2004, TO ALLOW THE BROKERAGE FIRM, BANK, TRUST COMPANY OR OTHER NOMINEE HOLDING YOUR BONDS (THE "MASTER BALLOT AGENT") TIME TO TABULATE YOUR VOTE AND FORWARD SUCH TABULATION TO THE TABULATION AGENT.**

This Ballot is submitted to you to solicit your vote to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's First Amended Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and your vote to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class that vote on the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004, to allow the brokerage firm, bank, trust company or other nominee holding your bonds (the "Master Ballot Agent") time to tabulate your vote and forward such tabulation to the Tabulation Agent

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THE UNSECURED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

[Beneficial Ballot for Class 7 - Unsecured Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
**[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 THROUGH 5. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Classification and Amount.** The undersigned, holder(s) of Class 7 - Unsecured Note Claims under the Plan, is (are) the beneficial owner(s) of Unsecured Notes in an account maintained with the Master Ballot Agent (*i.e.*, the broker, nominee or other agent) from which the undersigned received this Ballot in the aggregate unpaid principal amount of:

| Account Number | CUSIP Number of Unsecured Notes | Principal Amount of Unsecured Notes |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

\* Please attach additional sheets if necessary.

_____

Name of Broker, Nominee or Other Agent

**Item 2. Vote.** The undersigned, holder(s) of Class 7 - Unsecured Note Claims under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only – if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ **Accept** the Plan.     ☐ **Reject** the Plan.

**Item 3. Vote.** *Article X of the Plan provides for certain releases and injunctions, including releases of certain nondebtor entities (collectively, the "Releases"), as provided in the Plan upon the occurrence of the Effective Date.* The undersigned, holder(s) of Class 7 - Unsecured Note Claims under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only):

☐ **Accept** the Releases. ☐ **Reject** the Releases.

**Item 4. Certification Regarding Votes Cast on Other Ballots in Respect of Claims in Class 7 Under the Plan.** If the beneficial owner(s) on behalf of which this Ballot is being cast (each, a "Beneficial Owner") has (have) cast other Ballots on account of the beneficial ownership of any Unsecured Notes, the undersigned certifies (certify) that those other Ballots have been voted in the same manner as the Beneficial Owner(s) voted on this Ballot (*i.e.*, to either accept or reject the Plan). The undersigned further certifies (certify) that the requisite information regarding any other Ballots cast by the Beneficial Owner(s) has been included in the table below (or on additional sheets attached hereto). Do not include in the following table information relating to Claims being voted on this Ballot. Only information relating to other Ballots cast by the Beneficial Owner(s) should be identified in this Item 4. Please attach additional sheets if necessary.

[Beneficial Ballot for Class 7 - Unsecured Note Claims]
(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

| Other Ballots Cast in Respect of Class 7 - Unsecured Note Claims | | | |
|---|---|---|---|
| | Beneficial Owner's Name or Record Holder Customer Account Number(s) | Master Ballot Agent Through Which Unsecured Notes Are Held | CUSIP Number of Other Unsecured Notes | Aggregate Principal Amount of Other Unsecured Notes Held and Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

To be counted, a Beneficial Owner must vote all of its Class 7 - Unsecured Note Claims to either accept or reject the Plan and to accept or reject the Releases. No split votes (i.e., partially accept and partially reject) with respect to the Plan and the Releases will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Ballot and other Ballots in respect of Class 7 - Unsecured Note Claims, those Ballots will not be counted.

**Item 5. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) prior receipt of the Summary Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the Class 7 - Unsecured Notes voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan, and accept or reject the Releases, as indicated on this Ballot on behalf of the Beneficial Owner(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

If the Class 7 - Unsecured Note Claims voted herein are held by more than one Beneficial Owner, all such Beneficial Owners must sign below. Please attach additional signature sheets if more than one Beneficial Owner is voting by means of this Ballot.

_____
Name of Beneficial Owner

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Beneficial Ballot for Class 7 - Unsecured Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot.

2.  Please indicate your acceptance or rejection of the Releases in the boxes provided in Item 3 of the Ballot. *If you vote to accept the Releases you are specifically consenting to certain releases and injunctions contained in Article X of the Plan, including releases of certain nondebtor entities, as provided in the Plan upon the occurrence of the Effective Date.* Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Master Ballot Agent (*i.e.*, broker, bank, nominee or other agent) at the address indicated on the enclosed envelope.

    **Ballots must be returned to the Master Ballot Agent sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004 (the "Voting Deadline"), to allow the Master Ballot Agent to tabulate your vote and forward your vote to the Tabulation Agent.** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Master Ballot Agent is enclosed for your convenience.

3.  You should receive more than one Ballot if you are the Beneficial Owner of Unsecured Notes held in street name through more than one Master Ballot Agent, or if you are the Beneficial Owner of Unsecured Notes registered in your own name as well as the Beneficial Owner of Unsecured Notes registered in street name. **Each Ballot you receive is for voting only your Claim described on the Ballot. The attached Ballot is designated only for voting of Class 7 - Unsecured Note Claims by Beneficial Owners of Unsecured Notes held in street name through the Master Ballot Agent. Please complete and return each Ballot you receive. You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan.** Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will not be counted.

4.  If you have cast additional Ballots on account of the beneficial ownership of any Unsecured Notes, you must complete Item 4. With respect to any additional Ballots, please provide the following with respect to other Unsecured Note Claims: (i) your name as Beneficial Owner of the Unsecured Notes being voted or the account number under which such Unsecured Notes are held; (ii) the name of the broker, nominee or other agent account that corresponds to your name or account number; (iii) the CUSIP number of the other Unsecured Notes; and (iv) the aggregate principal amount of Unsecured Notes by account. One line should be used to identify each such separate account or Claim. Do not include in Item 4 information relating to Claims being voted on the same Ballot in Item 2. Only information relating to other Ballots voted on account of the beneficial ownership of any Unsecured Notes should be included in Item 4. Please note that *all* of your holdings of Unsecured Notes (if held in more than one account) must be identified in Items 1 and 4 so that *all* such Claims will be voted to either accept or reject the Plan.

5.  Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Notice of (1) Hearing to Consider Continued Hearing on Confirmation of the Debtor's Plan of Reorganization and Related Matters, and (2) the time within which Ballots Reflecting Acceptances or Rejections of the Plan Must be Received, which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context (*e.g.*, the right of the Debtor to contest the amount or validity of any Claim for purposes of allowance under the Plan). Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance

[Beneficial Ballot for Class 7 - Unsecured Note Claims]
(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

with the Tabulation Rules. If you identify a lesser amount in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

6.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. *Holders of Unsecured Notes should not surrender certificates representing their Unsecured Notes at this time, and the Debtor will not accept delivery of any such certificates transmitted together with a Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after Confirmation of the Plan by the Bankruptcy Court.

7.    The Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

8.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received by the Master Ballot Agent will supersede any prior Ballots.

PLEASE RETURN YOUR BALLOT PROMPTLY.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT
THE MASTER BALLOT AGENT OR
THE TABULATION AGENT AT (888) 385-2663.**

[Master Ballot for Class 7 - Unsecured Note Claims]
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |
| | : | |

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### FOR USE BY BROKERS, NOMINEES AND OTHER AGENTS OR NOMINEES
### FOR BENEFICIAL OWNERS CLASS 7 - UNSECURED NOTES CUSIP 668074AG2, 668074AJ6,
### 668074AB3, 61208HAC8, 61208HAA2 AND 61208HAB0

## RECORD DATE: MAY 26, 2004

---

### THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
### 5:00 P.M. PDT, ON SEPTEMBER 29, 2004

---

This Master Ballot is to be used by brokerage firms, banks, trust companies and other nominees for summarizing votes cast by beneficial owners holding Class 7 - Unsecured Notes to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), modifying the Debtor's Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the accompanying instructions that are not otherwise defined have the meanings given to them in the Plan.

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO TRANSMIT VOTES TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THEIR UNSECURED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

[Master Ballot for Class 7 - Unsecured Note Claims]
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

**Item 1. Tabulation of Beneficial Owner Voting.** The undersigned certifies that:

a. **Plan Acceptances.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Plan; and

b. **Plan Rejections.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Plan; and

c. **Releases Acceptances.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Releases; and

d. **Releases Rejections.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Releases.

**Item 2. Beneficial Owner Information.** The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the beneficial owners of Unsecured Notes, as identified by their respective account numbers, that have delivered duly completed Individual Ballots to the undersigned voting to accept or reject the Plan and to accept or reject the Releases.

(Please complete the information requested below. Attach additional sheets if necessary.)

| Your Customer Account Number for Each Beneficial Owner | CUSIP Number of Unsecured Notes Voted | Principal Amount of Unsecured Notes Voted | | | |
|---|---|---|---|---|---|
| | | To Accept the Plan | To Reject the Plan | To Accept the Releases | To Reject the Releases |
| 1. | | $ | $ | $ | $ |
| 2. | | $ | $ | $ | $ |
| 3. | | $ | $ | $ | $ |
| 4. | | $ | $ | $ | $ |
| 5. | | $ | $ | $ | $ |
| 6. | | $ | $ | $ | $ |
| 7. | | $ | $ | $ | $ |
| 8. | | $ | $ | $ | $ |
| 9. | | $ | $ | $ | $ |

**Item 3. Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Individual Ballot received from a beneficial owner of Unsecured Notes.

[Master Ballot for Class 7 - Unsecured Note Claims]
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

(Please complete the information requested below.  Attach additional sheets if necessary.)

| Information to Be Transcribed from Item 4 of Customers' Individual Ballots Regarding other Ballots Cast in Respect of Unsecured Noteholder Claims | | | | |
|---|---|---|---|---|
| Your Customer Account Number | Beneficial Owner's Name or Customer Account Number for Other Account | Name of Broker, Nominee or Other Agent for Other Account (If Applicable) | CUSIP Number of Unsecured Notes | Principal Amount of Unsecured Notes |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**Item 4. Additional Certifications.** The undersigned certifies that each beneficial owner whose votes are being transmitted by this Master Ballot has been provided with a copy of the Summary Disclosure Statement and the other applicable solicitation materials and that the Individual Ballot received from each beneficial owner or a copy thereof is and will remain on file with the undersigned subject to inspection for a period of one year following the Voting Deadline.

**Item 5. Registered Owner.** The undersigned certifies that it is the registered owner in its own name or through a position held at a securities depository of the Unsecured Notes identified in Item 2 above.

_____
Name of Master Ballot Agent

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Master Ballot for Class 7 - Unsecured Note Claims]
[CUSIP 668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE MASTER BALLOT

1.  Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to Bondholder Communications Group (the "Tabulation Agent") at the following address:

    **Bondholder Communications Group**
    **Attn: Nancy Calloway**
    **30 Broad Street, 46th Floor**
    **New York, New York 10004**

    **Master Ballots must be *received* by the Tabulation Agent by 5:00 p.m. PDT, on September 29, 2004 (the "Voting Deadline").** If a Master Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Tabulation Agent is enclosed for your convenience.

2.  The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan. *Holders of Unsecured Notes should not surrender certificates representing their Unsecured Notes at this time, and neither the Debtor nor the Tabulation Agent will accept delivery of any such certificates transmitted together with a Master Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after confirmation of the Plan by the Bankruptcy Court.

3.  With respect to any Individual Ballots returned to you by a beneficial owner, you must complete a Master Ballot, return it to the Tabulation Agent and retain such Individual Ballots for inspection for a period of one year following the Voting Deadline.

4.  If, in addition to acting as broker, nominee or other agent, you also are a beneficial owner of any Unsecured Notes and you wish to vote such Unsecured Notes beneficially held by you, you may either complete an Individual Ballot or add your vote to the attached Master Ballot. If you choose to complete an Individual Ballot, please refer to the instructions accompanying the Individual Ballot.

5.  Multiple Master Ballots may be completed and delivered to the Tabulation Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement rather than supersede earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

6.  Please note that Item 2 of the Master Ballot requests that you transcribe information or attach a schedule to the Master Ballot in the indicated format providing information for each individual beneficial owner of Unsecured Notes on whose behalf you are executing a Master Ballot. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner. If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 2 for the Unsecured Notes held by the beneficial owner. The total principal amount of all accounts voted with respect to a single customer should be listed in a single schedule entry for the Unsecured Notes held, so that each line will represent a different beneficial owner for each series held.

7.  Please note that Item 3 of the Master Ballot requests that you provide information or attach a schedule to the Master Ballot in the indicated format by transcribing any information provided in Item 4 of each

[Master Ballot for Class 7 - Unsecured Note Claims]
[CUSIP  668074AG2; 668074AJ6; 668074AB3; 61208HAC8; 61208HAA2; 61208HAB0]

Individual Ballot received from a beneficial owner for which you are submitting a Master Ballot. Please also include your customer number for each entry in Item 3.

8.   Please note that each beneficial owner must vote its entire Class 7 - Unsecured Note Claim under the Plan either to accept or reject the Plan, and to accept or reject the Releases. A beneficial owner may not split its vote and, accordingly, an Individual Ballot received from a beneficial owner that attempts to partially accept and partially reject the Plan, or partially accept and partially reject the Releases, will not be counted. Further, for purposes of computing the Master Ballot vote, each voting beneficial owner should be deemed to have voted the full amount of its holdings of Unsecured Notes according to your records or such lesser amount identified by the beneficial owner on its Individual Ballot. Any executed Individual Ballot that does not indicate an acceptance or rejection of the Plan should not be counted.

9.   No fees, commissions or other remuneration will be payable to any broker, nominee, agent or other person in connection with this solicitation. Upon written request, however, the Debtor will reimburse you for reasonable, actual and necessary out-of-pocket expenses incurred by you in forwarding Individual Ballots and accompanying solicitation packages to your clients.

10.  This Master Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE THE DESIGNATION OF YOU OR ANY OTHER PERSON AS AN AGENT OF THE DEBTOR OR THE TABULATION AGENT OR AUTHORIZES YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION MATERIALS ENCLOSED HEREWITH.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, INDIVIDUAL BALLOTS OR SOLICITATION PACKAGES, INCLUDING THE PLAN AND THE DISCLOSURE STATEMENT, PLEASE CALL THE TABULATION AGENT AT (888) 385-2663.**

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (CGC) |
| Debtor. | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**FOR USE BY BENEFICIAL OWNERS OF CLASS 8(a) - UNSECURED SUBORDINATED NOTES REPRESENTED BY THE TOPrS NOTES CUSIP 629470204, 668031206, 668033202 AND 668034200**

## RECORD DATE: MAY 26, 2004

> **BALLOTS MUST BE RETURNED TO THE MASTER BALLOT AGENT (AS DEFINED BELOW) SUFFICIENTLY IN ADVANCE OF THE VOTING DEADLINE OF 5:00 P.M. PDT, ON SEPTEMBER 29, 2004, TO ALLOW THE BROKERAGE FIRM, BANK, TRUST COMPANY OR OTHER NOMINEE HOLDING YOUR BONDS (THE "MASTER BALLOT AGENT") TIME TO TABULATE YOUR VOTE AND FORWARD SUCH TABULATION TO THE TABULATION AGENT.**

## THE DEADLINE FOR VOTING IS SEPTEMBER 29, 2004, 5:00 PM PDT

This Ballot is submitted to you to solicit your vote to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's First Amended Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and your vote to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004, to allow the brokerage firm, bank, trust company or other nominee holding your bonds (the "Master Ballot Agent") time to tabulate your vote and forward such tabulation to the Tabulation Agent.

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THE UNSECURED SUBORDINATED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 THROUGH 5. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Classification and Amount.**  The undersigned, holder(s) of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes under the Plan, is (are) the beneficial owner(s) of Unsecured Subordinated Notes in an account maintained with the Master Ballot Agent (*i.e.*, the broker, nominee or other agent) from which the undersigned received this Ballot in the aggregate unpaid principal amount of:

| Account Number | CUSIP Number of Unsecured Subordinated Notes | Principal Amount of Unsecured Subordinated Notes |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

\* Please attach additional sheets if necessary.

_____

Name of Broker, Nominee or Other Agent

**Item 2.  Vote.**  The undersigned, holder(s) of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only – if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ **Accept** the Plan.        ☐ **Reject** the Plan.

**Item 3.  Vote.**  *Article X of the Plan provides for certain releases and injunctions, including releases of certain nondebtor entities (collectively, the "Releases"), as provided in the Plan upon the occurrence of the Effective Date.*  The undersigned, holder(s) of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only):

☐ **Accept** the Releases. ☐ **Reject** the Releases.

**Item 4.  Certification Regarding Votes Cast on Other Ballots in Respect of Claims in Class 8(a) Under the Plan.**  If the beneficial owner(s) on behalf of which this Ballot is being cast (each, a "Beneficial Owner") has (have) cast other Ballots on account of the beneficial ownership of any Unsecured Subordinated Notes, the undersigned

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

certifies (certify) that those other Ballots have been voted in the same manner as the Beneficial Owner(s) voted on this Ballot (*i.e.*, to either accept or reject the Plan). The undersigned further certifies (certify) that the requisite information regarding any other Ballots cast by the Beneficial Owner(s) has been included in the table below (or on additional sheets attached hereto). Do not include in the following table information relating to Claims being voted on this Ballot. Only information relating to other Ballots cast by the Beneficial Owner(s) should be identified in this Item 4. Please attach additional sheets if necessary.

| Other Ballots Cast in Respect of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes | | | |
|---|---|---|---|
| | Beneficial Owner's Name or Record Holder Customer Account Number(s) | Master Ballot Agent Through Which Unsecured Subordinated Notes Are Held | CUSIP Number of Other Unsecured Subordinated Notes | Aggregate Principal Amount of Other Unsecured Subordinated Notes Held and Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

To be counted, a Beneficial Owner must vote all of its Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes to either accept or reject the Plan and to accept or reject the Releases. No split votes (i.e., partially accept and partially reject) with respect to the Plan and the Releases will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Ballot and other Ballots in respect of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes, those Ballots will not be counted.

**Item 5. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) prior receipt of the Summary Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the Class 8(a) - Unsecured Subordinated Notes represented by the TOPrS Notes voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan, and accept or reject the Releases, as indicated on this Ballot on behalf of the Beneficial Owner(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

If the Class 8 - Unsecured Subordinated Note Claims represented by the TOPrS Notes voted herein are held by more than one Beneficial Owner, all such Beneficial Owners must sign below. Please attach additional signature sheets if more than one Beneficial Owner is voting by means of this Ballot.

<br>

_____
Name of Beneficial Owner

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.    Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot.

2.    Please indicate your acceptance or rejection of the Releases in the boxes provided in Item 3 of the Ballot. *If you vote to accept the Releases you are specifically consenting to certain releases and injunctions contained in Article X of the Plan, including releases of certain nondebtor entities, as provided in the Plan upon the occurrence of the Effective Date.* Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Master Ballot Agent (*i.e.*, broker, bank, nominee or other agent) at the address indicated on the enclosed envelope.

    **Ballots must be returned to the Master Ballot Agent sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004 (the "Voting Deadline"), to allow the Master Ballot Agent to tabulate your vote and forward your vote to the Tabulation Agent.** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Master Ballot Agent is enclosed for your convenience.

3.    You should receive more than one Ballot if you are the Beneficial Owner of Unsecured Subordinated Notes held in street name through more than one Master Ballot Agent or if you are the Beneficial Owner of Unsecured Subordinated Notes registered in your own name as well as the Beneficial Owner of Unsecured Subordinated Notes registered in street name. **Each Ballot you receive is for voting only your Claim described on the Ballot. The attached Ballot is designated only for voting of Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes by Beneficial Owners of Unsecured Subordinated Notes held in street name through the Master Ballot Agent. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will not be counted.

4.    If you have cast additional Ballots on account of the beneficial ownership of any Unsecured Subordinated Notes, you must complete Item 4. With respect to any additional Ballots, please provide the following with respect to other Class 8(a) -Unsecured Subordinated Note Claims represented by TOPsS Notes: (i) your name as Beneficial Owner of the Unsecured Subordinated Notes being voted or the account number under which such Unsecured Subordinated Notes are held; (ii) the name of the broker, nominee or other agent account that corresponds to your name or account number; (iii) the CUSIP number of the other Unsecured Subordinated Notes; and (iv) the aggregate principal amount of Unsecured Subordinated Notes by account. One line should be used to identify each such separate account or Claim. Do not include in Item 4 information relating to Claims being voted on the same Ballot in Item 2. Only information relating to other Ballots voted on account of the beneficial ownership of any Unsecured Subordinated Notes should be included in Item 4. Please note that *all* of your holdings of Class 8(a) - Unsecured Subordinated Notes (if held in more than one account) must be identified in Items 1 and 4 so that *all* such Claims will be voted to either accept or reject the Plan.

5.    Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Notice of (1) Hearing to Consider Continued Hearing on Confirmation of the Debtor's Plan of Reorganization and Related Matters, and (2) the Time Within Which Ballots Reflecting Acceptances or Rejections of the Plan Must be Received, which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes

[Beneficial Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
[CUSIP 629470204; 668031206; 668033202; 668034200]

does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context (*e.g.*, the right of the Debtor to contest the amount or validity of any Claim for purposes of allowance under the Plan). Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules. If you identify a lesser amount in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

6.   The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. *Holders of Unsecured Subordinated Notes should not surrender certificates representing their Unsecured Subordinated Notes at this time, and the Debtor will not accept delivery of any such certificates transmitted together with a Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after Confirmation of the Plan by the Bankruptcy Court.

7.   The Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

8.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received by the Master Ballot Agent will supersede any prior Ballots.

PLEASE RETURN YOUR BALLOT PROMPTLY.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT
THE MASTER BALLOT AGENT OR
THE TABULATION AGENT AT (888) 385-2663.**

[Master Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
[CUSIP 629470204; 668031206; 668033202; 668034200]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| | : | |
| **NORTHWESTERN CORPORATION,** | : | **Case No. 03-12872 (CGC)** |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**FOR USE BY BROKERS, BANKS, TRUST COMPANIES AND OTHER AGENTS OR NOMINEES FOR BENEFICIAL OWNERS CLASS 8(a) - UNSECURED SUBORDINATED NOTES REPRESENTED BY THE TOPrS NOTES CUSIP 629470204, 668031206, 668033202 AND 668034200**

## RECORD DATE: MAY 26, 2004

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**
> **5:00 P.M. PDT, ON SEPTEMBER 29, 2004**

This Master Ballot is to be used by brokerage firms, banks, trust companies and other nominees for summarizing votes cast by beneficial owners holding Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the accompanying instructions that are not otherwise defined have the meanings given to them in the Plan.

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO TRANSMIT VOTES TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THEIR UNSECURED SUBORDINATED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

[Master Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
[CUSIP 629470204; 668031206; 668033202; 668034200]

**Item 1. Tabulation of Beneficial Owner Voting.** The undersigned certifies that:

    a.    **Plan Acceptances.** _____ beneficial owners of Unsecured Subordinated Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Plan; and

    b.    **Plan Rejections.** _____ beneficial owners of Unsecured Subordinated Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Plan.

    c.    **Releases Acceptances.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Releases; and

    d.    **Releases Rejections.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Releases.

**Item 2. Beneficial Owner Information.** The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the beneficial owners of Unsecured Subordinated Notes represented by the TOPrS Notes, as identified by their respective account numbers, that have delivered duly completed Individual Ballots to the undersigned voting to accept or reject the Plan.

(Please complete the information requested below. Attach additional sheets if necessary.)

| Your Customer Account Number for Each Beneficial Owner | CUSIP Number of Unsecured Notes Voted | Principal Amount of Unsecured Notes Voted | | | |
|---|---|---|---|---|---|
| | | To Accept the Plan | To Reject the Plan | To Accept the Releases | To Reject the Releases |
| 1. | | $ | $ | $ | $ |
| 2. | | $ | $ | $ | $ |
| 3. | | $ | $ | $ | $ |
| 4. | | $ | $ | $ | $ |
| 5. | | $ | $ | $ | $ |
| 6. | | $ | $ | $ | $ |
| 7. | | $ | $ | $ | $ |
| 8. | | $ | $ | $ | $ |
| 9. | | $ | $ | $ | $ |

**Item 3. Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that the information Additional Ballots Submitted by Beneficial Owners. The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Individual Ballot received from a beneficial owner of Unsecured Subordinated Notes represented by the TOPrS Notes.

[Master Ballot for Class 8(a) - Unsecured Subordinated Note Claims]
|CUSIP 629470204; 668031206; 668033202; 668034200|

(Please complete the information requested below. Attach additional sheets if necessary.)

| Information to Be Transcribed from Item 4 of Customers' Individual Ballots Regarding other Ballots Cast in Respect of Unsecured Subordinated Noteholder Claims | | | | |
|---|---|---|---|---|
| Your Customer Account Number | Beneficial Owner's Name or Customer Account Number for Other Account | Name of Broker, Nominee or Other Agent for Other Account (If Applicable) | CUSIP Number of Unsecured Subordinated Notes | Principal Amount of Unsecured Subordinated Notes |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**Item 4. Additional Certifications.** The undersigned certifies that each beneficial owner whose votes are being transmitted by this Master Ballot has been provided with a copy of the Summary Disclosure Statement and the other applicable solicitation materials and that the Individual Ballot received from each beneficial owner or a copy thereof is and will remain on file with the undersigned subject to inspection for a period of one year following the Voting Deadline.

**Item 5. Registered Owner.** The undersigned certifies that it is the registered owner in its own name or through a position held at a securities depository of the Unsecured Subordinated Notes identified in Item 2 above.

_____
Name of Master Ballot Agent

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Master Ballot for Class 8(a) - Unsecured Subordinated Note Claims]

[CUSIP Nos. _____; _____; _____]

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE MASTER BALLOT

1.  Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to Bondholder Communications Group (the "Tabulation Agent") at the following address:

    **Bondholder Communications Group**
    **Attn: Nancy Calloway**
    **30 Broad Street, 46th Floor**
    **New York, New York 10004**

    **Master Ballots must be *received* by the Tabulation Agent by 5:00 p.m., PDT, on September 29, 2004 (the "Voting Deadline").** If a Master Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Tabulation Agent is enclosed for your convenience.

2.  The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan. *Holders of Unsecured Subordinated Notes should not surrender certificates representing their Unsecured Subordinated Notes at this time, and neither the Debtor nor the Tabulation Agent will accept delivery of any such certificates transmitted together with a Master Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after confirmation of the Plan by the Bankruptcy Court.

3.  With respect to any Individual Ballots returned to you by a beneficial owner, you must complete a Master Ballot, return it to the Tabulation Agent and retain such Individual Ballots for inspection for a period of one year following the Voting Deadline.

4.  If, in addition to acting as broker, nominee or other agent, you also are a beneficial owner of any Unsecured Subordinated Notes and you wish to vote such Unsecured Subordinated Notes beneficially held by you, you may either complete an Individual Ballot or add your vote to the attached Master Ballot. If you choose to complete an Individual Ballot, please refer to the instructions accompanying the Individual Ballot.

5.  Multiple Master Ballots may be completed and delivered to the Tabulation Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement rather than supersede earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

6.  Please note that Item 2 of the Master Ballot requests that you transcribe information or attach a schedule to the Master Ballot in the indicated format providing information for each individual beneficial owner of Unsecured Subordinated Notes on whose behalf you are executing a Master Ballot. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner. If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 2 for the Unsecured Subordinated Notes held by the beneficial owner. The total principal amount of all accounts voted with respect to a single customer should be listed in a single schedule entry for the Unsecured Subordinated Notes held, so that each line will represent a different beneficial owner for each series held.

7.  Please note that Item 3 of the Master Ballot requests that you provide information or attach a schedule to the Master Ballot in the indicated format by transcribing any information provided in Item 4 of each

Individual Ballot received from a beneficial owner for which you are submitting a Master Ballot. Please also include your customer number for each entry in Item 3.

8.  Please note that each beneficial owner must vote its entire Class 8(a) - Unsecured Subordinated Note Claims represented by the TOPrS Notes under the Plan either to accept or reject the Plan, and to accept or reject the Releases. A beneficial owner may not split its vote and, accordingly, an Individual Ballot received from a beneficial owner that attempts to partially accept and partially reject the Plan, or partially accept and partially reject the Releases, will not be counted. Further, for purposes of computing the Master Ballot vote, each voting beneficial owner should be deemed to have voted the full amount of its holdings of Unsecured Subordinated Notes according to your records or such lesser amount identified by the beneficial owner on its Individual Ballot. Any executed Individual Ballot that does not indicate an acceptance or rejection of the Plan should not be counted

9.  No fees, commissions or other remuneration will be payable to any broker, nominee, agent or other person in connection with this solicitation. Upon written request, however, the Debtor will reimburse you for reasonable, actual and necessary out-of-pocket expenses incurred by you in forwarding Individual Ballots and accompanying solicitation packages to your clients.

10. This Master Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE THE DESIGNATION OF YOU OR ANY OTHER PERSON AS AN AGENT OF THE DEBTOR OR THE TABULATION AGENT OR AUTHORIZES YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION MATERIALS ENCLOSED HEREWITH.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, INDIVIDUAL BALLOTS OR RESOLICITATION PACKAGES, PLEASE CALL THE TABULATION AGENT AT (888) 385-2663.**

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
**CUSIP 612083204**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |
| | : | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**FOR USE BY BENEFICIAL OWNERS OF CLASS 8(b) - UNSECURED SUBORDINATED NOTES REPRESENTED BY THE QUIPS NOTES CUSIP 612083204**

## RECORD DATE: MAY 26, 2004

> **BALLOTS MUST BE RETURNED TO THE MASTER BALLOT AGENT (AS DEFINED BELOW) SUFFICIENTLY IN ADVANCE OF THE VOTING DEADLINE OF 5:00 P.M. PDT, ON SEPTEMBER 29, 2004, TO ALLOW THE BROKERAGE FIRM, BANK, TRUST COMPANY OR OTHER NOMINEE HOLDING YOUR BONDS (THE "MASTER BALLOT AGENT") TIME TO TABULATE YOUR VOTE AND FORWARD SUCH TABULATION TO THE TABULATION AGENT.**

## THE DEADLINE FOR VOTING IS SEPTEMBER 29, 2004, 5:00 PM PDT

This Ballot is submitted to you to solicit your vote to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's First Amended Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and your vote to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004, to allow the brokerage firm, bank, trust company or other nominee holding your bonds (the "Master Ballot Agent") time to tabulate your vote and forward such tabulation to the Tabulation Agent.

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
**CUSIP 612083204**

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THE UNSECURED SUBORDINATED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 6. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Voting Classification and Amount.** The undersigned, holder(s) of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes under the Plan, is (are) the beneficial owner(s) of Unsecured Subordinated Notes in an account maintained with the Master Ballot Agent (*i.e.*, the broker, nominee or other agent) from which the undersigned received this Ballot in the aggregate unpaid principal amount of:

| Account Number | CUSIP Number of Unsecured Subordinated Notes | Principal Amount of Unsecured Subordinated Notes |
|---|---|---|
| | | |
| | | |
| | | |

\* Please attach additional sheets if necessary.

_____
Name of Broker, Nominee or Other Agent

**Item 2. Vote.** The undersigned, holder(s) of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only – if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ **Accept** the Plan.          ☐ **Reject** the Plan.

**Item 3. Election by Holders.** *Section 4.8(b)(ii) of the Plan provides that each holder of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes may elect either of Option 1 or Option 2 as described in the Plan in full satisfaction of such holder's Claim.* The undersigned, holder(s) of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes under the Plan, as described in Item 1 above, elect as follows (only select either Option 1 or Option 2 – if you accept the Plan and do not select one of the two options below or designate both options, you will be deemed to have selected Option 1 **[SEE VOTING INSTRUCTIONS ATTACHED HERETO FOR ADDITIONAL INFORMATION]**):

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
CUSIP 612083204

☐ **Option 1** - to receive a Pro Rata Share of 505,591 shares of New Common Stock (representing 1.4% of the New Common Stock to be issued and outstanding on the Effective Date prior to dilution by shares issued pursuant to the New Incentive Plan or exercise of Warrants), <u>plus</u> Warrants exercisable for an additional 2.3% of New Common Stock; OR

☐ **Option 2** - to have your Claim treated as a Class 9 General Unsecured Claim, subject to estimation and reserves for Disputed Claims as provided in Section 7.5 of the Plan, with Distribution being made, if at all, in the event of a Final Order resolving the QUIPS Litigation. Recovery under Option 2 is contingent upon the outcome of the QUIPS Litigation and is not assured.

**Item 4. Vote.** *Article X of the Plan provides for certain releases and injunctions, including releases of certain nondebtor entities (collectively, the "Releases"), as provided in the Plan upon the occurrence of the Effective Date.* The undersigned, holder(s) of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes under the Plan, as described in Item 1 above, votes all such Claims to (check <u>one</u> box only):

## ☐ **Accept** the Releases. ☐ **Reject** the Releases.

**Item 5. Certification Regarding Votes Cast on Other Ballots in Respect of Claims in Class 8(b) Under the Plan.** If the beneficial owner(s) on behalf of which this Ballot is being cast (each, a "Beneficial Owner") has (have) cast other Ballots on account of the beneficial ownership of any Unsecured Subordinated Notes, the undersigned certifies (certify) that those other Ballots have been voted in the same manner as the Beneficial Owner(s) voted on this Ballot (*i.e.*, to either accept or reject the Plan). The undersigned further certifies (certify) that the requisite information regarding any other Ballots cast by the Beneficial Owner(s) has been included in the table below (or on additional sheets attached hereto). Do not include in the following table information relating to Claims being voted on this Ballot. Only information relating to other Ballots cast by the Beneficial Owner(s) should be identified in this Item 5. Please attach additional sheets if necessary.

| Other Ballots Cast in Respect of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes | | | |
|---|---|---|---|
| | Beneficial Owner's Name or Record Holder Customer Account Number(s) | Master Ballot Agent Through Which Unsecured Subordinated Notes Are Held | CUSIP Number of Other Unsecured Subordinated Notes | Aggregate Principal Amount of Other Unsecured Subordinated Notes Held and Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

To be counted, a Beneficial Owner must vote all of its Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes to either accept or reject the Plan and to accept or reject the Releases. No split votes (i.e., partially accept and partially reject) with respect to the Plan and the Releases will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Ballot and other Ballots in respect of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes, those Ballots will not be counted.

**Item 6. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) prior receipt of the Summary Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the Class 8(b) - Unsecured Subordinated Notes represented by the QUIPS Notes

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)
CUSIP 612083204

voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan, make the election as between Option 1 and Option 2, and accept or reject the Releases, as indicated on this Ballot on behalf of the Beneficial Owner(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

If the Class 8 - Unsecured Subordinated Note Claims represented by the QUIPS Notes voted herein are held by more than one Beneficial Owner, all such Beneficial Owners must sign below. Please attach additional signature sheets if more than one Beneficial Owner is voting by means of this Ballot.

_____
Name of Beneficial Owner

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
**CUSIP 612083204**

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1. Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot.

2. In Item 3 of the Ballot please indicate your election as between Option 1 and Option 2 (as provided for in Section 4.8(b)(ii) of the Plan). Option 1 is an election to receive shares in New Common Stock and Warrants. Option 2 is an election to receive a Distribution, if at all, contingent upon the outcome of the QUIPS Litigation. Recovery under Option 2 is not assured.

   If you elect Option 1 then you will receive your pro rata share of the Distribution provided for in Option 1 and such Distribution will be in lieu of and release of any claims and rights you may have with respect to the QUIPS Litigation.

   If you do not vote to accept or reject the Plan, but Class 8(b), as a Class, votes to accept the Plan, then you shall be deemed to have selected Option 1 and your receipt of your pro rata share of the Distribution provided for in Option 1 will be in lieu of and release of any claims and rights you may have with respect to the QUIPS Litigation.

   If you do not vote to accept or reject the Plan, but Class 8(b), as a Class, votes to reject the Plan, then you shall be deemed to have selected Option 2 with Distribution being made to you, if at all, contingent upon the outcome of the QUIPS Litigation.

3. Please indicate your acceptance or rejection of the Releases in the boxes provided in Item 4 of the Ballot. *If you vote to accept the Releases you are specifically consenting to certain releases and injunctions contained in Article X of the Plan, including releases of certain nondebtor entities, as provided in the Plan upon the occurrence of the Effective Date.* Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Master Ballot Agent (*i.e.*, broker, bank, nominee or other agent) at the address indicated on the enclosed envelope.

   **Ballots must be returned to the Master Ballot Agent sufficiently in advance of the voting deadline of 5:00 p.m. PDT, on September 29, 2004 (the "Voting Deadline"), to allow the Master Ballot Agent to tabulate your vote and forward your vote to the Tabulation Agent. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Master Ballot Agent is enclosed for your convenience**

4. You should receive more than one Ballot if you are the Beneficial Owner of Unsecured Subordinated Notes held in street name through more than one Master Ballot Agent or if you are the Beneficial Owner of Unsecured Subordinated Notes registered in your own name as well as the Beneficial Owner of Unsecured Subordinated Notes registered in street name. **Each Ballot you receive is for voting only your Claim described on the Ballot. The attached Ballot is designated only for voting of Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes by Beneficial Owners of Unsecured Subordinated Notes held in street name through the Master Ballot Agent. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will not be counted.

5. If you have cast additional Ballots on account of the beneficial ownership of any Unsecured Subordinated Notes, you must complete Item 5. With respect to any additional Ballots, please provide the following with respect to other Class 8(b) -Unsecured Subordinated Note Claims represented by the QUIPS Notes:

[Beneficial Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**(For use by Beneficial Owners Returning Ballot Directly to Master Ballot Agent)**
**CUSIP 612083204**

(i) your name as Beneficial Owner of the Unsecured Subordinated Notes being voted or the account number under which such Unsecured Subordinated Notes are held; (ii) the name of the broker, nominee or other agent account that corresponds to your name or account number; (iii) the CUSIP number of the other Unsecured Subordinated Notes; and (iv) the aggregate principal amount of Unsecured Subordinated Notes by account. One line should be used to identify each such separate account or Claim. Do not include in Item 5 information relating to Claims being voted on the same Ballot in Item 2. Only information relating to other Ballots voted on account of the beneficial ownership of any Unsecured Subordinated Notes should be included in Item 5. Please note that *all* of your holdings of Class 8(b) Unsecured Subordinated Notes (if held in more than one account) must be identified in Items 1 and 5 so that *all* such Claims will be voted to either accept or reject the Plan.

6.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Notice of (1) Hearing to Consider Continued Hearing on Confirmation of the Debtor's Plan of Reorganization and Related Matters, and (2) the Time Within which Ballots Reflecting Acceptances or Rejections of the Plan Must be Received, which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context (*e.g.*, the right of the Debtor to contest the amount or validity of any Claim for purposes of allowance under the Plan). Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules. If you identify a lesser amount in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

7.      The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. *Holders of Unsecured Subordinated Notes should not surrender certificates representing their Unsecured Subordinated Notes at this time, and the Debtor will not accept delivery of any such certificates transmitted together with a Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after Confirmation of the Plan by the Bankruptcy Court.

8.      The Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received by the Master Ballot Agent will supersede any prior Ballots.

PLEASE RETURN YOUR BALLOT PROMPTLY.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT**

**The Tabulation Agent
Bondholder Communications Group
Attn: Nancy Calloway
30 Broad Street, 46th Floor
New York, New York 10004
Telephone (888) 385-BOND (888-385-2663)
Facsimile: (212) 422-0790
E-mail: ncalloway@bondcom.com**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NORTHWESTERN CORPORATION,** | : | **Case No. 03-12872 (CGC)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| | : | |

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE DEBTOR'S SECOND AMENDED AND RESTATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### FOR USE BY BROKERS, BANKS, TRUST COMPANIES AND OTHER AGENTS OR NOMINEES FOR BENEFICIAL OWNERS CLASS 8(b) - UNSECURED SUBORDINATED NOTES REPRESENTED BY THE QUIPS NOTES CUSIP 612083204

## RECORD DATE: MAY 26, 2004

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 5:00 P.M. PDT, ON SEPTEMBER 29, 2004**

This Master Ballot is to be used by brokerage firms, banks, trust companies and other nominees for summarizing votes cast by beneficial owners holding Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes to accept or reject the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") described in the accompanying Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's First Amended Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"), and to accept or reject the release provisions contained in Article X of the Plan. Capitalized terms used in this Ballot and the accompanying instructions that are not otherwise defined have the meanings given to them in the Plan.

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO TRANSMIT VOTES TO ACCEPT OR REJECT THE PLAN. HOLDERS SHOULD NOT SURRENDER CERTIFICATES REPRESENTING THEIR UNSECURED SUBORDINATED NOTES AT THIS TIME, AND NEITHER THE DEBTOR NOR BONDHOLDER COMMUNICATIONS GROUP (THE "TABULATION AGENT") WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES**

### PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

[Master Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
**[CUSIP 612083204]**

**Item 1. Tabulation of Beneficial Owner Voting.** The undersigned certifies that:

a. **Plan Acceptances.** _____ beneficial owners of Unsecured Subordinated Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Plan;

b. **Plan Rejections.** _____ beneficial owners of Unsecured Subordinated Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Plan;

c. **Releases Acceptances.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed individual ballots ("Individual Ballots") to the undersigned voting to **ACCEPT** the Releases; and

d. **Releases Rejections.** _____ beneficial owners of Unsecured Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Individual Ballots to the undersigned voting to **REJECT** the Releases.

**Item 2. Beneficial Owner Information.** The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the beneficial owners of Unsecured Subordinated Notes represented by the QUIPS Notes, as identified by their respective account numbers, that have delivered duly completed Individual Ballots to the undersigned voting to accept or reject the Plan.

(Please complete the information requested below. Attach additional sheets if necessary.)

| Your Customer Account Number for Each Beneficial Owner | CUSIP Number of Unsecured Subordinated Notes Voted | Principal Amount of Unsecured Subordinated Notes Voted | | | | | |
|---|---|---|---|---|---|---|---|
| | | To Accept the Plan | To Reject the Plan | To Accept the Release | To Reject the Releases | To Accept Option A | To Accept Option B |
| 1. | | $ | $ | $ | $ | | |
| 2. | | $ | $ | $ | $ | | |
| 3. | | $ | $ | $ | $ | | |
| 4. | | $ | $ | $ | $ | | |
| 5. | | $ | $ | $ | $ | | |
| 6. | | $ | $ | $ | $ | | |
| 7. | | $ | $ | $ | $ | | |
| 8. | | $ | $ | $ | $ | | |
| 9. | | $ | $ | $ | $ | | |

**Item 3. Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on **Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Individual Ballot received from a beneficial owner of Unsecured Subordinated Notes represented by the QUIPS Notes.

Case 1:05-cv-00603-JJF    Document 25-2    Filed 02/02/2007    Page 61 of 68
[Master Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
[CUSIP 612083204]

(Please complete the information requested below. Attach additional sheets if necessary.)

| Information to Be Transcribed from Item 5 of Customers' Individual Ballots Regarding other Ballots Cast in Respect of Unsecured Subordinated Noteholder Claims | | | | |
|---|---|---|---|---|
| Your Customer Account Number | Beneficial Owner's Name or Customer Account Number for Other Account | Name of Broker, Nominee or Other Agent for Other Account (If Applicable) | CUSIP Number of Unsecured Subordinated Notes | Principal Amount of Unsecured Subordinated Notes |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**Item 4. Additional Certifications.** The undersigned certifies that each beneficial owner whose votes are being transmitted by this Master Ballot has been provided with a copy of the Summary Disclosure Statement and the other applicable solicitation materials and that the Individual Ballot received from each beneficial owner or a copy thereof is and will remain on file with the undersigned subject to inspection for a period of one year following the Voting Deadline.

**Item 5. Registered Owner.** The undersigned certifies that it is the registered owner in its own name or through a position held at a securities depository of the Unsecured Subordinated Notes identified in Item 2 above.

_____
Name of Master Ballot Agent

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

[Master Ballot for Class 8(b) - Unsecured Subordinated Note Claims]
[CUSIP Nos. _____; _____; _____]

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE MASTER BALLOT

1. Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to Bondholder Communications Group (the "Tabulation Agent") at the following address:

   **Bondholder Communications Group**
   **Attn: Nancy Calloway**
   **30 Broad Street, 46th Floor**
   **New York, New York 10004**

   **Master Ballots must be *received* by the Tabulation Agent by 5:00 p.m., PDT, on September 29, 2004 (the "Voting Deadline").** If a Master Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Tabulation Agent is enclosed for your convenience.

2. The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan. *Holders of Unsecured Subordinated Notes should not surrender certificates representing their Unsecured Subordinated Notes at this time, and neither the Debtor nor the Tabulation Agent will accept delivery of any such certificates transmitted together with a Master Ballot.* Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Debtor (or its agent) after confirmation of the Plan by the Bankruptcy Court.

3. With respect to any Individual Ballots returned to you by a beneficial owner, you must complete a Master Ballot, return it to the Tabulation Agent and retain such Individual Ballots for inspection for a period of one year following the Voting Deadline.

4. If, in addition to acting as broker, nominee or other agent, you also are a beneficial owner of any Unsecured Subordinated Notes and you wish to vote such Unsecured Subordinated Notes beneficially held by you, you may either complete an Individual Ballot or add your vote to the attached Master Ballot. If you choose to complete an Individual Ballot, please refer to the instructions accompanying the Individual Ballot.

5. Multiple Master Ballots may be completed and delivered to the Tabulation Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement rather than supersede earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

6. Please note that Item 2 of the Master Ballot requests that you transcribe information or attach a schedule to the Master Ballot in the indicated format providing information for each individual beneficial owner of Unsecured Subordinated Notes on whose behalf you are executing a Master Ballot. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner. If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 2 for the Unsecured Subordinated Notes held by the beneficial owner. The total principal amount of all accounts voted with respect to a single customer should be listed in a single schedule entry for the Unsecured Subordinated Notes held, so that each line will represent a different beneficial owner for each series held.

7. Please note that Item 3 of the Master Ballot requests that you provide information or attach a schedule to the Master Ballot in the indicated format by transcribing any information provided in Item 5 of each

Individual Ballot received from a beneficial owner for which you are submitting a Master Ballot. Please also include your customer number for each entry in Item 3.

8.  Please note that each beneficial owner must vote its entire Class 8(b) - Unsecured Subordinated Note Claims represented by the QUIPS Notes under the Plan either to accept or reject the Plan, and to accept or reject the Releases. A beneficial owner may not split its vote and, accordingly, an Individual Ballot received from a beneficial owner that attempts to partially accept and partially reject the Plan, or partially accept and partially reject the Releases, will not be counted. Further, for purposes of computing the Master Ballot vote, each voting beneficial owner should be deemed to have voted the full amount of its holdings of Unsecured Subordinated Notes according to your records or such lesser amount identified by the beneficial owner on its Individual Ballot. Any executed Individual Ballot that does not indicate an acceptance or rejection of the Plan should not be counted

9.  No fees, commissions or other remuneration will be payable to any broker, nominee, agent or other person in connection with this solicitation. Upon written request, however, the Debtor will reimburse you for reasonable, actual and necessary out-of-pocket expenses incurred by you in forwarding Individual Ballots and accompanying solicitation packages to your clients.

10. This Master Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE
THE DESIGNATION OF YOU OR ANY OTHER PERSON AS AN AGENT OF
THE DEBTOR OR THE TABULATION AGENT OR AUTHORIZES YOU
OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY
STATEMENTS ON BEHALF OF ANY OF THEM WITH
RESPECT TO THE PLAN, EXCEPT FOR THE
STATEMENTS CONTAINED IN THE
SOLICITATION MATERIALS
ENCLOSED HEREWITH.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE VOTING
PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT,
INDIVIDUAL BALLOTS OR RESOLICITATION PACKAGES, PLEASE CALL
THE TABULATION AGENT AT (888) 385-2663.**

Class 9 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NORTHWESTERN CORPORATION,** | : | **Case No. 03-12872 (CGC)** |
| | : | |
| Debtor. | : | |
| | : | |

## BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### BALLOT FOR VOTING GENERAL UNSECURED CLAIMS

The above-captioned debtor and debtor-in-possession (the "Debtor"), has filed the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated August 18, 2004 (the "Plan"). On August 25, 2004 the Court approved the Debtor's Summary Disclosure Statement (the "Summary Disclosure Statement"), which accompanies this Ballot, modifying the Debtor's Disclosure Statement for the Debtor's Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, dated May 17, 2004 (the "Disclosure Statement"). If you are, as of May 24, 2004, the holder of an unpaid General Unsecured Claim against the Debtor that arose prior to the commencement of the Debtor's Chapter 11 case, please use this Ballot to cast your vote to accept or reject the Plan, and accept or reject the Releases (as defined below). The Bankruptcy Court has approved the Disclosure Statement and the Summary Disclosure Statement, which provides information to assist you in deciding how to vote on the Plan and the Releases. Bankruptcy Court approval of the Disclosure Statement and Summary Disclosure Statement does not indicate approval of the Plan or the Releases by the Bankruptcy Court.

---

### IMPORTANT

**You should review the Plan, Disclosure Statement and Summary Disclosure Statement before you vote.** Item 1 of this Ballot indicates the dollar amount of your Claim. If you hold Claims in more than one Class under the Plan, you will receive a Ballot for each Class in which you are entitled to vote and must complete a separate Ballot for each Class of Claims.

**VOTING DEADLINE: 5:00 P.M. PDT ON SEPTEMBER 29, 2004.**

If your Ballot is not received by Kurtzman Carson Consultants LLC, balloting agent for the Debtor (the "Balloting Agent") on or before the Voting Deadline and such deadline is not extended by the Debtor, your vote will not count as either an acceptance or rejection of the Plan and any election you have made in Item 4, below, for convenience claim treatment of your Claim will not be counted.

Ballots will not be accepted by facsimile or electronic mail transmission.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept the Plan.

---

This Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan and accept or reject the Releases, and elect convenience claim treatment of your Claim(s).

---

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

COMPLETE ITEMS 2 AND 3.

IF DESIRED, COMPLETE ITEM 4.

REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

**SIGN THE BALLOT.**

RETURN THE BALLOT IN THE PRE-ADDRESSED POSTAGE-PAID ENVELOPE (SO THAT IT IS RECEIVED BEFORE THE VOTING DEADLINE) TO THE BALLOTING AGENT:

> **Northwestern Balloting, c/o Kurtzman Carson Consultants LLC,**
> **12910 Culver Blvd., Suite I, Los Angeles, California, 90066–6709**

YOU MUST VOTE THE FULL AMOUNT OF ALL GENERAL UNSECURED CLAIMS COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN AND ACCEPT OR REJECT THE RELEASES AND MAY NOT SPLIT YOUR VOTE.

---

**Item 1.  Amount of Claims Voted.**  You are entitled to vote the Claim set forth below.  The Debtor reserves the right to object to such Claim for purposes of distribution under the Plan.

$_____

**Item 2.  Vote.**  The holder of the General Unsecured Claim identified in Item 1 votes as follows (check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan.          OR          ☐ to **REJECT** the Plan.

**Item 3.  Vote.**  *Article X of the Plan provides for certain releases and injunctions, including releases of certain nondebtor entities (collectively, the "Releases"), as provided in the Plan upon the occurrence of the Effective Date.*  The holder of the General Unsecured Claim identified in Item 1 votes as follows (check one box only):

☐ **ACCEPT** the Releases.          OR          ☐ to **REJECT** the Releases.

**Item 4.  Voluntary Election of Convenience Claim Treatment.**  By checking the box below, the holder of the General Unsecured Claim identified in Item 1 elects to reduce the amount of its Allowed Claim to $20,000 (to the extent such Allowed Claim exceeds $20,000) and to have its Allowed General Unsecured Claim treated as Convenience Claim under the Plan, receive the treatment specified in Section 4.10 of the Plan, and have its vote counted as a member of the Class 10 Convenience Class against the Debtor.  If the box below is **not** checked, such holder's Allowed General Unsecured Claim will receive the treatment specified in Section 4.9 of the Plan:

☐ I Elect Convenience Claim Treatment.

*If you elect Convenience Class Treatment you will be deemed to have accepted the Plan.*

NEITHER YOUR RECEIPT OF THIS BALLOT NOR YOUR ELECTION OF CONVENIENCE CLAIM TREATMENT SIGNIFIES THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

2

**Item 5. Certification.** By returning this Ballot, the holder, or an authorized signatory for such holder, of the General Unsecured Claim identified in Item 1 certifies that: (a) this Ballot is the only Ballot submitted for its General Unsecured Claim identified in Item 1; (b) it has full power and authority to vote to accept or reject the Plan and accept or reject the Releases, and to elect convenience class treatment with respect to the General Unsecured Claim identified in Item 1; (c) it was the holder of the General Unsecured Claim identified in Item 1 as of May 24, 2004; and (d) it has previously received a copy of the Summary Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan, for the Releases, and the election of convenience claim treatment under the Plan are subject to all the terms and conditions set forth in the Disclosure Statement, Summary Disclosure Statement and Plan.

Name of Creditor:_____
(Print or Type)

Social Security or Federal Tax ID. No.: _____
(Optional)

Signature: _____

Print Name: _____

Title:_____
(If Appropriate)

Street Address: _____

City, State, Zip Code:_____

Telephone Number ( )_____

Date Completed: _____

3

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  In the boxes provided in Items 2, 3 and 4 of the Ballot, please indicate (a) acceptance or rejection of the Plan, (b) acceptance or rejection of the Releases, and (c) whether you elect Convenience Class Treatment in accordance with Section 4.10 of the Plan (see Instruction 5 below).  *If you elect Convenience Class Treatment you will be deemed to have accepted the Plan.*  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Balloting Agent at the following address:

    Northwestern Balloting
    c/o Kurtzman Carson Consultants LLC
    12910 Culver Blvd., Suite 1
    Los Angeles, CA 90066–6709

    **Ballots must be *received* by the Balloting Agent by 5:00 p.m. PDT, on September 29, 2004  (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  *Ballots submitted by facsimile or e-mail will not be accepted.*

2.  If you hold Claims in more than one voting Class under the Plan, you should received a separate Ballot for each such Claim, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your claim described on the Ballot.  The attached Ballot is designated only for voting General Unsecured Claims in Class 9.  Please complete and return each Ballot you receive.**  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will not be counted.

3.  Vote to accept or reject the Plan in Item 2.  If no box is checked in Item 2, but the ballot is otherwise properly completed and returned, your ballot will not be counted.

4.  Vote to accept or reject the Releases in Item 3.

5.  If the Claim you are voting on the Ballot is greater than $20,000 and you wish to reduce your claim to $20,000 (to the extent such Allowed Claim exceeds $20,000) and receive treatment of the Claim as a Convenience Claim, you must check the box to elect Convenience Class treatment in Item 3 of the Ballot.  If you elect Convenience Class Treatment you will be deemed to have accepted the Plan.  If the election in Item 3 is not made, the claim will be treated as an Unsecured Claim in accordance with Section 4.9 of the Plan.

6.  **All Ballots must be fully executed to be counted.  If a Ballot is to be executed by an authorized party other than an officer or employee of the creditor, sufficient evidence of the authorized party's authority to execute the Ballot must be included with the Ballot.**

7.  The Ballot does not constitute and will not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

8.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received by the Balloting Agent before the Voting Deadline will supersede any prior Ballots.

4

AFLI1054101.2

PLEASE RETURN YOUR BALLOT PROMPTLY.

THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR E-MAIL.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (866) 381-9100.**

ATL/10541012