# APP. 18

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| NORTHWESTERN CORPORATION, | ) ) | Case No. 03-12872 (CGC) |
|  | ) | **Objection Due: Sept. 3, 2004** |
| Debtor. | ) | **Hearing Date: Sept. 15, 2004 @ 9:30 a.m.** |
|  | ) | **Related Docket No. 1963** |

**LAW DEBENTURE TRUST COMPANY OF NEW YORK'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO ENTER AGREEMENTS FOR EXIT FINANCING FACILITY AND TO PAY FEES AND EXPENSES AND INCUR INDEMNIFICATION OBLIGATIONS IN CONNECTION THEREWITH PURSUANT TO SECTION 105(a), 107(b) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018**

Law Debenture Trust Company of New York, as successor Trustee (the "Indenture Trustee") to the Bank of New York, under that certain Indenture (the "QUIPS Indenture") dated as of November 1, 1996, as amended, pursuant to which the Montana Power Company ("Montana Power") issue certain 8.45% Junior Subordinated Debentures (the "Debentures") to Montana Capital I, which, then issued certain 8.45% Cumulative Quarterly Income Preferred Securities, Series A (the "QUIPS"), by and through its undersigned counsel, hereby objects to the Debtor's Motion For An Order Authorizing the Debtor to Enter Agreements for Exit Financing Facility and to Pay Fees and Expenses and Incur Indemnification Obligations in Connection Therewith Pursuant to Section 105(a), 107(b) And 363(b) of The Bankruptcy Code And Bankruptcy Rule 9018. ("the Motion" or the "Exit Financing Motion"). In support of its limited objection, the Indenture Trustee respectfully states as follows:

{MCM9605.DOC}BOS1415164.1

## PRELIMINARY STATEMENT

Through the Motion, the Debtor is seeking authority to enter into agreements to obtain exit financing to be secured by substantially all of the Debtor's assets. While the Indenture Trustee does not object to the Debtor obtaining exit financing, as detailed below, certain of the proposed collateral – the Montana Utility Assets [1]– are subject to an adversary proceeding commenced by the Indenture Trustee on behalf of QUIPS holders ("Adversary Proceeding"). The Indenture Trustee, accordingly, objects to the relief sought in the Exit Financing Motion to the extent that it purports to determine, either expressly or implicitly, the QUIPS holders' rights to or interest in the Montana Utility Assets or otherwise may impair the QUIPS holders' rights in that proposed collateral. Among other things, any loan commitment approved by this Court should memorialize that this estate's title to the Montana Utility Assets is presently being litigated and may be subject to the claims and interests of the QUIPS holders. In addition, the proposed exit lenders should be required to provide any successor-in-interest or assignee with notice of the QUIPS holders claims to the Montana Utility Assets. Alternatively, the Indenture Trustee's limited objection to the proposed financing can be resolved by requiring the Debtor simply to escrow cash sufficient to satisfy its obligations under the QUIPS Indenture in full pending the conclusion of the Adversary Proceeding.

## BACKGROUND

1. On April 16, 2004, the Indenture Trustee and Magten Asset Management Corporation commenced the Adversary Proceeding seeking to set aside the pre-petition transfer of the Montana Utility Assets from Clark Fork and Blackfoot LLC (f/k/a Northwestern Energy

---

[1] Capitalized words not otherwise defined have the meanings described to them in the Indenture Trustee's Complaint to Avoid the Transfer of Assets of Clark Fork and Blackfoot LLC (F/K/A Northwestern Energy LLC) to Northwestern Corporation.

LLC) ("Clark Fork") to the Debtor pursuant to what is generally referred to as the "going flat" transaction (the "Going Flat Transaction"). The Indenture Trustee and Magten contend that, among other things, the Going Flat Transaction was a fraudulent transfer and they seek a judgment: (a) avoiding that transfer in its entirety; (b) declaring that the Montana Utility Assets are not property of this estate; and (c) imposing a constructive trust on the Montana Utility Assets for the benefit of the QUIPS holders.

2. Through the Motion, the Debtor is seeking approval of exit financing of approximately $450 million secured by a first lien on all of the Debtor's assets, including the Montana Utility Assets.

## LIMITED OBJECTION

3. The Indenture Trustee objects to the relief sought in the Exit Financing Motion to the extent that it purports to determine or impair (either expressly or implicitly) the QUIPS holders' rights against or their interest in the Montana Utility Assets. To avoid any claim by the proposed exit lenders that they are good faith transferees for purposes of Montana fraudulent transfer law or otherwise should the Indenture Trustee prevail in the Adversary Proceeding, the exit lenders should be required to expressly acknowledge in any commitment letter approved by this Court that title to the Montana Utility Assets is at issue in the Adversary Proceeding and that such proposed collateral may be subject to the claims and interests of the QUIPS holders.

4. In addition, to ensure that all successors-in-interest or assignees of the proposed exit lenders are on notice that their liens are subject to the rights and claims of the QUIPS holders, the face of the relevant instrument should bear the following legend:[2]

---

[2] In its supplemental confirmation objection, Indenture Trustee will also request that the securities issued by the Reorganized Debtor bear a similar legend.

**CERTAIN ASSETS THAT SERVE AS COLLATERAL FOR THIS INSTRUMENT ARE THE SUBJECT OF AN ADVERSARY PROCEEDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (CASE NO. 04-53324). THIS PROCEEDING MAY RESULT IN ALL OR A PORTION OF THOSE ASSETS BEING RETURNED TO CLARK FORK AND BLACKFOOT, LLC FOR THE BENEFIT OF CERTAIN OF ITS CREDITORS.**

5. Both the Debtor's estate and its creditors will benefit from putting all parties, including current and potential lenders, underwriters and equity holders, on notice of the Adversary Proceeding and the possibility that some or all of the Montana Utility Assets may ultimately be returned to Clark Fork. If the Debtor's securities are to trade in the marketplace, the interests of both the Debtor and prospective purchasers will be protected by having those securities include a legend noting the pendency of the Adversary Proceeding and the rights of the holders of the QUIPS in connection therewith. Among other things, requiring such a legend will protect the Debtor from future litigation brought by parties asserting that they were unaware of the Adversary Proceeding or the QUIPS holders asserted rights in the Montana Utility Assets.

## **CONCLUSION**

Wherefore, the Indenture Trustee respectfully requests: (a) that this Court condition its approval of the Motion on the necessary parties taking the steps outlined herein; and (b) such other relief as the Court deems appropriate and just.

September 3, 2004                             SMITH, KATZENSTEIN & FURLOW, LLP


/s/ Kathleen M. Miller
Kathleen M. Miller (DE No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone:    (302) 652-8400
Facsimile:    (302) 652-8405
Email:  Kmiller@skfdelaware.com

- and –

NIXON PEABODY LLP
John V. Snellings (BBO No. 548791)
Francis C. Morrissey  (BBO No. 567589)
Lee Harrington (BBO No. 548791)
100 Summer Street
Boston, MA 02110
Telephone:    (617) 345-1201
Facsimile:    (866) 947-1732

Counsel for Law Debenture Trust Company of New York

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **3rd** day of **September, 2004,** a copy of the foregoing **Law Debenture Trust Company Of New York's Limited Objection To The Debtor's Motion For An Order Authorizing It To Enter Agreements For Exit Financing Facility And To Pay Fees And Expenses And Incur Indemnification Obligations In Connection Therewith Pursuant To Section 105(A), 107(B) And 363(B) Of The Bankruptcy Code And Bankruptcy Rule 9018** was served on the following parties by facsimile:

Scott D. Cousins, Esq.
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE  19801
Telephone:  661-7000
Facsimile:   661-7360

Jesse H. Austin, III
Karol K. Denniston
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, Suite 2400
Atlanta, GA 30308
Telephone:  404-815-2400
Facsimile:   404-815-2424

/s/ Kathleen M. Miller
Kathleen M. Miller