# APP. 24

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NORTHWESTERN CORPORATION, | ) | |
| | ) | Case No. 03-12872 (JLP) |
| Debtor. | ) | |
| | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) ) ) ) ) | |
| Plaintiffs, | ) | Adv. Proc. No. 04-53324 (JLP) |
| v. | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| Defendant. | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| Plaintiff, | ) | Adv. Proc. No. 04-55051 (JLP) |
| v. | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION, and TALTON R. EMBRY, | ) ) ) | |
| Defendant. | ) | |

## ORDER

In these cases, Plaintiff/Defendant Magten Asset Management Corporation and Embry ("Magten") have moved the U.S. District Court to withdraw the reference on each cause and contemporaneously filed a "Motion and Memorandum of Law in Support of Motion for Stay of

Adversary Proceedings Pending Resolution of Motion to Withdraw the References to Bankruptcy Court." NorthWestern Corporation ("NOR") filed a memorandum opposing the stay motion.

Both causes are at issue, and a scheduling order entered November 2, 2004 set trial of each cause for February 7, 2005 after pre-trial discovery and filing of a final pre-trial order.

Also pending in Cause No. 04-53324 is NOR's motion to dismiss in part certain claims for relief set forth in Magten's amended complaint, specifically dealing with claims arising under the Public Utility Holding Company Act ("PUHCA") on grounds said claims were settled adversely to Magten in the court's order confirming NOR's amended Chapter 11 Plan of Reorganization. Memoranda have been filed by both parties on the motion of NOR. The Court has the motion under advisement.

However, in Magten's objection and memorandum in opposition to NOR's motion to dismiss the PUHCA related claims, which are an integral part of Magten's claim for relief in its amended complaint, Magten argues on pp. 12-13 of its memo: "If the Confirmation Order addresses these issues [the PUHCA claims], this Court is divested of jurisdiction because of the pending appeal." Magten filed a notice of appeal of the confirmation order and thereafter a "Statement of Issues to be Presented" on appeal. Exhibit "A" attached hereto and by reference made a part hereof.

Magten's First Amended Complaint at ¶ 9 states:

By this complaint, Plaintiffs seek, among other things, (i) a declaration that because the Debtor violated PUHCA, all contracts relating to the Montana Utility Assets and the Transfer that were executed between the filing of the Application and the date of the Transfer are void, (ii) the avoidance of the Transfer, (iii) a declaration that the assets that were fraudulently transferred are not the property of the Debtor's estate in its chapter 11 case, (iv) the imposition of a constructive trust over the transferred assets for the benefit of the Trust, and (v) the return of such

2

assets to Clark Fork.

In the order of confirmation, the court on pp. 44-46 stated:

e. Magten and Law Debenture also asserted in rem property interests in the Montana Assets and that such assets were being held in a constructive trust for the benefit of the QUIPS holders. The Court finds that neither Magten nor Law Debenture took any action to impose a constructive trust on the Montana Assets and presented no evidence whatsoever as to why they should be entitled to a constructive trust with respect to the Montana Assets.

\* \* \* \*

Accordingly, the Court finds that no constructive trust has been established and that money damages are an appropriate remedy for the holders of QUIPS Litigation Claims. The Court also finds that QUIPS Litigation Claims will be treated in the same manner as disputed unsecured claims under Section 7.5 of the Plan. Whatever claims may be asserted in the QUIPS Litigation are nothing more than general unsecured claims against the Debtor's estate and are treated as such.

\* \* \* \*

Accordingly, the Court hereby overrules the Magten and Law Debenture Objections in their entirety.

f. Law Debenture also belatedly raised an objection to confirmation of Debtor's Plan based on PUHCA. Neither Magten nor Law Debenture presented any evidence in connection with their PUHCA objections. Accordingly, the Court hereby overrules the Magten and Law Debenture objections in their entirety.

Magten's brief in opposition to the motion to dismiss certain claims, including PUHCA and constructive trust allegations, correctly cited the applicable authority that "the filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 114 n.10 (1996).

Since issues on appeal are also now presented for decision to this Court, and, indeed, the pending litigation encompasses those issues, this Court is without jurisdiction to try Cause No.

3

04-53324 until there has been final resolution of those issues at the appellate level. I might also add that the U.S. District Court, if the reference is withdrawn, would act as a bankruptcy court and face the same jurisdictional problem.

Cause No. 04-55051 does not have that jurisdictional barrier, as the issues in that cause are not remotely connected to the confirmed plan matters, but the allegations in the complaint arise totally independent of the Plan and issues on appeal. The same is true of NOR's counterclaim in Cause No. 53324, which will be severed from such action.

IT IS ORDERED that Adversary No. 04-53324 is stayed pending final resolution of Magten's and Law Debenture's appeal of the Order confirming the Second Amended Plan of Reorganization.

IT IS FURTHER ORDERED that Adversary No. 04-55051 and the counterclaim in Cause No. 04-53324 shall proceed to trial pursuant to the Scheduling Order entered November 2, 2004.

Dated: December 7, 2004

/s/ John L. Peterson
Honorable John L. Peterson
United States Bankruptcy Judge

4

# EXHIBIT "A"

## Statement of Issues to be Presented

1.  Whether the Bankruptcy Court erred in determining that the Montana Utility Assets (the "Montana Utility Assets"), which were transferred to the Debtor from Clark Fork and Blackfoot LLC ("Clark Fork"), the Debtor's non-debtor subsidiary, are not held in constructive trust for the creditors of Clark Fork even though creditors of Clark Fork have brought an action seeking to set aside the transfer of the Montana Utility Assets as a fraudulent conveyance and have sought recognition that a constructive trust has been imposed over those assets.

2.  Whether the Bankruptcy Court erred in finding that the right to recover on account of the fraudulent conveyance cause of action is a "claim" under section 101(5) of the Bankruptcy Code when (i) the exclusive remedy sought as a result of the fraudulent transfer of the Montana Utility Assets is an equitable remedy that does not "give rise to a right to payment" and, (ii) §31-2-339 of the Montana Code Annotated, which governs the remedies available to creditors in seeking to set aside a fraudulent conveyance, only provides for remedies that are equitable in nature and does not provide for any form of monetary relief.

3.  Whether the Bankruptcy Court erred in finding that that Plan complies with sections 1122 and 1129(a)(1) of the Bankruptcy Code where there was no legitimate business reason for separately classifying the claims of the holders of the TOPrS and the QUIPS for principal plus interest

4.  Whether the Bankruptcy Court erred in finding that it is appropriate to force the holders of the QUIPS to forego their right to pursue the fraudulent conveyance litigation in order to receive their rightful recovery for principal plus interest on account of their QUIPS notes, while other creditors with claims of equal rank were not required to relinquish their litigation claims.

13

5. Whether the Court erred in determining that the Plan did not discriminate unfairly against the holders of the QUIPS because the distributions to the QUIPS holders were a "gift" from senior creditors despite the fact that there is no authority under the Bankruptcy Code to support this line of reasoning and it is the Debtor, not the creditors, making the distributions pursuant to the Plan.

6. Whether the Court erred in determining that the Plan is "fair and equitable" when subordinated holders of equity interests receive a distribution under the Plan while more senior creditors are not being paid in full and are only receiving a minimal recovery under the Plan.

7. Whether the Court erred in finding that the proceeds of the D&O Insurance Policy are not property of the Debtor's estate when the derivative actions belong to the Debtor and not the shareholders and all damages awarded in a derivative suit inure directly to the corporation.

8. Whether the Court erred in determining that the Debtor is not relinquishing value to the estate when the Debtor, through its release and waiver of all "Causes of Action of any nature," is abandoning every potential colorable claim and cause of action that may ultimately result in substantial value to the Debtor's estate.

9. Whether the Bankruptcy Court erred in finding that the senior debt should not be voided or subordinated despite the fact that the Debtor's application for exemption from the Public Utility Holding Company Act ("PUHCA") was not filed in good faith and, under PUHCA, the rights of a party to a contract made while there was a PUHCA violation – including lack of good faith filing in an application for a PUHCA exemption – are void.

Dated: Wilmington, Delaware
November 4, 2004

BLANK ROME LLP

_/s/_

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and –

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Bonnie Steingart, Esq.
Gary L. Kaplan, Esq.
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management Corporation