# APP. 26

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| | : | |
| Debtor. | : | |
| | : | |

**AFFIDAVIT OF KAROL K. DENNISTON IN CONNECTION WITH NORTHWESTERN CORPORATION'S OBJECTION TO THE REQUEST OF LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES PURSUANT TO THE DEBTOR'S PLAN OF REORGANIZATION AND APPLICABLE TRUST INDENTURE**

I, Karol K. Denniston, being duly sworn, hereby depose and say as follows:

1.      I am an of counsel and partner elect with the firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm"), attorneys for NorthWestern Corporation ("NorthWestern" or the "Debtor"). I submit this Affidavit in support of Debtor's Objection (the "Objection") to the request of Law Debenture Trust Company of New York for payment of fees and reimbursement of expenses pursuant to the Debtor's plan of reorganization and applicable trust indenture. Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein.

2.      Attached as Exhibit A to this Affidavit is a true and correct copy of the November 10, 2004 letter from Amanda Darwin to Jesse H. Austin, III.

3.      Attached as Exhibit B to this Affidavit is a true and correct copy of the November 9, 2004 letter from Jesse H. Austin, III to Amanda Darwin.

4.      Attached as Exhibit C to this Affidavit is a true and correct copy of my November 15, 2004 letter to Amanda Darwin.

5.      Attached as Exhibit D to this Affidavit is a true and correct copy of the November 23, 2004 letter from John Snellings to Karol K. Denniston.

6.      Attached as Exhibit E to this Affidavit is a true and correct copy of my November 30, 2004 letter to John Snellings.

7.      Attached as Exhibit F to this Affidavit is a true and correct copy of my December 21, 2004 letter to John Snellings.

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of December 2004.

_Karol K. Denniston_
Karol K. Denniston
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.W., Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

Subscribed and sworn to before me
this 30+h day of December 2004.

_Lettie C. Hawkins_
Notary Public
My Commission Expires: March 29, 2007

ATL/1080908.1                                    2

**<u>Exhibit A</u>**

(See Attached)

11/10/04  18:08 FAX           .              NIXON PEABODY LLP                          ☑001/003

## Firm Name
Attorneys at Law

Clinton Square
Post Office Box 31051
Rochester, New York 14603-1051
(585) 263-1000

Fax: (585) 263-1600

**PRIVILEGE AND CONFIDENTIALITY NOTICE**
The information in this fax is intended for the named recipients only. It contains privileged and confidential matter. If you have received this fax in error, please notify us immediately by a collect telephone call to (585) 263-1000 and return the original to the sender by mail. We will reimburse you for postage. Do not disclose the contents to anyone. Thank you.

# FAX

| | To: | Company | Fax #: | Telephone #: |
|---|---|---|---|---|
| 1) | Karol K. Denniston, Esq. | Paul, Hastings, Janofsky & Walker LLP | 404-685-5347 | |
| 2) | Alan W. Kornberg, Esq. | Paul, Weiss, Rifkind, Wharton | 212-492-0209 | |

INTERNATIONAL PHONE NUMBERS MUST INCLUDE COUNTRY & CITY CODE. SEE LOCAL WHITE PAGES FOR CODES NEEDED.

| From: | Date: | No. of Pages: (including this page) | Client/Matter: |
|---|---|---|---|
| Comments: | | | |

Original of the transmitted document will be sent by:

☐ First Class Mail    ☐ Overnight Mail    ☐ Hand Delivery    ☐ This transmission will be the only form of delivery of this document

## IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT THE FAX OPERATOR AS SOON AS POSSIBLE AT: (585) 263-1660 or 263-1000 (ext. 1660). THANK YOU.

CONFIRMATION: DATE SENT _____ TIME _____ BY _____

| INTEROFFICE TO: | ☐ Albany | ☐ Boston | ☐ Buffalo | ☐ Garden City | ☐ Hartford | ☐ Manchester | ☐ New York City |
|---|---|---|---|---|---|---|---|
| | ☐ Northern Virginia | ☐ Orange County | | ☐ Philadelphia | ☐ Providence | ☐ Rochester | ☐ San Francisco |
| | ☐ Washington | | | | | | |

| User #: | Ext: | Disbursement Amount: $ |
|---|---|---|

RO8742 5273.1



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Amanda D. Darwin
Direct Dial: (617) 345-1042
E-Mail: adarwin@nixonpeabody.com

November 10, 2004

**By Facsimile, Overnight and Electronic Mail**

Jesse H. Austin, III, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308

Re: Exercise of Indenture Trustee Charging Lien

Dear Jesse:

This is to acknowledge receipt of your letter dated November 9, 2004. We are obviously very disappointed in your response to our fee request, as it certainly is not consistent with the assurances you have given us in our previous conversations. We have been encouraged by the lines of communication and the sense of cooperation that has opened up between the Debtor and Law Debenture and had hoped that the increased communication and trust would result in an expedited settlement of the issues yet to be resolved in the case. That being said, we are still hopeful that we can continue to cooperate in order to serve the best interest of the QUIPS holders, while best preserving the Debtor's estate for all creditors.

Your response, however, leaves us no choice but to fully exercise our charging lien against the distribution due the Class 8(b) QUIPS holders. As you know, Law Debenture Trust Company of New York is successor Indenture Trustee for the 8.45% Junior Subordinated Debentures (the "Debentures") and Property Trustee for the 8.45% Cumulative Quarterly Income Preferred Securities, Series A (the "QUIPS"). Such charging lien rights are granted pursuant the QUIPS Indenture and the right to exercise such lien right is confirmed in Section 5.18 of the Plan.

Notice is hereby given that the Indenture Trustee exercises its charging lien with respect to the full amount of its fees and expenses (including those of its counsel) both prior to and after the Effective Date of the Debtors' Second Amended and Restated Plan of Reorganization (the "Plan").

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

# NIXON PEABODY LLP

Jesse H. Austin, III, Esq.
November 10, 2004
Page 2

You have represented to us that no distributions have yet been made to the Class 8(b) QUIPS holders under the Plan. This letter serves as notice to you that all such distributions or plans for such distributions must ceases immediately. In addition, demand is hereby made that the full amount of all distributions to the Class 8(b) holders be put immediately in the name of Law Debenture Trust Company of New York in order to effectuate the exercise of such charging lien.

We appreciate your cooperation in effectuating the transfer immediately.

Very truly yours,

Amanda D. Darwin

ADD:rmj
cc:    Mr. Daniel Fisher
       Alan W. Kornberg, Esq. (by facsimile)
       Karol K. Denniston, Esq. (by facsimile)

**Exhibit B**

(See Attached)




TTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(404) 815-2208
jessaustin@paulhastings.com

November 9, 2004                                                38910.00006

**VIA FACSIMILE AND U.S. MAIL 866-244-1528**

Amanda D. Darwin, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110

Re:     In re NorthWestern Corporation Case No. 03-12872

Dear Amanda:

This letter is to acknowledge receipt of your letter dated November 1, 2004 and the accompanying schedules. Please be advised that NorthWestern Corporation has already paid those fees of $54,307.48 incurred by Bryan Cave LLP as counsel to the Bank of New York. Please be further advised that NorthWestern disputes, and will not pay any of, the fees submitted on behalf of Law Debenture Trust Company of New York as successor trustee pursuant to your November 1 letter. From our perspective, Law Debenture did not make a "substantial contribution" in NorthWestern's Chapter 11 case such that any fees and expenses incurred by or on behalf of Law Debenture should be allowed to pursuant to Section 503 of the Bankruptcy Code.

If Law Debenture wishes to contest this position, the deadline for filing final fee applications, including an application pursuant to Section 503 of the Bankruptcy Code, is December 1, 2004, with a final hearing to consider approval of fees and expenses to be paid in NorthWestern's bankruptcy case to be held on January 27, 2005 before Judge John Peterson in Butte, Montana.

Please let us know if you have any questions concerning NorthWestern's position as stated in this letter.

ATL/1071486.1

**Paul**Hastings
ATTORNEYS

Amanda D. Darwin, Esq.
November 9, 2004
Page 2

Yours very truly,

Jesse H. Austin, III
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

JHA:ld

cc:    Alan W. Kornberg, Esq. (enclosed is a copy of November 1 letter and attached
              schedules)
        Thomas J. Knapp, Esq. (enclosed is a copy of November 1 letter and attached
              schedules)
        John V. Snellings, Esq. (w/o enclosure)
        Karol K. Denniston, Esq. (w/o enclosure)
        Scott D. Cousins, Esq. (w/o enclosure)

11/09/2004 18:23 FAX 4048152424    Paul, Hastings 1    ☑001

```
                    ********************************
                    ***   MULTI TX/RX REPORT   ***
                    ********************************

TX/RX NO            1065
PGS.                3
TX/RX INCOMPLETE    (4)   ##59322#918___1732#
TRANSACTION OK      (1)   ##59322#918__2441#
                    (2)   ##59322#912____#
                    (3)   ##59322#914195315057#
                    (5)   ##59322#913026617360#

ERROR INFORMATION   -----
```

## Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

### FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Amanda Darwin, Esq. | Nixon Peabody LLP | 866-244-1528 | 617-345-1042 |
| cc: | | | |
| Alan W. Kornberg, Esq. | Paul Weiss | 212-373-2053 | 212-373-3209 |
| Tom Knapp, Esq. | NorthWestern | 419-831-5057 | 202-508-9561 |
| John Snellings, Esq. | Nixon Peabody | 866-847-1732 | 617-345-1202 |
| Karol Denniston, Esq. | PHJW - ATL | | |
| Scott Cousins, Esq. | Greenberg Traurig | 302-661-7360 | 302-661-7373 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Jesse H. Austin, III | (404) 815-2424 | (404) 815-2208 | JHA |

| client name: | | client matter number: | |
|---|---|---|---|
| NorthWestern | | 38910.00006 | |

| date: | | pages (with cover): | |
|---|---|---|---|
| November 9, 2004 | | 3 | |

comments:



```
***********************
***    TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              1066
CONNECTION TEL        ##59322#9186 441
CONNECTION ID
ST. TIME              11/09 1
USAGE T               00'3
PGS. SENT             3
RESULT                OK
```

**Paul**Hastings
**ATTORNEYS**

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

### FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Amanda Darwin, Esq. | Nixon Peabody LLP | 866-244-1528 | 617-345-1042 |
| cc: | | | |
| Alan W. Kornberg, Esq. | Paul Weiss | 212-373-2053 | 212-373-3209 |
| Tom Knapp, Esq. | NorthWestern | 419-831-5057 | 202-508-9561 |
| John Snellings, Esq. | Nixon Peabody | 866-847-1732 | 617-345-1202 |
| Karol Denniston, Esq. | PHJW - ATL | | |
| Scott Cousins, Esq. | Greenberg Traurig | 302-661-7360 | 302-661-7373 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Jesse H. Austin, III | (404) 815-2424 | (404) 815-2208 | JHA |

| client name: | NorthWestern | client matter number: | 38910.00006 |
|---|---|---|---|
| date: | November 9, 2004 | pages (with cover): | 3 |

comments:

2004 NOV 9 PM 5: 11



Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Amanda Darwin, Esq. | Nixon Peabody LLP | 866-244-1528 | 617-345-1042 |
| cc: | | | |
| Alan W. Kornberg, Esq. | Paul Weiss | 212-373-2053 | 212-373-3209 |
| Tom Knapp, Esq. | NorthWestern | 419-831-5057 | 202-508-9561 |
| John Snellings, Esq. | Nixon Peabody | 866-847-1732 | 617-345-1202 |
| Karol Denniston, Esq. | PHJW - ATL | | |
| Scott Cousins, Esq. | Greenberg Traurig | 302-661-7360 | 302-661-7373 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Jesse H. Austin, III | (404) 815-2424 | (404) 815-2208 | JHA |

| client name: | NorthWestern | client matter number: | 38910.00006 |
|---|---|---|---|
| date: | November 9, 2004 | pages (with cover): | 3 |

comments:

2004 NOV 9  PM 5 11

---

**If you do not receive all pages, please call immediately Facsimile Center: (404) 815-2444**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

ATL/1071506.1

**<u>Exhibit C</u>**

(See Attached)

U


ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(404) 815-2347
karolkdenniston@paulhastings.com

November 15, 2004                                    38910.00006

Amanda D. Darwin, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, Massachusetts 02110-2131

Re:   In re Northwestern Corporation, ("Debtor"), Case No. 03-12872, United States
      Bankruptcy Court for the District of Delaware

Dear Amanda:

We are in receipt of your letter dated November 10, 2004 and are troubled by its contents
as well as the implications for further settlement discussions with the Debtor.

First and foremost at no time has the Debtor ever agreed to pay any of Law Debenture's
fees or costs incurred in connection with this bankruptcy proceeding or any of the
adversary proceedings. It is and always has been the Debtor's position that the activities
of Law Debenture did not add to or benefit the bankruptcy estate and as such the Debtor
is not going to pay, absent a Court order compelling it to do so, any of Law Debenture's
fees or costs.

As you know from our discussions, the Debtor has been considering a Rule 9019
settlement proposal to be made to those holders of QUIPS that did not elect option 1
under the Plan who would like to settle their QUIPS Litigation Claims and receive in
settlement the same distribution provided to Option 1 claimants. Notwithstanding the
Debtor's strong interest in exploring possible settlement with remaining QUIPS Litigation
claimants, the Debtor is concerned that it is unable to proceed with settlement at this time
because of the exercise of the Indenture Trustee's Charging Lien. Your letter which
unequivocally exercises the charging lien, now places the Indenture Trustee in a direct
conflict situation with all QUIPS holders who may or may not be aware of the Indenture
Trustee's exercise of this charging lien. As a result, it has direct implications on whether
and how the Debtor may make a settlement proposal given that the Indenture Trustee
may have a direct and competing interest in settlement proceeds, an interest that appears
to be adverse to the QUIPS holders.

We are further troubled by the exercise of the charging lien because we are aware that
Magten Asset Management Corporation ("Magten") has provided Law Debenture with
full indemnification. In fact, Daniel Fisher testified at his deposition that Law Debenture
requested and obtained indemnity from Magten. Deposition of Daniel K. Fisher at 30-31.

**Paul**Hastings
ATTORNEYS

Amanda D. Darwin, Esq.
November 15, 2004
Page 2

As counsel to the Debtor we are greatly concerned about the lack of disclosure to the QUIPS holders regarding the indemnification provided by Magten as well as this recent exercise of the Indenture Trustee's Charging Lien.  As you know, there have been no notices filed in the bankruptcy proceeding regarding disclosure of the indemnification provided by Magten or Law Debenture's exercise of the charging lien.  Accordingly, until the matters relating to disclosure and what appears to be a direct conflict of interest can be addressed, the Debtor will not be able to proceed with the 9019 settlement proposal previously discussed.

Should you wish to discuss the foregoing, please do not hesitate to give me a call.

Best regards,

Karol K. Denniston
Of Counsel

xc:    Thomas Knapp
       Jesse Austin
       Karen Leach

ATL/1072079.1

**<u>Exhibit D</u>**

(See Attached)

11-23-2004  02:31pm  From-NIXON PEABODY LLP                6173451300           T-146  P.001/003  F-810

# Nixon Peabody LLP

100 Summer Street
Boston, MA  02110
(617) 345-1000

Fax: (617) 345-1300

| PRIVILEGE AND CONFIDENTIALITY NOTICE |
|---|
| The information in this fax is intended for the named recipients only.  It contains privileged and confidential matter.  If you have received this fax in error, please notify us immediately by a collect telephone call to (617) 345-1246 and return the original to the sender by mail. We will reimburse you for postage.  Do not disclose the contents to anyone. Thank you. |

# FAX

| To: | Company: | Fax #: | Telephone #: |
|---|---|---|---|
| Karol K. Denniston, Esq. | Paul, Hastings, Janofsky & Walker LLP | (404) 815-2424 | |
| | | | |
| | | | |
| | | | |
| | | | |

INTERNATIONAL PHONE NUMBERS MUST INCLUDE COUNTRY & CITY CODE.  SEE LOCAL WHITE PAGES FOR CODES NEEDED.

| From: | John V. Snellings | Date: | November 23, 2004 | No. of Pages: (include cover page) | 3 |
|---|---|---|---|---|---|

**Comments:**


BOS1: 409020v1

Original of the transmitted document will be sent by:

☐ First Class Mail    ☐ Overnight Mail    ☐ Hand Delivery    ☐ This transmission will be the only form of delivery of this document.

**IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT THE FAX OPERATOR AS SOON AS POSSIBLE AT: (617) 345-1246.**

**SENDER - PLEASE COMPLETE**

| Date/Time Submitted | | Client # | 032107-2 |
|---|---|---|---|
| # of Pages (inc. Cover page) | 3 | Attorney/PX # | 7180 |



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, MA 02110-2131
(617) 345-1000
Fax: (617) 345-1300

John V. Snellings
Direct Dial: (617) 345-1202
E-Mail: jsnellings@nixonpeabody.com

November 23, 2004

BY FACSIMILE
AND U.S. MAIL

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E., 24th Floor
Atlanta, GA 30308

>    Re:    In Re: Northwestern Corporation

Dear Karol:

We are in receipt of your letter of November 15, 2004 and are bewildered by the position the Debtor is now taking with regard to Law Debenture's fees and expenses, the exercise of Law Debenture's charging lien and our efforts to find a mechanism by which QUIPS holders who chose treatment under Option 2 might now select treatment under Option 1.

The letter states that "at no time has the Debtor ever agreed to pay any of Law Debenture's fees and costs incurred with the adversary proceeding or any of the adversary proceedings. It is and always has been the Debtor's position that the activities of Law Debenture did not add to or benefit the bankruptcy estate... ." This assertion is utterly inaccurate and inconsistent with both our conversations with your office and the public record. The Plan specifically states that the fees and costs of all indenture trustees shall be paid by the Debtor. Nowhere in the Plan nor Disclosure Statement did the Debtor take the position that it was going to object to the fees and costs of Law Debenture. Since it has "always...been the Debtor's position" not to pay Law Debenture's costs and fees, one must wonder why such an important disclosure was omitted from the Disclosure Statement.

Furthermore, the Debtor's position is contrary to the Debtor's postings on its website. In its posting addressed "To the Indenture Trustees identified on the Distribution List hereto", Law Debenture is identified. The Debtor states "All of the fees and expenses of the Indenture Trustees will have been paid in full on the Effective Date with the exception of Wilmington

11-23-2004  02:52pm  From-NIXON PEABODY LLP                6179451300        T-148  P.003/003  F-910

## NIXON PEABODY LLP

Karol K. Denniston, Esq.
November 23, 2004
Page 2

Trust Company, Indenture Trustee for Class 8(b) [sic] Trust Preferred Securities, which will receive shares of New Common Stock for its final fees and expenses." There is no indication through this notice that Law Debenture's fees were being objected to and not paid.

The second disturbing declaration in the letter is the Debtor's feigned concern regarding Law Debenture's exercise of its charging lien rights and a possible conflict of interest now arising with its holders. It is specious for the Debtor to voice any such concern when the conflict is of its own making. The Debtor and the QUIPS holders are well aware that the QUIPS Indenture provides for a charging lien. The charging lien and its continuation were disclosed as part of the Debtor's Plan. The charging lien attaches whether a QUIPS holder chooses Option 1 or Option 2. If it is true that the Debtor has always taken the position that it was not going to pay Law Debenture's fees, it should have "always" known that Law Debenture would rely on the charging lien. The only concern the Debtor should have is with its own failure to disclose to the QUIPS holders that it would object to Law Debenture's fees and, by its own action, create a significant impairment in their treatment under the Plan. It also calls into question whether or not the Debtor's pronouncements during the confirmation process that the Class 8(a) and Class 8(b) claims were being similarly treated was knowingly false and misleading. Moreover, the Debtor should be further concerned that it continues to perpetuate this misleading disclosure on its website.

Finally, if the Debtor is troubled by the indemnification received from Magten Asset Management, it should read more closely Dan Fisher's deposition. The line of questioning to which Dan Fisher testified related to Law Debenture's "being sued or found liable in your capacity as in indentured trustee," in Mr. Brown's words at Page 28. Nowhere in the line of questioning did Mr. Brown ask about Magten's indemnification of Law Debenture's fees and expenses.

It is unfortunate that the tone of this relationship has deteriorated significantly in the past several days. Law Debenture had hoped that conversations regarding the transfer of Option 2 claimants to Option 1 was a positive step to possibly resolving all disputes with the Debtors. It appears that notwithstanding its public pronouncements, the Debtor has abandoned that objective.

Very truly yours,

John V. Snellings

JVS/adb
cc:    Daniel Fisher (by facsimile)
       Amanda Darwin, Esq.

9081439266.1

**Exhibit E**

(See Attached)

**Paul**Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(404) 815-2347
karolkdenniston@paulhastings.com

November 30, 2004

38910.00006

John V. Snellings, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, Massachusetts 02110-2131

Re:    In re Northwestern Corporation, ("Debtor"), Case No. 03-12872, United States
Bankruptcy Court for the District of Delaware

Dear John:

This letter will confirm our recent conversations regarding Law Debenture's request for payment of legal fees and costs. Pursuant to our conversation, the Debtor advised Law Debenture Trust Company of New York ("Law Debenture") that it intends to comply with the terms of the Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated August 18, 2004 (the "Plan")[1] and, pursuant to Section 5.18 of the Plan, pay reasonable and necessary legal fees and expenses of Law Debenture, as indenture trustee under the QUIPS Indenture, pursuant to Section 503 of the Bankruptcy Code and in accordance with the terms of the QUIPS Indenture. However, as of our most recent conversation, the Debtor has not been able to determine the reasonableness of the fees and expenses requested by Law Debenture.

This will also confirm the Debtor's request that Law Debenture provide additional information segregating its fees and expenses. In particular the Debtor requests that all fees and expenses related to the QUIPS Litigation be segregated from fees and expenses reasonably and necessarily incurred in this case by Law Debenture in the ordinary course. The Debtor also requests that Law Debenture provide additional information regarding the reasonableness of the fees and expenses requested including detailed time descriptions for internal fees and expenses as well as services performed by Law Debenture's various professionals.

Upon receipt of the additional information regarding the fees and expenses incurred by Law Debenture, the Debtor timely will conduct a reasonableness review of such fees and expenses. Upon completion of its review, the Debtor will advise Law Debenture of the fees and expenses incurred which the Debtor has determined to be reasonable and will pay, consistent with the terms of Section 5.18 of the Plan and the Administrative Order Establishing Procedures for Allowance and Payment of Interim Compensation and

---

[1] Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to such term in the Plan.
ATL/1075192.1

Paul Hastings
ATTORNEYS

John V. Snellings, Esq.
November 30, 2004
Page 2

Reimbursement of Expenses of Professionals (the "Interim Procedures Order"), such
agreed upon fees and expenses upon receipt of a certificate of no objection or court order.

As discussed yesterday, the Debtor has not and cannot agree to pay the fees and expenses
incurred by Law Debenture in connection with the QUIPS Litigation and related
contested bankruptcy motion practice and litigation. While the Bankruptcy Court has
scheduled a final fee application hearing for January 26, 2004 in Butte, Montana, the
Debtor intends to continue working with Law Debenture to reach a consensual
agreement, if at all possible, as to the amount of fees and expenses to be paid to Law
Debenture as reasonable and necessary indenture trustee related fees and expenses,
excluding as set forth above, fees and expenses incurred in connection with the QUIPS
Litigation and related contested bankruptcy motion practice and litigation.

Lastly, this letter will confirm that Law Debenture intends to disclose the exercise of its
Indenture Trustee Charging Lien provided for in Section 5.18 of the Debtor's Plan to
holders of the QUIPS Notes in its fee application. As soon as the disclosure has been
made the Debtor intends to proceed with settlement discussions to address the requests
of Option 2 holders who now wish to accept the settlement provided to Option 1 holders
under the Plan.

Should you wish to discuss the foregoing, please do not hesitate to give me a call.

Best regards,

Karol K. Denniston

Karol K. Denniston
Of Counsel

xc:     Amanda Darwin

ATL/1075192.1

**Paul**Hastings
ATTORNEYS

John V. Snellings, Esq.
November 30, 2004
Page 3

bxc:    Alan Kornberg
        Thomas Knapp
        Jesse Austin

.

ATL/1075192.1

**<u>Exhibit F</u>**

(See Attached)



Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(404) 815-2347
karolkdenniston@paulhastings.com

December 21, 2004                                                    38910.00006

John V. Snellings, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, Massachusetts 02110-2131

Re:    In re Northwestern Corporation, ("Debtor"), Case No. 03-12872, United States
       Bankruptcy Court for the District of Delaware

Dear John:

This letter will confirm receipt of your letter dated December 17, 2004 regarding Law
Debenture Trust Company of New York's ("Law Debenture") request for payment of
fees and expenses.  Consistent with our prior conversations, the Debtor intends to comply
with the terms of the Second Amended and Restated Plan of Reorganization Under
Chapter 11 of the Bankruptcy Code dated August 18, 2004 (the "Plan") [1] and, pursuant to
Section 5.18 of the Plan, pay reasonable and necessary legal fees and expenses of Law
Debenture, as indenture trustee under the QUIPS Indenture,  pursuant to Section 503 of
the Bankruptcy Code and in accordance with the terms of the QUIPS Indenture.

In connection with the payment of any fees and expenses incurred, the Debtor requested,
in a letter dated November 30, 2004, additional information regarding Law Debenture's
fees and expenses.  In particular, the Debtor requested that all fees and expenses related to
the QUIPS Litigation be segregated from fees and expenses reasonably and necessarily
incurred in this case by Law Debenture in the ordinary course.

The November 30, 2004 letter also requested that Law Debenture provide additional
information regarding the reasonableness of the fees and expenses requested including
detailed time descriptions for internal fees and expenses as well as services performed by
Law Debenture's various professionals.   In particular, many of the time entries fail to
provide sufficient descriptions of the subject matter of conference calls, correspondence
and other services performed.

While Law Debenture's Request for Payment of Fees and Reimbursement of Expenses
Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture filed on
December 1, 2004 (the "Fee Application") and your December 17, 2004 letter included a
breakdown of categories, both documents failed to provide any detailed analysis and/or
back-up related to the purpose of the actual services delivered.

---

[1] Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to such term
in the Plan.
ATL/1078585.3

**Paul**Hastings
ATTORNEYS

John V. Snellings, Esq.
December 21, 2004
Page 2

Despite the specific requests for additional information as set forth in the November 30,
2004 letter, the Debtor has not received (i) any information or analysis regarding Law
Debenture's segregation of fees and expenses related to the QUIPS Litigation, including
specific time entries included related to the QUIPS Litigation or (ii) any additional
information regarding individual time entries, including detailed descriptions of the
services performed in connection with specific matters.

In order to determine the reasonableness of Law Debenture's fees and expenses, the
Debtor requests detailed analysis of the services provide in EACH of the following
categories including breakouts of detailed time descriptions by category and professional
service provider:

| | | |
|---|---|---|
| A. | Communications with QUIPS Holders and general trust indenture administration | $65,326.50 |
| B. | Participation in creditors committee and related matters | $67,088.60 |
| C. | Review and analysis of general bankruptcy matters | $88,735.00 |
| D. | Preparation of proof of claims | $32,113.50 |
| E. | Bankruptcy Litigation[2] | $114,511.00 |
| F. | Plan and Disclosure Statement matters | $452,688.90 |
| | Expense Reimbursement | $21,994.49 |
| | Law Debenture's Officer Time | $129,564.87 |
| | Law Debenture's Annual Administration Fee | $45,000.00 |
| | Fees of Local Counsel, Smith Katzenstein & Furlow | $8,047.50 |
| | **TOTAL** | **$1,025,070.36** |

Upon receipt of sufficient documentation, the fees included in categories C and D above
may prove to be reasonable. However, the Debtor requests additional information related
to these categories, as described above, *including the individual time descriptions* broken
out by professional service provider and category.

As to the fees related to the time of Law Debenture's Officer, based on the descriptions
provided, the Debtor cannot determine whether such fees are reasonable or whether the
trustee's services substantially contributed to the Debtor's case or were in fact primarily
for services the Indenture Trustee would normally provide in its role as successor
indenture trustee.[3]

---

[2] The Debtor has not and cannot agree to pay the fees and expenses incurred by Law Debenture in
connection with the QUIPS Litigation and related contested bankruptcy motion practice and litigation.
However, the Debtor requests any information or analysis regarding Law Debenture's segregation of fees
and expenses related to the QUIPS Litigation.

[3] The Bankruptcy Code provides that "reasonable compensation for services rendered by an indenture
trustee in making a substantial contribution in a case under chapter 9 or 11 of this title, based on the time,

ATL/1078585.3

**Paul**Hastings
ATTORNEYS

John V. Snellings, Esq.
December 21, 2004
Page 3

Upon receipt of the specific detailed information, now requested at least twice, the Debtor timely will conduct a reasonableness review of such fees and expenses. Upon completion of its review, the Debtor will advise Law Debenture of the fees and expenses incurred which the Debtor has determined to be reasonable and will pay, consistent with the terms of Section 5.18 of the Plan and the Administrative Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Procedures Order"), such agreed upon fees and expenses upon receipt of a certificate of no objection or court order.

The Debtor reiterates that it has not and cannot agree to pay the fees and expenses incurred by Law Debenture in connection with the QUIPS Litigation and related contested bankruptcy motion practice and litigation. While the Bankruptcy Court has scheduled a final fee application hearing for January 26, 2004 in Butte, Montana, the Debtor intends to continue working with Law Debenture to reach a consensual agreement, if at all possible, as to the amount of fees and expenses to be paid to Law Debenture as reasonable and necessary indenture trustee related fees and expenses, excluding as set forth above, fees and expenses incurred in connection with the QUIPS Litigation and related contested bankruptcy motion practice and litigation. This process can only be successful if the requested additional documentation is supported.

A separate letter regarding a Rule 9019 Settlement proposal for those holders of QUIPS that did not elect Option 1 under the Debtor's Plan is being sent.

Should you wish to discuss the foregoing, please do not hesitate to give me a call.

Best regards,

*Karol K. Denniston/cc*

Karol K. Denniston
Of Counsel

xc:    Amanda Darwin

---

the nature, the extent, and the value of such services, and the cost of comparable services. . ." 11 U.S. C.
§503(b)(5)(emphasis added).
ATL/1078585.3

**Paul** *Hastings*
ATTORNEYS

John V. Snellings, Esq.
December 21, 2004
Page 4


bxc:   Alan Kornberg
       Thomas Knapp
       Jesse H. Austin, III

ATL/1078585.3