# APP. 27

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JPL) |
| Debtor. | Related Docket No.: 2502 |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503 BY LAW DEBENTURE TRUST COMPANY OF NEW YORK AS SUCCESSOR TRUSTEE FOR THE 8.45% CUMULATIVE QUARTERLY INCOME PREFERRED SECURITIES, SERIES A (THE "QUIPS")**

Law Debenture Trust Company of New York in its capacities (a) as successor indenture trustee (when acting in such capacity, the "Indenture Trustee") under a certain Indenture described below, (b) as successor property trustee (when acting in such capacity, the "Property Trustee") under a certain Trust Agreement described below, and (c) as successor guarantee trustee (when acting in such capacity, the "Guarantee Trustee") under a certain guarantee agreement described below (the Indenture Trustee, the Guarantee Trustee and the Property Trustee are hereinafter sometimes referred to collectively as the "Trustee"), by and through its undersigned counsel, hereby files this Request for Payment of Administrative Expenses for the fees and expenses that the Trustee incurred on behalf of the holders of the above-noted QUIPS (the "Holders") pursuant to 11 U.S.C. §503(b) and other applicable provisions of the Bankruptcy Code, and in accordance with the Order (the "Order") (A) Fixing Administrative Bar Date for

BOS1443244-1

Filing Proofs of Claim Against the Debtor, and (B) Approving Notice and Procedures Related Thereto.[1]

INTRODUCTION:

1.  Law Debenture Trust Company of New York is a banking corporation duly organized under the laws of the State of New York, with an office at 767 Third Avenue, 31st Floor, New York, New York 10017.

2.  The Indenture Trustee is duly appointed and serving as successor trustee to The Bank of New York as trustee under that certain Indenture, dated as of November 1, 1996 (as amended and supplemented from time to time, the "Indenture"), by and between The Montana Power Company, a Montana corporation (the "Montana Power Company") and The Bank of New York as trustee, pursuant to which, among other things, Montana Power Company issued to Montana Power Capital I, a Delaware statutory business trust ("Montana Power Capital I") certain 8.45% Junior Subordinated Debentures (the "Debentures") in the original aggregate principal amount of $67,010,325.00, which Indenture was amended and supplemented by the following:

   (a)  a certain First Supplemental Indenture, dated as of February 13, 2002, by and between The Bank of New York as trustee and Northwestern Energy, L.L.C. (formerly known as The Montana Power L.L.C.), a Montana limited liability company and the successor by merger to Montana Power Company ("Northwestern Energy");

   (b)  a certain Second Supplemental Indenture, dated as of August 13, 2002, by and between The Bank of New York as trustee and Northwestern Energy; and

   (c)  a certain Third Supplemental Indenture, dated as of November 15, 2002,

---

[1] Having previously filed the Request for Payment referred to in Paragraph 14 *infra*, it is not clear that the Trustee is required to file this Administrative Claim in response to the Order. However, in an abundance of caution, the Trustee is doing so because it believes that all of the fees and expenses that it has incurred in connection with this Chapter 11 case are administrative expenses that should be reimbursed by the Debtor.

by and between Northwestern Corporation, a Delaware corporation (the "Debtor") and The Bank of New York as trustee, pursuant to which, among other things, the Debtor assumed all of the obligations of Montana Power Company under the Debentures and the Indenture.

The Indenture, as so amended and supplemented, is hereinafter referred to as the "Indenture."

3. The Property Trustee is duly appointed and serving as successor property trustee to The Bank of New York as property trustee under that certain Amended and Restated Trust Agreement, dated as of November 1, 1996 (as amended and supplemented from time to time, the "Trust Agreement"), by and among Montana Power Company, The Bank of New York as property trustee, The Bank of New York (Delaware) as Delaware trustee and certain administrative trustees named therein, pursuant to which, among other things, Montana Power Capital I issued the QUIPS.

4. The Guarantee Trustee is duly appointed and serving as successor guarantee trustee to The Bank of New York as guarantee trustee under that certain Guarantee Agreement, dated as of November 1, 1996, by and between Montana Power Company and The Bank of New York as guarantee trustee, pursuant to which, among other things, Montana Power Company irrevocably and unconditionally guaranteed certain indebtedness, obligations and liabilities of Montana Power Capital I arising under the QUIPS. Pursuant to the provisions of that certain Assumption Agreement, dated as of November 15, 2002, by and between Northwestern Energy (as successor by merger to Montana Power Company) and the Debtor, the Debtor assumed all of the obligations of Montana Power Company under said Guarantee Agreement (said Guarantee Agreement, together with said Assumption Agreement, are hereinafter referred to collectively as the "Guarantee Agreement").

5. The Indenture, the Trust Agreement, the Guarantee Agreement, the Debentures and the QUIPS are collectively referred to herein as the "Debenture Documents."

<u>BASIS FOR ADMINISTRATIVE CLAIM</u>:

6.   Under Section 315(c) of the Trust Indenture Act of 1939, as amended (the "<u>TIA</u>"), if an event of default has occurred and is continuing under the applicable indenture, the indenture trustee must:

> exercise… such of the rights and powers vested in it by such indenture, and to use the same degree of care and skill in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.

15 U.S.C. § 77oooo(c) (2004).  Under Section 801 of the Indenture, the commencement of this Bankruptcy Case constitutes an event of default.  Sections 803 and 901 of the Indenture further describes the rights and duties of the indenture trustee thereunder by, *inter alia*, reference to these provisions of the TIA.

7.   Pursuant to these provisions, the indenture trustee serves in a fiduciary capacity and is under a duty to look out for the interests of debenture holders in the reorganization and to guard the value of the assets underlying those interests.  <u>In re New York, New Haven & Hartford R. Co</u>., 421 F. Supp. 249, 257-58 (D. Conn. 1976), *aff'd*, 567 F.2d 166 (2d Cir. 1977), *cert. denied sub nom*.; <u>Zeldes v. Manufacturers Hanover Trust Co</u>., 434 U.S. 833, 54 L. Ed. 2d 94, 98 S.Ct. 120 (1977).  The indenture trustee must also keep informed of the reorganization proceedings and participate therein, and offer suggestions and otherwise intervene where necessary to perform its functions.  <u>Id.</u>  These services generally aid the administration of the estate and the reorganization of the debtor.  <u>Id.</u>

8.   In the present matter, the Indenture Trustee was, and is, acting pursuant to the mandate of the TIA and the Debenture Documents to fulfill its fiduciary duties to the QUIPS holders in the Debtor's bankruptcy case.  The Trustee holds none of the QUIPS for its own account.

4

9. Section 907 of the Indenture provides, *in pertinent part*, that the Debtor shall:

> (a) pay to the Trustee from time to time reasonable compensation for all services rendered by it hereunder (which compensation shall not be limited by any provision of law in regard to the compensation of a trustee of an express trust);
>
> (b) … reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances reasonably incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel), except to the extent that any such expense, disbursement or advance may be attributable to the Trustee's negligence wilful misconduct or bad faith…."

10. Section 907 of the Indenture provides that when the Trustee incurs expenses or renders services in connection with an Event of Default arising from the commencement of a bankruptcy proceeding by the Debtor,

> the expenses and the compensation for the services (including the fees and expenses of its agent and counsel) are intended to constitute expenses of administration under any Bankruptcy Law.

11. Additionally, §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code provide for payment on an administrative expense basis for the actual, necessary expenses and reasonable professional fees incurred by an indenture trustee where the indenture trustee has made a substantial contribution in a case.

12. Further, during the period from February 2, 2004 to and including May 6, 2004, the Trustee served as a member of the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") appointed in this Chapter 11 case.[2] Section 503(b)(3)(F) of the Bankruptcy Code provides for the reimbursement of the actual, necessary expenses incurred by a

---

[2] The Bank of New York as the original Trustee for the QUIPS was selected and served as a member of the Creditors' Committee from the initial formation of the Creditors' Committee until the appointment of Law Debenture Trust Company of New York as successor Trustee. The Bank of New York as Trustee has been paid in full for all of its fee and expenses (including its legal fees and expenses). Accordingly, no additional claim is hereby being asserted for and on behalf of The Bank of New York as the prior Trustee.

member of the Creditors' Committee in the performance of the duties of such committee. See In re First Merchants Acceptance Corporation, 198 F. 3d 394(3rd. Cir. 1999) and In re Worldwide Direct, Inc., 259 B.R. 56 (Bankr. D. Del. 2001).

13.     Other sections of the Bankruptcy Code also support payment of the Trustee's fees and expenses and those of its counsel as an administrative claim, and the Trustee reserves the right to reference such other sections of the Bankruptcy Code in support thereof.

AMOUNT AND NATURE OF CLAIM:

14.     On December 1, 2004, the Trustee filed with this Court its Request of Law Debenture Trust Company of New York for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture (the "Request for Payment"). The Request for Payment seeks fees and expenses in the amount of $1,025,070.30 which includes $958,075.87 on account of professional services rendered, $21,994.49 for expenses incurred and $45,000.00 on account of the unpaid Annual Administration Fees incurred under the Indenture. The Request for Payment is hereby incorporated herein by reference.[3]

RESERVATION OF RIGHTS AND CLAIMS:

15.     The filing of this Administrative Claim is specifically made without any election of rights and remedies, and the Trustee hereby reserves all rights and remedies which it or the Holders may have, in addition to the filing of and pursuit of this Administrative Claim, as well as the Request for Payment, against any other person or entity. The Trustee reserves the right to amend this Administrative Claim.

---

[3] As was done in the Request for Payment (footnote 1), the Trustee hereby expressly reserves the right to amend this Administrative Claim to include any fees and expenses incurred from and after the filing of the Request for Payment.

6

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing and directing the Debtor to pay $1,025,070.30 to the Trustee on an administrative expense basis pursuant to, *inter alia*, 11 U.S.C. § 503.

| | |
|---|---|
| Dated: January 14, 2005. | SMITH KATZENSTEIN & FURLOW LLP |

  /s/ Kathleen. M. Miller
Kathleen M. Miller (DE No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

-and-

NIXON PEABODY LLP
John V. Snellings (BBO No. 548791)
Francis C. Morrissey (BBO No. 567589)
Lee Harrington (DE No. 4046)
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1201
Facsimile: (617) 866) 947-1732

Counsel for Law Debenture Trust Company of New York

7

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this **14th** day of **January, 2005**, a copy of the foregoing *Request For Payment Of Administrative Expenses Pursuant To 11 U.S.C. § 503 By Law Debenture Trust Company Of New York As Successor Trustee For The 8.45% Cumulative Quarterly Income Preferred Securities, Series A (The "Quips")* was served on the following parties in the manner indicated:

**VIA FACSIMILE**
Jesse H. Austin, III, Esquire
Karol Denniston, Esquire
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, Suite 2400
Atlanta, GA 30308
Facsimile: 404-815-2424

**VIA HAND DELIVERY**
Scott D Cousins, Esquire
William E. Chipman, Jr., Esquire
Greenburg Traurig LLP
The Brandywine Building
1000 West Street
Suite 1540
Wilmington, DE 19801

**VIA FACSIMILE**
Alan W. Kornberg, Esq.
Ephraim I. Diamond, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY  10019
Facsimile: 212-757-3990

**VIA HAND DELIVERY**
Mark S. Kenney
Office of the U.S. Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19899

                                                  /s/ Kathleen M. Miller
                                                  Kathleen M. Miller

MCM0309