# APP. 28

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| NORTHWESTERN CORPORATION, : | Case No. 03-12872 (JLP) |
| Reorganized Debtor. : | |

**OBJECTION TO THE REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. SECTION 503 BY LAW DEBENTURE TRUST COMPANY OF NEW YORK AS SUCCESSOR TRUSTEE FOR THE 8.45% CUMULATIVE QUARTERLY INCOME PREFERRED SECURITIES SERIES A**

NorthWestern Corporation ("NOR"), by and through its undersigned counsel, hereby files its Objection to the Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503 by Law Debenture Trust Company of New York as Successor Trustee for the 8.45% Cumulative Quarterly Income Preferred Securities Series A (the "QUIPS"). On or about January 14, 2005, Law Debenture Trust Company of New York ("Law Debenture") filed its Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. Section 503 by Law Debenture Trust Company of New York, (the "Administrative Expense Claim") as Successor Trustee for the 8.45% Cumulative Quarterly Income Preferred Securities, Series A. NOR files the Objection to Law Debenture's Administrative Expense Claim and in support thereof, NOR respectfully represents as follows:

## BACKGROUND

1. On September 14, 2003 (the "Petition Date"), NOR filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 19, 2004, an order confirming the

Debtor's Second Amended and Restated Plan of Reorganization (the "Plan")[1] was entered (the "Confirmation Order"). The effective date under such Plan occurred on November 1, 2004.

2. No request has been made for the appointment of a trustee or examiner in this case. An Official Committee of Unsecured Creditors was appointed by the Office of United States Trustee on September 30, 2003 (the "Committee"). On or about February 20, 2004, Law Debenture was appointed as a member of the Committee, as successor to Bank of New York; however, by notice dated May 6, 2004, the United States Trustee removed Law Debenture from the Committee.

3. NOR is a publicly traded Delaware corporation which was incorporated in 1923. NOR and its direct and indirect energy subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 608,000 customers throughout Montana, South Dakota and Nebraska.

4. The Administrative Expense Claim asserts fees and expenses in the amount of $1,025,070.30 which includes $958,075.87 on account of professional services rendered, $21,994.49 for expenses incurred and $45,000.00 on account of the unpaid annual administration fees incurred under the QUIPS Indenture.[2] The professional services for which Law Debenture included in its Administrative Expense Claim were for services including, but not limited to, communications with QUIPs holders and general trust indenture administration, participation on

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.
[2] The fees and expenses requested by Law Debenture far exceed the amounts incurred by other indenture trustees involved in the bankruptcy proceeding. For example, HSBC Bank USA, as indenture trustee under that certain Indenture between The Montana Power Company and Citibank, as original indenture trustee, dated as of December 1, 1989 (as supplemented, amended and further documented from time to time) ("HSBC"), requested, and NorthWestern paid, fees and expenses totaling $745,729.18 for the period of September 15, 2003 through October 29, 2004. The fees and expenses requested by HSBC included $30,000 in annual administrative fees and $668,818.88 in professional fees and expenses. To make the comparison even more applicable, NOR paid HSBC's professional fees in the amount of approximately $425,376.00 for the period of September 15, 2003 through May 31, 2004. Moreover, it is clear that HSBC's membership on the Committee and participation in the bankruptcy case, including its support of the Plan, substantially contributed to the bankruptcy estate.

ATL/1099419.1            2

the Committee, review and analysis of general bankruptcy matters, preparation of proofs of claim, bankruptcy litigation and plan and disclosure statement matters.

**QUIPS Indenture**

5. Law Debenture is serving as successor Indenture Trustee to The Bank of New York as indenture trustee under the Indenture pursuant to which the Montana Power Company ("Montana Power") issued certain 8.45% Junior Subordinated Debentures to Montana Power Capital I, which, then issued certain 8.45% Cumulative Quarterly Income Preferred Securities, Series A (the "QUIPS").

6. In connection with fees and expenses of Indenture Trustees the Plan provides the following:

> the Reorganized Debtor is hereby authorized to pay the Indenture Trustees' Fees and Expenses in full and in Cash, in an amount to be agreed upon among the Debtor and each of the Indenture Trustees. **In the event that the parties cannot reach agreement on the amount thereof, any disputed amount shall be determined by the Court, pursuant to Section 503 of the Bankruptcy Code, and in accordance with the terms of the applicable Indenture.** Plan, §5.18 and Confirmation Order, ¶ 16 (emphasis added).

7. In connection with Distributions to holders of Allowed Class 8(b) Claims under Section 4.8(b) of the Plan, on or about December 23, 2004, mindful of its obligation to deliver shares of Common Stock and Warrants to holders of Class 8(b) claims who elected, or were deemed to have elected, Option 1 under Section 4.8(b) of the Plan and Law Debenture Trust Company of New York's exercise of its Indenture Trustee Charging Lien, NOR authorized its transfer agent, LaSalle Bank National Association, to transfer (i) physical stock certificates issued in the name of "Law Debenture Trust Company of New York" 136,965 shares of Common Stock and (ii) physical warrant certificate in the name of "Law Debenture Trust

Company of New York" 254,241 Warrants to purchase shares of Common Stock pursuant to the Indenture Trustee Charging Lien under Section 5.18 of the Debtor's Plan.

**Request for Fees and Expenses**

8. On or about December 1, 2004, Law Debenture filed its Request for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture [Docket No. 2427] (the "Request").[3] In the Request, Law Debenture seeks reimbursement of $1,025,070.36 in fees and expenses which it claims to have incurred in the Debtor's case. The Request includes $958,075.87 for professional fees, $21,994.49 for expenses and $45,000 for an annual administration fee. In particular, Law Debenture seeks reimbursement for the following services provided by Nixon Peabody LLP ("Nixon Peabody"):

| Description | Hours | Fees |
|---|---|---|
| Communications with QUIPS Holders and General Trust Indenture Administration | 150.10 | $65,326.50 |
| Participation on Creditors Committee and Related Matters | 173.70 | $67,088.60 |
| Review and Analysis of General Bankruptcy Matters | 155.30 | $88,735.00 |
| Preparation of Proofs of Claims | 71.40 | $32,113.50 |
| Bankruptcy Litigation | 262.60 | $114,511.00 |
| Plan and Disclosure Statement Matters | 1,058.30 | $452,688.90 |
| **TOTALS** | **1,871.40** | **$820,463.50** |

9. On or about January 3, 2005, NOR filed its Objection to the Request of Law Debenture Trust Company of New York for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture [Docket No. 2522] (the "Fee Request Objection") The Fee Request Objection set forth NOR's objections to the fees and expenses requested by Law Debenture. NOR incorporates the Fee Request Objection as if fully stated herein. A copy of the Fee Request Objection is attached hereto as Exhibit A.

## PAYMENT OF REASONABLE EXPENSES

10.  NOR has reviewed the fees and expenses submitted by Law Debenture and will pay reasonable fees and expenses to the extent the Court determines such fees and expenses are reasonable. Upon review of the Request and the Administrative Expense Claim, NOR believes that the following fees are reasonable, subject to Court approval:

| Description | Fee Request |
|---|---|
| Annual Administration Fees | $45,000.00 |
| Participation Creditors Committee and Related Matters | $67,088.66 |

11.  NOR continues to object to the remaining $912,981.76 in fees and expenses requested by Law Debenture. Both the Administrative Expense Claim and the Request fail to establish that the fees and expenses incurred by Law Debenture are reasonable and that Law Debenture substantially contributed to the bankruptcy estate.[4]

## APPLICABLE LAW

12.  Section 503(b)(3) of the Bankruptcy Code provides that administrative expense claims may be allowed for "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by - - (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in **making a substantial contribution** in a case under chapter 9 or 11 of this title." 11 U.S.C. §503(b)(3)(D) (emphasis added).[5] In this case, Law Debenture has made no attempt to establish that its actions

---

[3] The Administrative Expense Claim requests payment for the same fees and expenses included in the Request.
[4] As set forth in greater detail in the Fee Request Objection, Law Debenture cannot establish substantial contribution to NOR's case. NOR incorporates the facts and arguments set forth in its Fee Request Objection as if fully stated herein.
[5] Compensation for services rendered by an indenture trustee is governed by Section 503(b)(5).

substantially contributed to NOR's case. In fact, Law Debenture by initiating the QUIPS Litigation seeks to harm NOR's estate and its creditors by <u>removing</u> assets from the estate.

13. Section 503(b)(4) of the Bankruptcy Code provides for reasonable compensation for professional services of an attorney or accountant of an entity whose expense is allowable under Section 503(b)(3), based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual necessary expenses incurred by such attorney or accountant.

14. Section 503(b)(5) of the Bankruptcy Code provides that an indenture trustee may be entitled to allowance of an administrative expense for reasonable compensation for services rendered by the indenture trustee in making a substantial contribution to a case under chapter 9 or chapter 11.

15. Applicants seeking allowance of administrative expenses under Section 503(b) have the burden of establishing entitlement to such an award. See *Lebron v. Mechem Financial, Inc.*, 27 F.3d 937 (3d Cir. 1994) and *In re Buckhead America Corp.*, 161 B.R. 11 (Bankr. D. Del. 1993). In *Lebron*, the court held that before an applicant may be reimbursed or compensated under 11 U.S.C. §503, it must be shown that "the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." *Lebron*, 27 F.3d at 944, citing *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988). The *Lebron* court further stated:

> A creditor should be presumed to be acting in his or her own interest unless the court is able to find that his or her actions were designed to benefit others who would foreseeably be interested in the estate. In the absence of such a finding, there can be no award of expenses even though there may have been an incidental benefit to the chapter 11 estate.

16. Under the relevant case law, an applicant seeking reimbursement of expenses under Section 503(b) of the Bankruptcy Code bears the burden of showing that the tasks

performed for which reimbursement is sought must transcend the creditor's own self interest and be performed for the benefit of the estate. As set forth in Fee Expense Objection, and incorporated herein, Law Debenture flatly fails to describe any substantial contribution to NOR's case and wholly ignores the facts that Law Debenture's activities in this case were adverse to the NOR, were apparently controlled by a disgruntled QUIPs holder, Magten Asset Management Corporation ("Magten") for the sole purpose of disrupting and preventing NOR's eventual successful reorganization.

**Law Debenture Did Not Make a Substantial Contribution**

17. The "substantial contribution" requirement under Section 503(b)(3)(D) imposes two strict conditions on the right to receive compensation or reimbursement of expenses; it requires both that the applicant's efforts made a "contribution" in the case, and that the contribution be "substantial." Regardless of their effort level and regardless of their motivation, applicants who do not meet both of the criteria described above are simply not entitled to reimbursement. Neither the Request nor the Administrative Expense Claim provides any evidence that Law Debenture substantially contributed to the bankruptcy estate. As set forth in greater detail in the Fee Request Objection and incorporated herein, Law Debenture has not and indeed cannot establish substantial contribution under the Bankruptcy Code or applicable bankruptcy case law.

18. NOR objects to the fees and expenses requested by Law Debenture as Law Debenture has failed to establish that its actions resulted in an actual and demonstrable contribution to NOR's case.[6] Moreover, Law Debenture acted solely in its own interest and failed to establish that it substantially contributed to NOR's estate.

---

[6] NOR does not object to the annual administrative fees in the amount of $45,000.00 and fees related to Law Debenture's participation on the Committee in the amount of $67,088.60, to the extent the Court finds such fees to be reasonable.

**Professional Fees Not Reimbursable Under Section 503(b)(4)**

19.     An administrative expense priority is available under Section 503(b)(4) only to an entity whose expenses are allowable under Section 503(b)(3).[7] As discussed above and in the Fee Request Objection, Law Debenture failed to establish, and cannot establish, that its actions substantially contributed to the Debtor's case under Section 503(b)(3). For the reasons set forth above and in the Fee Request Objection, Law Debenture has not made a substantial contribution in NOR's case; therefore, Law Debenture is not entitled to compensation for the services provided by its professionals under Section 503(b)(4).

[concluded on next page]

---

[7] See COLLIER ON BANKRUPTCY, ¶ 503.11[2] ("[a]n entity cannot seek reimbursement of professional fees under section 503(b)(4) unless it has previously qualified or concurrently qualifies for reimbursement of expenses under section 503(b)(3)").

ATL/1099419.1                                             8

## CONCLUSION

20. NOR objects to the fees and expenses of Law Debenture as Law Debenture has not substantially contributed to NOR's case under Section 503(b) of the Bankruptcy Code. Moreover, Law Debenture failed to present any evidence to establish that its request for fees and expenses of $1,025,070.36 is reasonable and resulted in actual and demonstrable benefit to NOR's estate.[8] Therefore, NOR requests that the Court deny Law Debenture's Administrative Expense Claim.

Dated: Wilmington, Delaware
April 7, 2005

                              Respectfully submitted,

                              PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

And

GREENBERG TRAURIG, LLP
Scott D. Cousins (No. 3079)
Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

Counsel for NorthWestern Corporation

---

[8] NOR does note object to the annual administrative fees in the amount of $45,000.00 and fees related to Law Debenture's participation on the Committee in the amount of $67,088.60, to the extent the Court finds such fees to be reasonable.

ATL/1099419.1                               9

Case 1:05-cv-00603-JJF    Document 25-25    Filed 02/02/2007    Page 11 of 11