**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION, | Hearing Date: May 3, 2005 |
|  | at 9:30 a.m. |
| Debtor. | Related to Docket No. 2427 |

### AFFIDAVIT OF FRANCIS C. MORRISSEY

I, Francis C. Morrissey, being duly sworn, hereby depose and say as follows:

1. I am an associate with the firm of Nixon Peabody LLP, attorneys for Law Debenture Trust Company of New York ("Law Debenture"). I submit this affidavit in support of Law Debenture's: (a) Request for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture; and (b) Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503. Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.

2. Attached as Exhibit A to this Affidavit is a true and correct copy of the Notice that the Debtor, Northwestern Corporation (the "Debtor") published on its web site concerning the payment of fees and expenses to indenture trustees following confirmation of its Second Amended Plan of Reorganization (the "Plan").

3. Attached hereto as Exhibit B to this Affidavit is a true and correct copy of the December 17, 2004 letter from John V. Snellings to Karol K. Denniston.

4. Attached hereto as Exhibit C to this Affidavit is a true and correct copy of the December 30, 2004 letter from John V. Snellings to Karol K. Denniston.

5.    Attached hereto as Exhibit D to this Affidavit is a true and correct copy of Law Debenture's Notice of Deposition to Northwestern Corporation under Fed. R. Civ. Proc. 30(b)(6).

6.    Attached hereto as Exhibit E to this Affidavit is a true and correct copy of the transcript of the Deposition of Kendall Kliewer.

7.    Attached hereto as Exhibit F to this Affidavit is a true and correct copy of HSBC Invoice No. 10027.

8.    Attached hereto as Exhibit G to this Affidavit is a true and correct copy of LeBoeuf Lamb Greene & MacRay Invoice No. 377195.

9.    Attached hereto as Exhibit H to this Affidavit is a true and correct copy of Pryor Cashman Sherman & Flynn LLP Invoice No. 158005.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this _25_ day of April, 2005.

Francis C. Morrissey
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
617-345-1658
617-345-1300

Subscribed and sworn to before me this _25th_ day of April, 2005.

Notary Public Dolores M. Antonino
My Commission Expires: _June 19, 2005_

# EXHIBIT A

## NORTHWESTERN CORPORATION

To the Indenture Trustees identified on
the Distribution List hereto

Re:    Northwestern Corporation, Debtor, Case No. 03-12872 (CGC), United States Bankruptcy Court for the
District of Delaware

Please be advised that on October 19, 2004, the Bankruptcy Court for the District of Delaware entered its Order confirming Northwestern Corporation's Second Amended and Restated Plan of Reorganization dated August 18, 2004 (the "Plan"). A copy of the Confirmation Order is attached. NOR has designated November 1 as the Effective Date.

Upon the Effective Date of the Plan, Northwestern will be issuing two securities: 35,500,000 shares of Common Stock, $.10 par value per share ("New Common Stock") with CUSIP number 668074 30 5, and warrants to purchase an additional 5,304,598 shares of the New Common Stock ("Warrants") with CUSIP number 668074 11 5.

The Plan provides for the following distributions as to Northwestern's outstanding debt and equity issues:

- *Class 5 Holders of Secured Bonds* (Pollution Control Bonds CUSIP numbers: 587850DB1, 795430ED5, 387793DM1, 387793DN9, 346668BP0, 346668BR6; Montana and South Dakota Mortgage Bonds CUSIP numbers: 668231AJ2, 668231AH6, 612085AV2, 612085AQ3, 612085AR1, 612085AS9, 61208QAD6, U6202MAA9) will continue to hold these bonds which shall be reinstated in full with no additional distributions (see Section 4.5(b) of the Plan);

- *Class 7 Holders of Unsecured Notes* (CUSIP numbers: 61208HAB0, 61208HAC8, 61208HAA2, 668074AB3, 668074AJ6, 668074AG2) will no longer have rights to these bonds, which shall be extinguished, annulled and cancelled in their entirety, and deemed null, void and worthless, automatically with no further action by the holders thereof, and the holders of allowed claims will be entitled to a pro rata share, together with Class 9 holders, of 32,660,000 shares of New Common Stock (see Section 4.7(c) of the Plan);

- *Class 8(a) Holders of Unsecured Subordinated Notes underlying Trust Preferred Securities* (CUSIP numbers: 629470204, 668031206, 668033202, 668034200) will no longer have rights to these notes or securities, which shall be extinguished, annulled and cancelled in their entirety, and deemed null, void and worthless, automatically with no further action by the holders thereof, and the holders of allowed claims will be entitled to a pro rata share of 2,278,769 (2,334,409 shares provided by the Plan less 55,640 shares allocated to the Indenture Trustee under its charging lien for payment of its fees and expenses) shares of New Common Stock and, together with holders of Class 8(b) who voted in favor of the distribution, a pro rata share of the 5,305,000 Warrants (see Section 4.8(a)(ii)(iii) of the Plan);

- *Class 8(b) Holders of Unsecured Subordinated Notes underlying Quarterly Income Preferred Securities* (CUSIP number 612083204), will no longer have rights to these notes or securities, which shall be extinguished, annulled and cancelled in their entirety, and deemed null, void and worthless, automatically with no further action by the holders thereof, and the holders of allowed claims who voted in favor of the distribution will be entitled to a pro rata share of 505,591 shares of New Common Stock and, together with holders of Class 8(a), a pro rata share of the 5,305,000 Warrants (see Section 4.8(b)(ii)(iii) of the Plan); and

- *Holders of Common Stock* (CUSIP number 668074107), will receive nothing under the Plan and the outstanding securities shall be extinguished, annulled and cancelled in their entirety, and deemed null, void and worthless, automatically with no further action by the holders thereof (see Section 4.13(b) of the Plan).

The Plan established October 20, 2004 as the Record Date for purposes of these distributions. The Confirmation Order entered in this case deemed "allowed" claims in Classes 7 (in the aggregate amount of $898,264,683), Class 8(a) (in the aggregate amount of $321,069,399) and Class 8(b) (in the aggregate amount of $69,537,873). As of the Effective Date, Northwestern has made the required distributions of New Common Stock to LaSalle Bank National Association, Northwestern's transfer agent for the New Common Stock and Warrants ("Transfer Agent"), for further delivery through DTC to the holders in these Classes and the required distributions of Warrants to the Transfer Agent for the holders in Classes 8(a) and 8(b).

The Plan also establishes a Class 9 for holders of "general unsecured claims." Holders of "allowed" claims in Class 9 will also be entitled to a pro rata share of the 32,660,000 shares of New Common Stock allocated for Class 7 claims. However, because distributions can only be made as claims are deemed "allowed", the Debtor will be making multiple distributions to its Transfer Agent as claims are deemed "allowed".

Attached to this Notice is a schedule indicating, by CUSIP number, (i) the outstanding principal and interest owed under the various Class 7 Unsecured Notes, and outstanding shares of Class 8(a) and 8(b) Trust Preferred Securities, (ii) how the shares of New Common Stock and Warrants are to be allocated and (iii) setting forth the conversion ratio for each. Except with respect to shares of New Common Stock issued to Class 9 holders of general unsecured claims, the shares of New Common Stock and Warrants will be issued in book-entry-only form through the Depository Trust Corporation.

All of the fees and expenses of the Indenture Trustees will have been paid in full on the Effective Date with the exception of Wilmington Trust Company, Indenture Trustee for the Class 8(b) Trust Preferred Securities, which will receive shares of New Common Stock for its final fees and expenses.

To the extent you have questions regarding Northwestern's Plan and the distributions to be made thereunder, you may contact any of the following:

Northwestern Corporation
605-978-2848
605-978-2840 (fax)
Attn:    Roger Schrum (roger.schrum@northwestern.com)

Paul, Hastings, Janofsky & Walker LLP
404-815-2400
404-815-2424 (fax)
Attn:    Karol Denniston (karolkdenniston@paulhastings.com)
         Karen Leach (karenleach@paulhastings.com)

LaSalle Bank National Association (Transfer and Warrant Agent)
312-904-2584
312-904-2236 (fax)
Attn:    Joseph Pellicore (joseph.pellicore@abnamro.com)

Kurtzmann Carson Consultants LLC
310-823-9000
310-751-1549 (fax)
Attn:    Chris Schepper (cschepper@kccllc.com)

Bondholder Communications Group
212-809-2663
212-422-0790 (fax)
Attn:    Nancy Calloway (ncalloway@bondcom.com)

**Distribution List**

JP Morgan Chase Bank (Indenture Trustee for the South Dakota First Mortgage Bonds)
Attn: Romano Peluso
4 New York Plaza
15th Floor
New York, NY 10004

Bank of New York (Indenture Trustee for the Montana First Mortgage Bonds)
Attn: Irene Siegel
101 Barclay St
New York, NY 10286

JP Morgan Chase Bank (Indenture Trustee for the Montana Pollution Control Bonds)
Attn: Romano Peluso
4 New York Plaza
15th Floor
New York, NY 10004

Wells Fargo NA (Indenture Trustee for the South Dakota Pollution Control Bonds)
Attn: Lisa A. Miller
608 2nd Avenue S
MAC N9303-120
Minneapolis, MN 55479

Wilmington Trust Company (Indenture Trustee for the Gas Transition Bonds)
Attn: Patricia Evans VP
1100 N. Market Street
Wilmington, DE 19890

HSBC Bank USA (Indenture Trustee for the November 1, 1998 Indenture Claims)
Attn: Robert Conrad
10 East 40th Street
New York, NY 10016-0200

HSBC Bank USA (Indenture Trustee for the December 1, 1989 Indenture Claims)
Attn: Robert Conrad
10 East 40th Street
New York, NY 10016-0200

Wilmington Trust Company (Indenture Trustee for the Trust Preferred Securities)
Attn: Sandra R. Ortiz
1100 N. Market Street
Wilmington, DE 19890

Law Debenture Trust Company of New York (Indenture Trustee for the Quarterly Income Preferred Securities)
Attn: Daniel R. Fisher
767 Third Avenue
31st Floor
New York, NY 10017

FINAL AND APPROVED FOR POSTING

EXHIBIT A

| Cusip Number Class 7 Securities | Principal Amount Outstanding as of Record Date | Interest Accrued as of Record Date | Conversion Rate | Common Stock | Rate for Shares per Dollar |
|---|---|---|---|---|---|
| 668074AB3 (6.950%) | 105000000 | 2412229 | 0.119577482 | 3378171.487 | 0.032173062 |
| 61208HAA2 (7.960%) | 5000000 | 80706 | 0.005656135 | 159790.8944 | 0.031958179 |
| 61208HAB0 (7.070%) | 15000000 | 215046 | 0.016938266 | 478521.2546 | 0.031901417 |
| 61208HAC8 (7.875%) | 20000000 | 319375 | 0.022620699 | 639055.1049 | 0.031952755 |
| 668074AJ6 (8.750%) | 470000000 | 20448264 | 0.545945265 | 15424657.64 | 0.032818846 |
| 668074AG2 (7.875%) | 250000000 | 9789063 | 0.289212153 | 8170503.615 | 0.032682014 |
| | 865000000 | 33264883 | | 28250900 | |

| Cusip Number Class 8(a) Securities | Shares Outstanding as of Record Date | $ Value of Shares | Conversion Rate | Common Stock | Warrants | Rate for Shares per Share | Rate for Warrants per Share |
|---|---|---|---|---|---|---|---|
| 629470204 (NWPS PFD) | 1294200 | 34574100 | 0.107684196 | 245387.407 | 470159.1054 | 0.189605476 | 0.363281645 |
| 668031206 (NOR I PFD) | 2157300 | 57452141 | 0.178939946 | 407762.8024 | 781268.2678 | 0.189015344 | 0.362150961 |
| 668033202 (NOR II PFD) | 4228400 | 112932076 | 0.351737277 | 801528.002 | 1535717.309 | 0.189558226 | 0.363191115 |
| 668034200 (NOR III PFD) | 4342100 | 116111082 | 0.361638581 | 824090.7886 | 1578947.317 | 0.189790836 | 0.363636793 |
| | 12022000 | 321069399 | | 2278769 | 4366092 | | |

| Cusip Number Class 8(b) Securities | Shares Outstanding as of Record Date | $ Value of Shares | Conversion Rate | Common Stock | Warrants | Rate for Shares per Share | Rate for Warrants per Share |
|---|---|---|---|---|---|---|---|
| 612083204 (MPC 8.45%) | 2600000 | 69537873 | 1 | 505591 | 938506 | 0.194458077 | 0.360963846 |

ATL/1069359.2

# EXHIBIT B



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, MA 02110-2131
(617) 345-1000
Fax: (617) 345-1300

John V. Snellings
Direct Dial: (617) 345-1202
E-Mail: jsnellings@nixonpeabody.com

December 17, 2004

BY ELECTRONIC MAIL
AND OVERNIGHT COURIER

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E., 24th Floor
Atlanta, GA 30308

Re:     In Re:  Northwestern Corporation

Dear Karol:

This letter will confirm receipt of your letter dated November 30, 2004 regarding Law Debenture Trust Company of New York's request for payment of its fees and expenses and those of its counsel. As you are aware, Law Debenture Trust Company of New York serves as Indenture Trustee for the QUIPS holders (in such capacity, "Law Debenture").

As you know, Law Debenture filed a Request for Payment of Fees and Reimbursement of Expenses (the "Fee Request") on December 1, 2004. The Fee Request provides the Debtor with additional information regarding the segregation of the fees and expenses that were originally provided to the Debtor on the Plan's Effective Date, November 1, 2004. We would like to hear from the Debtor as to any questions that it may have regarding the Fee Request as well as any additional information that it may desire at this time.

With the filing, the Debtor's request in Paragraph 2 of your letter has been addressed. You stated in your letter that the Debtor is willing to pay all reasonable and necessary legal fees and expenses of Law Debenture as Indenture Trustee under the QUIPS Indenture. The only exceptions you identified were those fees and expenses associated with the Adversary Proceeding and what you described as "contested bankruptcy motion practice and litigation." As you are aware, Magten and its counsel have taken the lead with respect to the Adversary Proceeding. As stated in the Fee Request, this has resulted in Law Debenture's fees and expenses associated with the Adversary Proceeding being comparatively small.

NIXON PEABODY LLP

Karol K. Denniston, Esq.
December 17, 2004
Page 2

With respect to fees and expenses relating to "contested bankruptcy motion practice and litigation," I would like to point out that the fees and expenses of Wilmington Trust, as Indenture Trustee to the TOPrS, and HSBC, as Indenture Trustee to the senior debtor, have been paid in full, including significant fees and expenses of Wilmington Trust incurred in connection with its own objections to the Debtor's Plan. It is also apparent that a significant portion of the fees and expenses of Harbert Management, a large TOPrS holder, have also been paid. Unlike the Wilmington Trust payment, the fees and expenses of Magten, a large QUIPS holder, are not included in Law Debenture's fee request.

The Debtor should also recall that in connection with its objections to confirmation, Law Debenture filed no discovery upon the Debtor (as Wilmington and Harbert did), and only responded to discovery served by the Debtor. Given this conservative approach, it will be difficult for the Debtor to justify paying Wilmington, Harbert, and HSBC's fees incurred in connection with objections to the Plan, and not Law Debenture's. Given the plain language of the Plan and the representations made to the Court regarding payment of reasonable fees and expenses of the indenture trustees, Law Debenture should be treated in the same manner as Wilmington Trust and HSBC. Accordingly, with regard to Law Debenture's fees and expenses associated with its objection to confirmation, Law Debenture expects its fees and expenses to be paid.

Given the breakdown of the categories of the Fee Request, the Debtor should have no objection to the payment of the categories that follow:

| | | |
|---|---|---:|
| A. | Communications with QUIPS Holders and general trust indenture administration | $65,326.50 |
| B. | Participation in creditors committee and related matters | 67,088.60 |
| C. | Review and analysis of general bankruptcy matters | 88,735.00 |
| D. | Preparation of proof of claims | 32,113.50 |
| F. | Plan and Disclosure Statement matters | 452,688.90 |
| | Expense Reimbursement | 21,994.49 |
| | Law Debenture's Officer Time | 129,564.00 |
| | Law Debenture's Annual Administration Fee | 45,000.00 |
| | Fees of Local Counsel, Smith Katzenstein & Furlow | 8,047.50 |
| | TOTAL | $910,558.49 |

NIXON PEABODY LLP

Karol K. Denniston, Esq.
December 17, 2004
Page 3

In my review of the docket and contrary to our previous conversations, I have not seen a fee request made by Wilmington Trust or HSBC. Has the Debtor come to some further agreement with regard to fee claims of Wilmington Trust and HSBC? Given that both Wilmington and HSBC have been paid without the need to file a request with the court or participate in the fee review process, we also need to discuss the Debtor's payment of fees and expenses incurred by Law Debenture in connection with preparing and prosecuting its Fee Request, which amounts are over and above the total listed above.

As for the Debtor's concern with respect to putting the QUIPS holders on notice of Law Debenture's intent to exercise its charging lien—the exercise of the lien is disclosed in the Fee Request as promised. Also, enclosed for your files is the form of notice to the Depository Trust Company ("DTC"), the sole registered holder of the QUIPS, sent on November 10, 2004, as well as a notice that Law Debenture requested DTC to send to all beneficial holders on December 16, 2004. Both notices outline Law Debenture's intent to exercise its charging lien with regard to distributions of the QUIPS holders.

Accordingly, the concern of notice should now be put to rest and we should move forward as expeditiously as possible to develop a mechanism to allow Option 2 holders to move to Option 1. It is Law Debenture's position that the present stay that is in place with regard to the Adversary Proceeding is not a barrier to the parties moving forward on this issue given the fact that we would be stipulating to a partial settlement of the dispute and not asking for a ruling on the legal controversies.

With regard to the total listed above, Law Debenture requests immediate payment without further delay. Please contact me at your earliest convenience to discuss payment of Law Debenture's fees and expenses not in controversy, as well as the Option 2 mechanism. I look forward to hearing from you shortly.

Very truly yours,

John V. Snellings

JVS/adb
Enclosure

BOS1446129.2

## LAW DEBENTURE TRUST COMPANY OF NEW YORK

THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT
SECURITIES

*ALL DEPOSITORIES, CUSTODIANS, AND OTHER SUCH INTERMEDIARIES RECEIVING THIS
NOTICE ARE REQUESTED TO EXPEDITE RETRANSMITTAL TO SUCH BENEFICIAL OWNERS
IN A TIMELY MANNER*

## IMPORTANT NOTICE TO THE BENEFICIAL HOLDERS OF
## 8.45% CUMULATIVE QUARTERLY INCOME PREFERRED SECURITIES, SERIES A
## OF MONTANA POWER CAPITAL I

### CUSIP NO. 612083204*

## NOTICE TO BENEFICIAL HOLDERS OF INTENT TO EXERCISE CHARGING LIEN

Reference is made to a certain Indenture, dated as of November 1, 1996, by and between The Montana Power Company, a Montana corporation ("Montana Power") and The Bank of New York, as trustee, pursuant to which Montana Power issued certain 8.45% Junior Subordinated Debentures (the "Debentures"), (said Indenture, as amended from time to time, the "Indenture"). Northwestern Corporation, a Delaware corporation (the "Debtor"), subsequently assumed all obligations of Montana Power under the Indenture and the Debentures. Reference is also made to a certain Amended and Restated Trust Agreement, dated as of November 1, 1996 (the "Trust Agreement"), by and among Montana Power, The Bank of New York as property trustee and others named therein, pursuant to which Montana Power Capital I, a Delaware statutory business trust, issued certain 8.45% Cumulative Quarterly Income Preferred Securities, Series A (the "QUIPS"). Law Debenture Trust Company of New York now serves as successor Trustee (the "Indenture Trustee") under the Indenture and the Debentures and as successor property trustee under the Trust Agreement.

NOTICE IS HEREBY given to the registered holders of the QUIPS of the following:

On September 14, 2003, the Debtor filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") (Bankruptcy Case No. 03-12872), which filing constitutes an Event of Default under the Indenture.

On April 16, 2004, Magten and the Indenture Trustee (together with Magten, the "Plaintiffs") commenced an adversary proceeding (Adversary Proceeding No. 04-53324-PBL) (the "Adversary Proceeding") against the Debtor. The Plaintiffs are pursuing, among other things, an alleged fraudulent conveyance claim against the Debtor which arose out of a so-called "going flat" transaction in which the Debtor acquired in 2002 substantially all of the assets and liabilities of its wholly-owned subsidiary, Clark Fork and Blackfoot LLC ("Clark Fork") (formerly known as NorthWestern Energy, LLC and the successor by merger to Montana Power). According to the Plaintiffs, this transaction rendered Clark Fork insolvent and undercapitalized, and thereby injured the creditors of Clark Fork, including Magten and all of the other holders of the QUIPS.

On August 20, 2004, the Court granted in part, and denied in part, the Debtor's motion to dismiss the Plaintiffs' complaint in the Adversary Proceeding. The Court held that the Plaintiffs lacked standing as creditors of Clark Fork to pursue this fraudulent conveyance claim, unless they can prove the release of Clark Fork in the "going flat" transaction was obtained "through actual fraud or part of a fraudulent scheme." Because of the complexities of this claim and the uncertainties of any litigation, the Indenture Trustee cannot predict whether or not it will prevail in this Adversary Proceeding.

On October 12, 2004, the Court issued an order (the "Confirmation Order"), confirming the Debtor's Second Amended and Restated Plan of Reorganization (the "Plan"). Under the Plan, the Class 8 creditors are divided into two subclasses: Class 8(a) which includes only those creditors who hold so-called TOPrS Notes, and Class 8(b) which includes only those holders of QUIPS. Prior to the Court issuing its Confirmation Order, certain holders of TOPrS Notes had entered into a settlement with the Debtor (the "TOPrS Settlement") which resulted in Class 8(a) voting to accept the Plan. The holders of the QUIPS voted as a Class to reject the Plan. In connection with confirming the Plan, the Court found that the Plan did not discriminate unfairly against, and was fair and equitable with respect to, the holders of the QUIPS as Class 8(b) creditors, despite the objections of the Indenture Trustee and Magten Asset Management Corp. ("Magten"), the beneficial owner and holder of more than 33% of the issued and outstanding QUIPS.

The Debtor declared the Plan effective on November 1, 2004 (the "Effective Date"). As more particularly described in the Plan, the holders of the QUIPS had the right to choose one of the following two (2) options: (a) Option No. 1 - to receive a distribution similar to that being offered to the holders of the TOPrS as a result of the TOPrS Settlement; or (b) Option No. 2 – to receive Class 9 treatment as a general unsecured creditor of a claim arising from that recovery, if any, that may result from the Adversary Proceeding (as described below).

In addition to the distribution provided QUIPS holders, the Plan provides for payment of the reasonable fees and expenses of the Indenture Trustee. Specifically, Section 5.18 of the Plan provides that on the Effective Date, Debtor will pay the Indenture Trustee's fees and expenses in full and in cash, in an amount to be agreed upon by the Debtor and Indenture Trustee. The Plan further provides that if the fees and expenses of an Indenture Trustee are not reimbursed in full by the Debtor, then any deficiency may be paid out of the distributions received by the Indenture Trustee on behalf of its respective class of claimants.

Despite the language in the Plan and a notice posted by the Debtor on its web site saying that all fees and expenses of the Indenture Trustee would be paid on the Effective Date, no such payment was received by the Indenture Trustee. By letter dated November 9, 2004, the Debtor informed the Indenture Trustee that none of its fees and expenses would be paid. On November 10, 2004, the Indenture Trustee informed its sole registered holder, Cede & Co., that it intended to exercise its charging lien with respect to the distributions to be received by the QUIPS holders pursuant to the Plan and that no distribution may be made to the QUIPS holders until further notice from the Indenture Trustee. In addition to fees and expenses incurred to date, the Indenture Trustee informed the Debtor that it may also hold back a reasonable reserve for its anticipated fees and expenses in the Adversary Proceeding. By letter dated November 15, 2004,

BOS1445680.2

the Debtor indicated that it may be willing to pay a portion of the Indenture Trustee's fees and expenses through the Effective Date. To date, however, no agreement has been reached.

This Notice is provided for informational purposes only. The Trustee will continue to notify you from time to time as circumstances warrant. Holders with questions regarding this notice should contact Law Debenture either in writing at 767 Third Avenue, 31st Floor, New York, NY 10017, or by telephone at (212) 750-0888.

**LAW DEBENTURE TRUST COMPANY OF NEW YORK,**     Dated: **December 16, 2004**
as successor Indenture Trustee

*Law Debenture Trust Company of New York includes CUSIP numbers for the convenience of our bondholders. We assume no responsibility for the selection or use of such numbers and make no representation as to the correctness of any CUSIP number listed above.*

BOS1445680.2

# EXHIBIT C



# NIXON PEABODY LLP

### ATTORNEYS AT LAW

100 Summer Street
Boston, MA 02110-2131
(617) 345-1000
Fax: (617) 345-1300

John V. Snellings
Direct Dial: (617) 345-1202
E-Mail: jsnellings@nixonpeabody.com

December 30, 2004

BY OVERNIGHT COURIER

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E., 24th Floor
Atlanta, GA  30308

Re:    Northwestern Corporation

Dear Karol:

This letter will confirm that I am in receipt of your letter of December 21, 2004 regarding Law Debenture Trust Company of New York's ("Law Debenture") request for payment of fees and expenses. Unfortunately since you chose to send the December 21 letter by regular mail at the busiest time of the year for the Post Office, I did not receive it until just yesterday, December 29.

We are disheartened that the Debtor has made so little progress in its review of Law Debenture's fees and expenses. Law Debenture's fee request, filed on December 1, 2004, provided the Debtor with all necessary information to analyze Law Debenture's request for fees and expenses and specifically segregated the fees related to the QUIPS Litigation. Indeed, we also segregated specific activity relating to various processes and procedures in the Northwestern bankruptcy such as communication with QUIPS holders; participation in the Creditors Committee; review of general bankruptcy matters; preparation of proofs of claim; and plan and disclosure statement matters. Consistent with local rules and procedures, the Debtor was provided with all individual time entries, including descriptions of the related tasks in connection with specific matters. It is not until well after our letter of December 17 and nearly a month's time since the December 1 filing that we received a response from the Debtor. Such a delay is inconsistent with the Debtor's purported desire to work with Law Debenture to resolve these issues.

NIXON PEABODY LLP

Karol K. Denniston, Esq.
December 30, 2004
Page 2

Notwithstanding the Debtor's apparent desire to simply "spin its wheels" on the issue of Law Debenture's fees and expenses, I am enclosing for you a copy of an Excel spreadsheet that breaks out all of Nixon Peabody's time entries by the categories as represented in the fee request. As you will see, each spreadsheet category is broken out by a numerical code which coincides with the alphabetical code in the fee request. While the spreadsheet contains the very same information we provided you in Law Debenture's request, it may be that this format will assist the Debtor in moving this matter forward.

I am also concerned about your desire to have more details regarding the subjects discussed in conference calls without your having identified any particular time entry. Such a request may be seeking information subject to the attorney-client privilege, the attorney work product doctrine, and any other legally recognized privilege, doctrine or immunity. Moreover, the Debtor's request is overly broad and unduly burdensome.

While the Debtor's concerns appear to be focused on the Plan and those procedures established by Section 5.18, we too are focused on the Plan, especially those sections that indicate that the QUIPS holders will be treated the same as the TOPrS. The fact that the ToPrS' indenture trustee fees and expenses have been paid, as well as those of HSBC, but Law Debenture must incur further fees and expenses in order to obtain the same promised treatment is inconsistent with the Plan. To better understand how the Debtor has exercised its judgment regarding whose fees it will pay and whose it will not, I request that you forward me the following documents:

1.    All documents furnished to the Debtor by Wilmington and/or Harbert which evidences or relates to the professional fees and expenses they incurred in connection with the Chapter 11 proceeding.

2.    All documents furnished to the Debtor by HSBC which evidences or relates to expenses it incurred in connection with the Chapter 11 proceeding.

It is our hope that we can resolve any issues regarding Law Debenture's fees and expenses prior to the hearing on January 26 in Butte, Montana. However, the Debtor needs to realize that pursuant to its Plan, it cannot favor certain indenture trustees over others. The same standards, if any, that the Debtor applied when agreeing to pay Wilmington's and HSBC's fees should be applied here with regard to Law Debenture's.

Please call me if you have any further questions.

Very truly yours,

John V. Snellings

JVS/adb
Enclosure

BOS1450116.1

| Date | TKPR Name | Billed Amt Bs. Hrs | Narrative | P.Code |
|------|-----------|--------------------|-----------|--------|
| 10/2/2003 | Darwin, Amanda | 210 | 0.5 (.2). Telephone conference with Dan Fisher (.3); review incoming correspondence from Mr. Fisher's office | 1 |
| 10/3/2003 | Darwin, Amanda | 420 | 1 Review incoming documentation from Ms. Wilms (.8); correspondence to Ms. Wilms (.2). | 1 |
| 10/7/2003 | Darwin, Amanda | 1,008.00 | 2.4 Review prospectus regarding QUIPS (.4); review summary of restructuring proposals (.6); several telephone conferences with Bank of New York and Law Debenture regarding successorship issues (.6); follow-up telephone conference with Mr. Fisher regarding the same (.3); review issues relating to subdebt in preparation for meeting (.5). | 1 |
| 10/8/2003 | Darwin, Amanda | 3,150.00 | 7.5 Review summary of Committee representation (.5); review SEC 10-K filings (.4); review certain bankruptcy filings (.3); review certain press releases (.3); attend Creditors' Committee meeting (5.0); review materials provided at meeting (1.0). | 1 |
| 10/8/2003 | Darwin, Amanda | 1,134.00 | 2.7 Travel time. | 1 |
| 10/9/2003 | Hamblett, Frank S. | 222 | 0.6 Correspondence with Mr. Tyras and Ms. Russo regarding Tripartite Agreement. | 1 |
| 10/9/2003 | Darwin, Amanda | 84 | 0.2 Review correspondence to Debtors' counsel regarding Tripartite Agreement. | 1 |
| 10/9/2003 | Darwin, Amanda | 336 | 0.8 Review incoming correspondence and recommendation regarding Lazard retention (.5); review incoming explanation regarding low rate of return on South Dakota assets (.3). | 1 |
| 10/9/2003 | Hamblett, Frank S. | 148 | 0.4 Review Tripartite Agreement and follow up e-mail correspondence with Mr. Tyras regarding same (.4); | 1 |
| 10/10/2003 | Hamblett, Frank S. | 111 | 0.3 Follow up telephone call with Mr. Tyras and Ms. Ayers regarding Tripartite Agreement (.3); | 1 |
| 10/15/2003 | Hamblett, Frank S. | 148 | 0.4 Telephone calls with and e-mail messages to Mr. Tyras regarding Tripartite Agreement. | 1 |
| 10/16/2003 | Hamblett, Frank S. | 111 | 0.3 Follow up telephone calls with Mr. Tyras regarding Tripartite Agreement. | 1 |
| 10/20/2003 | Darwin, Amanda | 252 | 0.6 Review trust agreement regarding certain powers/duties of property trustee (.6). | 1 |
| 10/20/2003 | Hamblett, Frank S. | 185 | 0.5 Correspondence with Mr. Tyras, Mr. Fisher and Ms. Slegal regarding Tripartite Agreement. | 1 |
| 10/21/2003 | Hamblett, Frank S. | 1,110.00 | 3 Review Debtor's comments to Tripartite Agreement and make further revisions (1.4); review resignation provision of property trust agreement and property notice to holders regarding same (1.6). | 1 |
| 10/22/2003 | Darwin, Amanda | 294 | 0.7 Review revisions to tripartite agreement (.4); review suggested form for solicitation of security holder consent (.3). | 1 |
| 10/22/2003 | Hamblett, Frank S. | 666 | 1.8 Make final edits to Tripartite Agreement and e-mail correspondence with Ms. Russo, Mr. Fisher and Mr. Tyras regarding same. | 1 |
| 10/27/2003 | Hamblett, Frank S. | 333 | 0.9 Telephone calls with Ms. Slegal and Mr. Healy regarding successorship and review indentures regarding same. | 1 |

3

| Date | Timekeeper | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 10/28/2003 | Hamblett, Frank S. | 407 | 1.1 | Telephone calls with and e-mail messages to Ms. Siegel and Mr. Fisher regarding Tripartite Agreement/open issues (.4); further review Property Trust Agreement (.7). | 1 |
| 10/29/2003 | Darwin, Amanda | 84 | 0.2 | Review response of Bank of New York attorney to our views on successorship (.2). | 1 |
| 10/28/2003 | Hamblett, Frank S. | 259 | 0.7 | Telephone calls with and e-mail messages to Mr. Curchack regarding property trustee/successorship. | 1 |
| 10/30/2003 | Hamblett, Frank S. | 111 | 0.3 | E-mail message to Ms. Siegel regarding Tripartite Agreement. | 1 |
| 10/31/2003 | Hamblett, Frank S. | 222 | 0.6 | E-mail correspondence and telephone conference with Ms. Siegel and Mr. Curchack regarding Tripartite Agreement/final revisions. | 1 |
| 11/3/2003 | Hamblett, Frank S. | 148 | 0.4 | Follow up correspondence with Ms. Siegel and Mr. Curchack regarding Tripartite Agreement. | 1 |
| 11/5/2003 | Hamblett, Frank S. | 111 | 0.3 | Follow up correspondence with Ms. Siegel and Ms. Russo regarding successorship/open issues. | 1 |
| 11/11/2003 | Hamblett, Frank S. | 111 | 0.3 | Follow up telephone calls with Ms. Siegel and Ms. Russo regarding Tripartite Agreement/open issues. | 1 |
| 11/12/2003 | Hamblett, Frank S. | 111 | 0.3 | Telephone calls with Ms. Russo regarding Tripartite Agreement/comments. | 1 |
| 11/13/2003 | Darwin, Amanda | 168 | 0.4 | Follow up on Tripartite Agreement and review of exchange of correspondence regarding same (.4). | 1 |
| 11/13/2003 | Hamblett, Frank S. | 296 | 0.8 | Review and revise Tripartite Agreement and e-mail correspondence with Mr. Tyras, Ms. Russo and Mr. Fisher regarding same. | 1 |
| 11/14/2003 | Hamblett, Frank S. | 259 | 0.7 | Make some final revisions to Tripartite Agreement and e-mail message to Ms. Russo and Mr. Tyras regarding same. | 1 |
| 11/17/2003 | Darwin, Amanda | 126 | 0.3 | Review revisions to Tripartite Agreement (.3). | 1 |
| 11/18/2003 | Darwin, Amanda | 84 | 0.2 | Review revisions to Tripartite Agreement (.2). | 1 |
| 11/18/2003 | Hamblett, Frank S. | 222 | 0.6 | Review revisions to Tripartite Agreement and e-mail correspondence with Ms. Russo, Mr. Tyras and Mr. Fisher regarding same. | 1 |
| — | | | 1.4 | Prepare notice to preferred security holders regarding Law Debenture's appointment and review trust agreement regarding same (1.1); correspondence with Ms. Russo regarding Tripartite Agreement/property trustee (.3). | 1 |
| 11/24/2003 | Hamblett, Frank S. | 518 | 1.4 | E-mail messages to Mr. Tyras and Ms. Russo regarding Tripartite Agreement/open items (.3); revise notice to holders (.4). | 1 |
| 11/25/2003 | Hamblett, Frank S. | 259 | 0.7 | E-mail messages to Mr. Tyras and Ms. Russo regarding Tripartite Agreement (.7). | 1 |
| 11/26/2003 | Darwin, Amanda | 84 | 0.2 | Follow-up regarding status of Tripartite Agreement (.2). | 1 |
| 12/3/2003 | Darwin, Amanda | 294.00 | 0.7 | Follow-up regarding Tripartite Agreement (.7). | 1 |
| 12/3/2003 | Hamblett, Frank S. | 111 | 0.3 | E-mail correspondence with Mr. Tyras and Ms. Russo regarding Tripartite Agreement/status. | 1 |
| 12/8/2003 | Hamblett, Frank S. | 592 | 1.6 | Several telephone calls with and e-mail messages to Mr. Tyras regarding Tripartite Agreement/status (.5); revise notice to holder regarding appointment of Law Debenture as Property Trustee (1.1). | 1 |
| 12/10/2003 | Hamblett, Frank S. | 74 | 0.2 | Follow up telephone call with Mr. Tyras regarding Tripartite Agreement/director votes. | 1 |

| Date | Name | Number | Description | |
|---|---|---|---|---|
| 12/11/2003 | Hamblett, Frank S. | 185 | Review revisions to Tripartite Agreement and Director Votes and correspondence with Mr. Tyras regarding same. | 1 |
| 12/12/2003 | Hamblett, Frank S. | 148 | 0.5 Review revisions to Tripartite Agreement and Director Votes and correspondence with Mr. Tyras regarding same. | 1 |
| 12/15/2003 | Darwin, Amanda | 798 | 0.4 E-mail correspondence with Mr. Tyras, Ms. Russo and Mr. Fisher regarding closing/open issues. Review incoming correspondence from Mr. Fisher (.2); review capital structure (.4); review issues relating to 2019 Statements (.5); review pleadings and other items in preparation for meeting (.5); | 1 |
| 12/16/2003 | Hamblett, Frank S. | 74 | 1.9 correspondence to Mr. Kornberg regarding successorship (.3). | 1 |
| 12/17/2003 | Darwin, Amanda | 420 | 0.2 E-mail correspondence with Mr. Tyras regarding Tripartite Agreement/status. Follow-up regarding resolutions (.3); correspondence from and to Committee counsel (.2); follow-up regarding company sign-off regarding attendance at meeting (.3); correspondence to Mr. Fisher | 1 |
| 12/17/2003 | Hamblett, Frank S. | 259 | 1 regarding exofficio status (.2). | 1 |
| 12/22/2003 | Hamblett, Frank S. | 222 | 0.7 Follow up with Ms. Russo and Mr. Tyras regarding Tripartite Agreement. Telephone calls with Mr. Fisher regarding TIA issue (.3); attend to Tripartite Agreement/outstanding items (.3). | 1 |
| 1/26/2004 | Darwin, Amanda | 773.50 | 0.6 Extended telephone conference with holder (.6); correspondence to Mr. Healy (.2); extended telephone conference with Mr. Savitz (holder) (.6); follow-up correspondence with Mr. Savitz regarding same (.3). | 1 |
| 4/5/2004 | Hamblett, Frank S. | 792 | 1.7 Prepare Indemnity agreement. | 1 |
| 4/6/2004 | Hamblett, Frank S. | 792.00 | 1.8 Revise Indemnity agreement with Magten (1.8). | 1 |
| 4/8/2004 | Darwin, Amanda | 591.5 | 1.8 Review incoming correspondence regarding finalizing Indemnity agreement (.3). Finalize assurance letter and correspondence to Ms. Costello and Mr. Kaplan regarding same (1.0). | 1 |
| 4/12/2004 | Hamblett, Frank S. | 396 | 1.3 Revise follow-up letter to Mr. Curchack regarding property trustee/transfer (.7). Telephone call with Mr. Healy regarding same (.2). | 1 |
| 4/13/2004 | Darwin, Amanda | 227.5 | 0.9 Review form of joint defense agreement (.5). | 1 |
| 4/14/2004 | Hamblett, Frank S. | 176 | 0.5 Follow up with Mr. Curchack and Mr. Healy regarding property trustee/transfer. | 1 |
| 5/6/2004 | Hamblett, Frank S. | 132 | 0.4 Follow-up telephone calls with Mr. Curchack regarding property trustee/successorship. | 1 |
| 5/7/2004 | Hamblett, Frank S. | 352 | 0.3 Review solicitation package from Mr. Curchack regarding trust of successorship and follow up telephone calls with Mr. Curchack regarding same. | 1 |
| 5/12/2004 | Hamblett, Frank S. | 132 | 0.8 Follow up with Mr. Curchack regarding property trustee/successorship (.3). | 1 |
| 5/19/2004 | Hamblett, Frank S. | 176 | 0.6 Further review Debtor's amended schedules (.2). Follow up call with Mr. Curchack regarding property | 1 |
| | | | 0.4 trustee/successorship (.2). | 1 |

5

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 5/27/2004 | Darwin, Amanda | 1,911.00 | 4.2 | Review and sign motion pro hac vice (.7), Correspondence from and to local counsel (.4), Follow-up regarding ADP notice status (.3), Several telephone conferences with and e-mail correspondence with holders (.8), Research and respond to inquiries (.7), Review information to be included in a notice to holders (.5), Review timeline regarding balloting and confirmation (.4), Review plan provisions regarding class treatment (.4). | 1 |
| 6/2/2004 | Hamblett, Frank S. | 704 | 1.6 | Follow up with Ms. Denniston regarding solicitation packages/distribution (.3), Further review Indenture/amendments regarding waiver issue (1.3). | 1 |
| 6/3/2004 | Hamblett, Frank S. | 924 | 2.1 | Telephone calls and e-mail correspondence to Ms. Denniston and Mr. Healy regarding solicitation packages and distribution (.5). Further review indenture and related amendments regarding waiver issue (1.4). Telephone call with Mr. Curchack regarding property trustee (.2). | 1 |
| 6/7/2004 | Darwin, Amanda | 136.5 | 0.3 | Review certain indenture provisions. | 1 |
| 6/9/2004 | Hamblett, Frank S. | 704 | 1.6 | Further analyze/research issue regarding trustee/waiver. Review scope of research regarding waivers (.2). Review agenda for upcoming hearing/determine coverage (.2). Review bondholder consent issues (.4). Review indenture trustee duties under indenture | 1 |
| 6/10/2004 | Darwin, Amanda | 500.5 | 1.1 | (.3). | 1 |
| 6/15/2004 | Hamblett, Frank S. | 1,276.00 | 2.9 | Review and mark up response to debtor's motion to dismiss and telephone call with Ms. Costello regarding same (2.7). Telephone conference with Mr. Curchack regarding missing documentation (.2). | 1 |
| 6/25/2004 | Hamblett, Frank S. | 748 | 1.7 | Telephone call with Mr. Curchack regarding property trustee/successorship (.3). Prepare Tripartite Agreement for successorship of property trustee (1.4). | 1 |
| 6/29/2004 | Hamblett, Frank S. | 704 | 1.6 | Revise Tripartite Agreement (.8). Prepare notice to holders (.8). | 1 |
| 7/1/2004 | Hamblett, Frank S. | 1,232.00 | 2.8 | Revise tripartite agreement for property trustee and correspondence with Mr. Curchack and Mr. Healy regarding same (1.5). Revise notice to holders (1.3). | 1 |
| 7/2/2004 | Hamblett, Frank S. | 308 | 0.7 | Revise tripartite agreement. | 1 |
| 7/6/2004 | Coughlin, Robert J. | 198 | 0.4 | Advice regarding Property Trust, Delaware business trust statute. | 1 |
| 7/6/2004 | Hamblett, Frank S. | 1,364.00 | 3.1 | Telephone calls and e-mail correspondence with Mr. Healy, Ms. Siegal and others regarding tripartite agreement and revise same to incorporate comments (1.2), Review trust agreement regarding liquidation procedures/mechanisms/tax issues (1.3), Revise notice to holders (.6). | 1 |
| 7/7/2004 | Hamblett, Frank S. | 704 | 1.6 | Follow up with Mr. Curchack regarding tripartite agreement (.9). Review docket regarding Adversary Proceeding (.2). Revise notice to holders (.5). | 1 |
| 7/8/2004 | Hamblett, Frank S. | 176 | 0.4 | Review docket regarding tripartite agreement and additional revisions to tripartite agreement. | 1 |
| 7/9/2004 | Hamblett, Frank S. | 1,012.00 | 2.3 | Revise notice to holders (1.6). Review docket regarding Adversary Proceeding (.3). Correspondence with Ms. Satin regarding tripartite agreement (.4). | 1 |

| Date | Name | | Description | |
|---|---|---|---|---|
| 7/12/2004 | Morrissey, Francis | 577.5 | 1.5 Review possible objections to confirmation and work on discovery responses. | 1 |
| 7/13/2004 | Hamblett, Frank S. | 88 | 0.2 E-mail correspondence with Mr. Curchack regarding tripartite agreement (.2). | 1 |
| 7/15/2004 | Hamblett, Frank S. | 176 | 0.4 Follow up with Mr. Curchack and Mr. Fisher regarding tripartite agreement/open issues. | 1 |
| 7/16/2004 | Darwin, Amanda | 409.5 | 0.9 Review notice to holders regarding adversary proceeding and balloting (.9). Prepare and circulate for execution tripartite agreement and telephone calls and e-mail | 1 |
| 7/16/2004 | Hamblett, Frank S. | 484 | 1.1 correspondence with Mr. Curchack and Mr. Fisher regarding same. Review summary of court proceedings from Ms. Miller (.3). Review outgoing correspondence (.2). Review timing of bondholder notice and upcoming deadlines (.2). Review requested revisions to | 1 |
| 7/19/2004 | Darwin, Amanda | 546 | 1.2 tripartite agreement (.2). Review incoming pleadings (.3). Revise and recirculate tripartite agreement and several telephone calls with Ms. Satin regarding same (1.3). Review consent solicitation/results (.3). Correspondence with Mr. Healy regarding notice to | 1 |
| 7/19/2004 | Hamblett, Frank S. | 836 | 1.9 holders (.3). Telephone calls and e-mail correspondence with Ms. Satin regarding tripartite agreement/closing issues (.5). | 1 |
| 7/20/2004 | Hamblett, Frank S. | 220 | 0.5 Follow up with Ms. Satin regarding tripartite agreement to incorporate additional comments. | 1 |
| 7/21/2004 | Hamblett, Frank S. | 352 | 0.8 incorporate additional comments. | 1 |
| 7/22/2004 | Hamblett, Frank S. | 264 | 0.6 Further revise tripartite agreement to incorporate additional comments from BNY. Several telephone calls and e-mail correspondence with Ms. Satin, Ms. Siegel and Mr. Fisher | 1 |
| 7/23/2004 | Hamblett, Frank S. | 352 | 0.8 regarding tripartite agreement/closing. Draft letter to Mr. Healy regarding tripartite agreement (.2). Further review trust agreement indenture | 1 |
| 7/27/2004 | Hamblett, Frank S. | 484 | 1.1 regarding liquidation/dissolution (.9). | 1 |
| 7/29/2004 | Hamblett, Frank S. | 1,056.00 | 2.4 Research/analyze issue regarding Indenture trustee/role/bankruptcy proceedings. | 1 |
| 8/4/2004 | Darwin, Amanda | 455 | Telephone conference with Mr. Fisher and Mr. Healy (.4). Review issues regarding representation of holders/time of purchase (.3). Review issues relating to trade agreements regarding securities (.3). 1 | 1 |
| 8/4/2004 | Hamblett, Frank S. | 836.00 | 1.9 Analyze/research issue regarding bondholders/disclosure/fraudulent transfer (1.9). | 1 |
| 8/31/2004 | Simpson, Varya | 1,440.00 | 3.2 Research on trustee issues regarding filing of bankruptcy claims and rights of minority holders. Research and legal analysis regarding indenture trustee's standing to pursue securities law and tort | 1 |
| 9/1/2004 | Monroe, James S. | 1,040.00 | 2 claims on behalf of existing and former bondholders. | 1 |
| 9/2/2004 | Hamblett, Frank S. | 968 | 2.2 Further analyze/research issue regarding Indenture trustee/fiduciary duty/liability. Research and legal analysis regarding indenture trustee's standing to pursue securities law claims on | 1 |
| 9/2/2004 | Monroe, James S. | 1,196.00 | 2.3 behalf of existing and former bondholders. Legal research regarding issue of liability of trustee to represent holder pre-and-post-fraudulent | 1 |
| 9/2/2004 | Simpson, Varya | 1,575.00 | 3.5 transfer. | 1 |
| 9/3/2004 | Simpson, Varya | 2,475.00 | 5.5 Research issues of Trustee duties to prior bondholders in fraudulent transfer claim. | 1 |

| Date | Timekeeper | Amount | Description | |
|---|---|---|---|---|
| 9/7/2004 | Hamblett, Frank S. | 1,100.00 | Review 9/15/04 agenda for omnibus hearing (2). Telephone call with Mr. Healy regarding objection/status (2). Further analyze/research issue regarding trustee fiduciary duty to prior holders 2.5 (2.1). | 1 |
| 9/8/2004 | Simpson, Vanya | 810 | 1.8 Research case law regarding Trustee's duty to Bondholders under case in bankruptcy. Revise notice to holders (1.1). Analyze issues regarding continuation objection/strategy (.9). Further | 1 |
| 9/9/2004 | Hamblett, Frank S. | 1,276.00 | 2.9 research issue regarding trustee liability to prior holders (.9). | 1 |
| 9/9/2004 | Simpson, Vanya | 2,790.00 | 6.2 Research case law regarding Trustee's duty to Bondholders. | 1 |
| 9/10/2004 | Hamblett, Frank S. | 1,188.00 | Revise notice to holders (1.4). Further research issue regarding trustee liability to prior bondholders 2.7 (1.3). | 1 |
| 9/10/2004 | Simpson, Vanya | 1,170.00 | 2.6 Research Trustee's requirements to pursue claims in NorthWestern bankruptcy case. | 1 |
| 9/11/2004 | Simpson, Vanya | 2,160.00 | Research issues and draft memo on Trustee issues of standing and liability in connection with 4.8 NorthWestern bankruptcy. | 1 |
| 9/12/2004 | Simpson, Vanya | 3,195.00 | Research issues and draft memo on Trustee issues of standing and liability in connection with 7.1 NorthWestern bankruptcy; | 1 |
| 10/7/2003 | Hamblett, Frank S. | 1,258.00 | Review SEC filing regarding capital and debt structure of Debtors (2.1); review bankruptcy, various 3.4 dockets and pleadings (1.3) | 1 |
| 8/9/2004 | Darwin, Amanda | 728.00 / 65,326.50 | Review incoming correspondence from QUIP holder (.2). Review case law regarding representation 1.6 of holders by indenture trustee (1.0); Conference call with Mr. Fisher and Mr. Healy (.4). | 1 |
| 10/8/2003 | Darwin, Amanda | 168.00 | 0.4 Review inquiry from Paul Hastings regarding Tripartite Agreement and respond to same. | 2 |
| 10/8/2003 | Hamblett, Frank S. | 666 | 1.8 Further review SEC filings regarding debt structure/capitalization. | 2 |
| 10/9/2003 | Hamblett, Frank S. | 259 | 0.7 Further review SEC filings regarding debt structure (.7) | 2 |
| 10/10/2003 | Darwin, Amanda | 462 | Review capital structure (.4); review debt at senior and mid-range levels (.4); review incoming 1.1 correspondence from Committee counsel (.3). | 2 |
| 10/10/2003 | Hamblett, Frank S. | 481 | 1.3 Further review SEC filings regarding debt/cap structure (1.3). | 2 |
| 10/14/2003 | Darwin, Amanda | 378 | Review incoming information from Committee counsel regarding KERP and other matter (.4); review 0.9 summary regarding discussion with Debtor regarding retention of financial advisor (.5). | 2 |
| 10/15/2003 | Darwin, Amanda | 1,176.00 | Review draft retention application (.4); review incoming correspondence from Committee counsel regarding Securities Trading Motion (.5); review issues relating to successorship on certain trusteeships/possible conflicts regarding same (.7); review prospectuses regarding securities (.4); 2.8 review press releases from Company regarding stockholder litigation (.4); review allegations regarding fraudulent transfer (.4). | 2 |
| 10/16/2003 | Darwin, Amanda | 126 | 0.3 Review correspondence from Debtor's counsel. | 2 |

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 10/17/2003 | Darwin, Amanda | 294 | 0.7 Review exchange of e-mails regarding upcoming conference call (.3); review incoming pleadings (.4). | 2 |
| 10/20/2003 | Darwin, Amanda | 84 | 0.2 Review incoming correspondence from Committee counsel regarding tomorrow's call (.2). | 2 |
| 10/21/2003 | Darwin, Amanda | 1,554.00 | Review provisions of trust agreement regarding appointment of successor by security holders (.4); review roles of property trustee/necessity of transfer (.4); review upcoming matters to be heard by court at next omnibus hearing (.3); review issues relating to DIP (.4); review incoming correspondence and agenda for conference call (.4); review analysis provided by NOR (.5); review proposal of Houlihan, 3.7 Lockey regarding range of KERP payments (.5); Committee conference call (.8). | 2 |
| 10/27/2003 | Darwin, Amanda | 294 | 0.7 Review Debtor's motion regarding Credit Facility (.4); review status of bid process on Expanets (.3). | 2 |
| 10/28/2003 | Darwin, Amanda | 504 | Review capital structure/assumed holders at various levels (.5); review incoming correspondence from 1.2 Mr. Kornberg (.3); review Committee's objection to DIP motion (.4). | 2 |
| 10/29/2003 | Darwin, Amanda | 336 | Review incoming correspondence from Houlihan, Lokey (.2); review analysis of competing bids for 0.8 Expanets (.4); review results of auction of Expanets (.2). | 2 |
| 10/30/2003 | Darwin, Amanda | 546 | Review incoming request of Magten to serve on Committee and correspondence to Mr. Kornberg 1.3 regarding the same (.7); review Committee make-up (.3); telephone conference with Mr. Fisher (.3). | 2 |
| 11/3/2003 | Darwin, Amanda | 336 | Review incoming correspondence from Mr. Kornberg (.2); review credit agreement (.6). 0.8 Review incoming correspondence from Committee counsel (.2); review Houlihan presentation | 2 |
| 11/4/2003 | Darwin, Amanda | 840 | regarding financial projects (.5); review agenda items for next conference call (.2); review letter from 2 counsel to Magten (.4); review Fried Frank issues related to Committee representation (.5); correspondence to Mr. Kornberg (.2). | 2 |
| 11/7/2003 | Darwin, Amanda | 336 | Review incoming correspondence from Committee counsel (.3); review order of court regarding 0.8 trading/ethical screen (.5). | 2 |
| 11/10/2003 | Darwin, Amanda | 714 | Review incoming materials in preparation for upcoming conference call (.4); Committee conference call 1.7 (1.3). | 2 |
| 11/12/2003 | Darwin, Amanda | 672 | 1.6 Review docket and upcoming hearings (.5); review Houlihan overview of KERP proposal (1.1). | 2 |
| 11/13/2003 | Darwin, Amanda | 420 | Review incoming analysis by Houlihan of revised KERP arrangements (.7); review Committee 1.1 correspondence regarding compromise reached with CFO candidate (.3). | 2 |
| 11/14/2003 | Darwin, Amanda | 126 | 0.3 Conference with Mr. Fisher. | 2 |
| 11/17/2003 | Darwin, Amanda | 294 | Review financial results for 3rd Quarter 2003 (.4); review incoming press release regarding Milltown 0.7 Dam dispute (.3). | 2 |
| 11/17/2003 | Hamblett, Frank S. | 333 | Make some final edits to Tripartite Agreement and e-mail message to Ms. Russo and Mr. Fisher 0.9 regarding same (.6); review Guarantee Agreement (.3). | 2 |

9

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 11/18/2003 | Darwin, Amanda | 126 | 0.3 Review issues relating to bondholder representation on Committee (.3). | 2 |
| 11/19/2003 | Darwin, Amanda | 252 | 0.6 Review incoming pleadings and correspondence. | 2 |
| 11/21/2003 | Ciafone, Christina | 142.5 | 1.5 Research and draft notice of appearance. | 2 |
| 11/21/2003 | Darwin, Amanda | 210 | 0.5 Review letter requesting shareholder committee and review committee members' comments to same. | 2 |
| 11/24/2003 | Darwin, Amanda | 126 | 0.3 Review notice of appearance. | 2 |
| 11/25/2003 | Ciafone, Christina | 47.5 | 0.5 Further drafting of notice of appearance and correspondence regarding the same. | 2 |
| 11/26/2003 | Darwin, Amanda | 378 | 0.9 Review incoming correspondence from Mr. Kornberg (.1); review issues relating to creditor representation (.4); review incoming correspondence from Committee counsel (.1); review issues relating to request for equity committee (.3). | 2 |
| 12/1/2003 | Darwin, Amanda | 84 | 0.2 Review correspondence regarding possible meeting with MDU. | 2 |
| 12/2/2003 | Darwin, Amanda | 1,176.00 | 2.8 Review correspondence among Committee members regarding request for Equity Committee (.3); correspondence to Committee counsel review correspondence from Committee counsel to same (.3); investigate reports regarding valuation (.9); review S&P analysis regarding solvency of NorthWestern (.8); review incoming correspondence from Ms. Gill (.2). | 2 |
| 12/8/2003 | Darwin, Amanda | 420 | 1 Review correspondence to US Trustee regarding Equity Committee (.6); review incoming correspondence from Committee counsel (.4). | 2 |
| 12/10/2003 | Darwin, Amanda | 126 | 0.3 Review incoming correspondence from Committee counsel. | 2 |
| 12/11/2003 | Darwin, Amanda | 84 | 0.2 Review incoming correspondence from Committee counsel regarding upcoming meeting. | 2 |
| 12/12/2003 | Darwin, Amanda | 294 | 0.7 Telephone conference with Mr. Healy (.3); correspondence to Mr. Healy (.2); review incoming press clipping regarding payments to insiders (.2). | 2 |
| 12/18/2003 | Darwin, Amanda | 1,554.00 | 3.7 Travel time. | 2 |
| 12/18/2003 | Darwin, Amanda | 1,470.00 | 3.5 Review items on docket (.3); Committee Meeting (2.5); follow-up discussion with Ms. Moss (.3); review confidentiality agreement (.4). | 2 |
| 12/19/2003 | Darwin, Amanda | 1,260.00 | 3 Review Company correspondence regarding Deutsche fees (.3); review Committee position letter regarding Deutsch fees (.4); review incoming correspondence from Mr. Diamond (.2); telephone conference with Ms. Siegel (.3); correspondence to Mr. Curchack(.2); follow-up on issues to be reviewed regarding transfer of assets (.5); correspondence to and from Ms. Siegel (.3); review notes from Committee Meeting and next action items (.6); review incoming correspondence from Ms. Gill (.2). | 2 |
| 12/23/2003 | Darwin, Amanda | 84 | 0.2 Review incoming correspondence from Committee counsel. | 2 |
| 12/24/2003 | Darwin, Amanda | 798 | 1.9 Review issues related to Company's proposed plan terms (.3); review structure of transaction (.3); review Guarantee Agreement (.5); review incoming press release from Company and forward same to client (.3); review inquiry from Committee counsel andcorrespondence to Committee counsel regarding | 2 |

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 12/30/2003 | Darwin, Amanda | 504 | 1.2 | Review changes in entity names upon purchase by NorthWestern of Montana Power and other matters (5); review incoming correspondence from Committee counsel regarding Colstrip (2); review issues relating to proposed purchase by third party of Montana assets (5). | 2 |
| 12/31/2003 | Darwin, Amanda | 420 | 1 | Review issues relating to objections to legal fees regarding Colstrip plant and review of Committee correspondence regarding same. | 2 |
| 1/5/2004 | Darwin, Amanda | 182 | 0.4 | Review incoming correspondence from Committee counsel. | 2 |
| 1/7/2004 | Darwin, Amanda | 910 | 2 | Review incoming revisions to Company's confidentiality agreement and incoming correspondence from and to Mr. Healy regarding same (.7); forward comments to Committee counsel regarding same (.2); review incoming change from Company counsel and correspondence to Mr. Healy regarding same (.4); review status of receipt of certain documents and other information from Bank of New York (.5); review incoming correspondence from Bank of New York's counsel (.2). | 2 |
| 1/8/2004 | Darwin, Amanda | 682.50 | 1.5 | Review incoming correspondence from Mr. Fisher and respond to same (.6); telephone conference with Mr. Curchack (.4); review incoming correspondence from Committee counsel (.3); review incoming | 2 |
| 1/8/2004 | Hamblett, Frank S. | 968 | 2.2 | Follow up with Ms. Siegel, Ms. Russo and Mr. Curchack regarding missing documentation and review SEC records regarding same (1.4); research issue regarding corporate history of mergers and acquisitions (.8). | 2 |
| 1/9/2004 | Darwin, Amanda | 1,501.50 | 3.3 | Correspondence to and from Mr. Kaplan (.4); review information from Montana Secretary of State regarding corporate history of NorthWestern Energy LLC (.4); review assuption of liabilities by NorthWestern Corp (.3); review fraudulent transfer allegations by creditors of Clark Fork (.4); review issues relating to amounts covered by Guarantee and assumption of those liabilities (.5); review correspondence from Mr. Fisher (.2) correspondence to Mr. Fisher updating him on communications with Magten (.3); correspondence to and from Mr. Fisher on follow-up issues (.4); telephone conference with Ms. Costello of Fried Frank regarding factual background regarding asset transfers | 2 |
| 1/9/2004 | Hamblett, Frank S. | 352 | 0.8 | Further analyze history regarding Northwestern mergers. | 2 |
| 1/9/2004 | Moore, Carlene | 115.5 | 0.7 | Review and research matters regarding Montana entities (.3); telephone conferences and e-mails with CT Corporation regarding entities' status (.2). | 2 |
| 1/12/2004 | Darwin, Amanda | 682.50 | 1.5 | Telephone conference with Mr. Curchack's office regarding assumption of guarantee by Debtor and other issues (.5); telephone conference Mr. Pedersen regarding same (.5); review incoming materials from Mr. Pedersen (.5). | 2 |
| 1/14/2004 | Darwin, Amanda | 273 | 0.6 | Review incoming correspondence from Committee Counsel regarding holdings by various indenture trustees and correspondence to Ms. Gill regarding same (.4); review correspondence from and to client (.2). | 2 |

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 1/15/2004 | Darwin, Amanda | 136.5 | 0.3 Review incoming as-filed proofs of claim. | 2 |
| 1/16/2004 | Darwin, Amanda | 273 | 0.6 Review update on omnibus hearing (.2); review incoming request from Committee counsel (.2); forward requested information to Ms. Gill (.2). | 2 |
| 1/20/2004 | Darwin, Amanda | 591.5 | Follow-up correspondence from and to Fried, Frank (.3); review and revise 2019 Statement (.4); review prospectus for Preferred Securities (.4); review follow-up correspondence from Committee counsel (.2). | 2 |
| 1/21/2004 | Darwin, Amanda | 91 | 1.3 | 2 |
| 1/22/2004 | Darwin, Amanda | 136.5 | 0.2 Review incoming press clipping from Committee counsel. | 2 |
| | | | 0.3 Review incoming inquiry from Fried, Frank. | |
| 1/23/2004 | Darwin, Amanda | 864.5 | Telephone conference with Ms. Costello (.3); correspondence to Mr. Costello (.2); telephone conference with Mr. Healy (.3); follow-up with Ms. Costello (.3); review inquiry from holder (.4); correspondence to Ms. Costello and Mr. Healy (.4). | 2 |
| 1/23/2004 | Swiatocha, Michael | 363 | 1.9 | 2 |
| | | | 3.3 Research and prepare Service List for Notice of Appearance. | 2 |
| 1/26/2004 | Swiatocha, Michael | 176 | Review Incoming memo regarding reimbursement of fees for D&O litigation (.5); correspondence from and to Mr. Healy regarding same (.4); review incoming correspondence from Ms. Gill (.2); review proofs of claims filed by HSBC and Wilmington (.6); review issues raised by Montana medium-term noteholders (.4); review Notice of Appearance (.5); draft and revise 2019 Statement (1.2). | 2 |
| | | | 3.8 | |
| | | | 0.3 Draft and revise Certificate of Service (1.4); correspondence with Debtor's counsel regarding updated Service List (.2). | |
| | | | 1.6 | |
| 1/27/2004 | Swiatocha, Michael | 1,911.00 | Assign tasks regarding service list/certificate of service (.4); review incoming advisory pleadings and others (.3); telephone conference with Mr. Healy (.3); correspondence to Ms. Costello regarding upcoming meeting (.3); review issues regarding constituencies impacted by fraudulent trustee (.5); review certain SEC filings (.4); review docket (.3); review certain aspects of valuation analysis (.5); review incoming correspondence from Mr. Healy (.2); correspondence to Committee counsel (.2); review incoming correspondence from Fried, Frank (.2). | 2 |
| 1/27/2004 | Darwin, Amanda | 154 | 4.2 | 2 |
| 1/28/2004 | Darwin, Amanda | 500.5 | 1.4 Revise Service List and correspondence with Debtor's counsel regarding same. | 2 |
| | | | Review incoming correspondence from Committee counsel (.3); review incoming correspondence from Mr. Embry (.2); review issues relating to D&O litigation (.3); telephone conference with Ms. Costello regarding fraudulent transfer analysis (.3). | 2 |
| | | | 1.1 | |
| 1/28/2004 | Swiatocha, Michael | 506 | 4.6 Prepare and send Notice of Appearance and Statement by Client as Indenture Trustee and Guarantee Trustee Pursuant to Rule 2019. | 2 |
| 1/29/2004 | Darwin, Amanda | 2,184.00 | 4.8 Travel time to and from meeting in New York. | 2 |

I2

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 1/29/2004 | Darwin, Amanda | 910 | 2 | Correspondence from and to Mr. Healy (.2); follow-up correspondence to Mr. Healy (.2); meeting with Mr. Fisher (.3); meeting with Mr. Fisher and attorneys from Magten (1.0); follow-up meeting with Mr. Fisher (.3). | 2 |
| 1/29/2004 | Snellings, John V. | 297 | 0.6 | Participate in telephone conference with Magten counsel on fraudulent conveyance claims. | 2 |
| 1/30/2004 | Darwin, Amanda | 1,137.50 | 2.5 | Review incoming complaint regarding Colstrip (.4); telephone conference with Ms. Moss (.3); review correspondence to and from Ms. Siegel (.3); letter to U.S. Trustee (.3); review successorship document (.4); extended telephone conference with holder(.4); analysis of holder's inquiry (.4). | 2 |
| 1/30/2004 | Snellings, John V. | 198 | 0.4 | Conference with Ms. Darwin on responding to bondholder concerns and possible litigation. | 2 |
| 2/2/2004 | Boyle, Meghan | 66 | 0.3 | Initial analysis of merger transaction. | 2 |
| 2/2/2004 | Darwin, Amanda | 1,183.00 | 2.6 | Review incoming correspondence from holder (.2). Review debt tranches (.4). Assign tasks/issues to be researched (.4). Review issues regarding statute of limitations (.4). Telephone conference with M. Costello (.3). Correspondence to M. Costello (.2). Review incoming documents regarding merger (.7). | 2 |
| 2/2/2004 | Duncan, Jason | 0 | 0.4 | Begin research on validability of merger transaction. | 2 |
| 2/2/2004 | Swiatocha, Michael | 33 | 0.3 | Docket research. | 2 |
| 2/3/2004 | Boyle, Meghan | 1,034.00 | 4.7 | Review documents (.7). Search SEC filings and draft memo regarding terms of merger (4.0). | 2 |
| 2/3/2004 | Darwin, Amanda | 955.5 | 2.1 | Review docket and incoming pleadings (.2). Review incoming correspondence from M. Costello (.2). Correspondence from and to T. Moss (.4). Telephone conference with T. Moss (.3). Telephone conference with M. Costello (.3). Research inquiry from holder (.7). | 2 |
| 2/3/2004 | Swiatocha, Michael | 77 | 0.7 | Docket research on PACER. | 2 |
| 2/4/2004 | Boyle, Meghan | 1,364.00 | 6.2 | Search SEC filings and draft memo regarding terms of merger and index documents (3.0), Search SEC filings for any prospectus addressing other unsecured debt (1.5). Revision of memo (1.7). | 2 |
| 2/4/2004 | Darwin, Amanda | 1,274.00 | 2.8 | Review issues relating to Company's disclosures regarding priority (.8). Compile documents requested by Magten (.3); review assumption of guarantee/novation issues (.4); correspondence to and from M. Costello (.4); telephone conference with M. Costello (.3); follow-up regarding bondholder inquiry regarding disclosures (.6). | 2 |
| 2/5/2004 | Boyle, Meghan | 1,232.00 | 5.6 | Draft memorandum regarding the priority of Northwestern Corporation's unsecured debt (1.5). Review documents for any breach of the terms of the Indenture regarding the mergers (1.5). Further review of documents and SEC filings (2.6). | 2 |
| 2/5/2004 | Darwin, Amanda | 1,001.00 | 2.2 | Review findings regarding underlying transaction on 8/13/03 (1.0); correspondence to P. Healy (.3); Further review from U.S. Trustee regarding offer (.3); correspondence to P. Healy (.3). E-mail correspondence to I. Siegel (.3). Telephone conference with P. Healy (.3). | 2 |
| 2/6/2004 | Boyle, Meghan | 0 | 1.9 | Revise memorandum. | 2 |

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 2/6/2004 | Darwin, Amanda | 682.5 | 1.5 | Review various prospectuses regarding priority (.5). Review issues regarding Owner Trustee fees and expenses (.4). Review incoming pleadings (.2). Telephone conference with P. Healy and follow-up correspondence to P. Healy (.4). | 2 |
| 2/10/2004 | Darwin, Amanda | 364 | 0.8 | Review incoming fax from I. Siegel (.2). Correspondence to I. Siegel (.2). Correspondence to P. Healy and D. Fisher (.4). | 2 |
| 2/11/2004 | Boyle, Meghan | 0 | 0.5 | Revise client memorandum. | 2 |
| 2/11/2004 | Darwin, Amanda | 91 | 0.2 | Review incoming correspondence from D. Fisher. | 2 |
| 2/12/2004 | Darwin, Amanda | 182 | 0.4 | Correspondence to and from D. Fisher regarding Confidentiality Agreement (.3). Forward signature pages to D. Fisher (.1). | 2 |
| 2/13/2004 | Darwin, Amanda | 637 | 1.4 | Telephone conference with M. Costello regarding upcoming Committee call (.4). Correspondence to D. Fisher and P. Healy (.4). Correspondence to Committee counsel (.2). Telephone conference with P. Healy (.4). | 2 |
| 2/17/2004 | Darwin, Amanda | 409.5 | 0.9 | Review agenda (.2). Conference call (.7). | 2 |
| 2/18/2004 | Darwin, Amanda | 318.5 | 0.7 | Review incoming correspondence from Committee counsel and comments of Committee members thereto. | 2 |
| 2/19/2004 | Darwin, Amanda | 318.5 | 0.7 | Review incoming correspondence from Committee (.2). Follow-up regarding correspondence to U.S. Trustee (.2). Review incoming correspondence from Committee counsel (.3). | 2 |
| 2/19/2004 | Hamblett, Frank S. | 132 | 0.3 | Correspondence with U.S. Trustee regarding appointment to Creditors' Committee. | 2 |
| 2/23/2004 | Darwin, Amanda | 1,228.50 | 2.7 | Review incoming pleadings (.3). Review settlement with Wells Fargo (.8). Telephone conference with J. Austin's office (.3). E-mail correspondence to G. Kaplan (.3). Review minutes of last two Committee meetings (.4). Review summary of hearings and agenda for next omnibus hearing (.3). Follow-up telephone conference with J. Austin's office (.3). Correspondence to P. Healy and D. Fisher (.4). Review incoming correspondence from G. Kaplan (.2). Review memo from Fried, Frank (.6). Review correspondence from B. Scheler and correspondence to B. Scheler (.4). Review correspondence from G. Kaplan (.2). Correspondence to P. Healy and D. Fisher (.2). | 2 |
| 2/24/2004 | Darwin, Amanda | 910 | 2 | Analyze arguments stated in Magten memo (1.0). Review financial results/results of Montana operations (.8). | 2 |
| 2/25/2004 | Darwin, Amanda | 819 | 1.8 | Review incoming correspondence from Debtor's counsel's office (.3). Follow-up correspondence from Debtor's counsel's office (.3). | 2 |
| 3/11/2004 | Darwin, Amanda | 318.5 | 0.7 | Review incoming pleadings (.4). Review incoming correspondence from Mr. Kaplan (.2). Review incoming pleadings (.2). | 2 |
| 3/4/2004 | Darwin, Amanda | 182 | 0.4 | Review incoming correspondence from Mr. Kornberg (.4). Review incoming pleadings (.2) | 2 |
| 3/8/2004 | Darwin, Amanda | 273 | 0.6 | Review incoming correspondence from Mr. Fisher and Mr. Healy regarding availability for next Committee | 2 |
| 3/9/2004 | Darwin, Amanda | 318.5 | 0.7 | meeting (.4). Review incoming correspondence from Committee counsel (.3). | 2 |
| 3/10/2004 | Darwin, Amanda | 182 | 0.4 | Telephone conference with Mr. Kaplan. | 2 |

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 3/11/2004 | Darwin, Amanda | 273 | 0.6 (.4). Review incoming pleadings (.4). Review incoming correspondence from Company counsel (.5). Telephone conference from Mr. Embry (2). Review issues to be discussed on Committee call | 2 |
| 3/12/2004 | Darwin, Amanda | 728.00 | 1.6 Review incoming correspondence from Ms. Costello (.5). Telephone conference with Ms. Costello (3). | 2 |
| 3/12/2004 | Hamblett, Frank S. | 1,012.00 | 2.3 Begin reviewing Plan and Disclosure Statement. Correspondence with Mr. Curchack regarding Owner Trustee/appointment of Law Debenture as | 2 |
| 3/15/2004 | Hamblett, Frank S. | 132.00 | 0.3 Owner Trustee (.3). | 2 |
| 3/17/2004 | Darwin, Amanda | 1,092.00 | 2.4 Telephone conference with Mr. Kinder, QUIP holder (.4). Review possible causes of action to add to complaint (.8). Review certain provisions of Plan and Disclosure Statement (.6). Review incoming inquiries from holders (.4). Review incoming pleadings (.2). | 2 |
| 3/17/2004 | Snellings, John V. | 247.5 | 0.5 Meeting with Ms. Darwin on Thursday call. | 2 |
| 3/18/2004 | Darwin, Amanda | 1,820.00 | 4 Plan and correspondence to Mr. Fisher and Mr. Healy regarding same (1.5). Review materials in preparation for conference call (.4). Creditors Committee conference call (1.3). Review and revise comments to Follow-up call with Mr. Kaplan (.3). Review incoming pleadings (.5). Review incoming correspondence from Committee counsel regarding PUCHA issues to be discussed on call (.4). Conference with Mr. Dewees regarding same (.3). Review minutes of prior meeting (.3). Correspondence from and to Mr. Healy regarding call (.3). Committee conference call (.7). Follow-up conference with Mr. Healy (.3). Conference with Mr. Dewees regarding regulatory issues (.3). Review incoming correspondence regarding vote of indenture trustees regarding extension motion (.2). Review issues relating to motion to life stay and correspondence to Mr. Healy to set up time to speak about same (.4). | 2 |
| 3/22/2004 | Darwin, Amanda | 1,456.00 | 3.2 Participate in conference call to discuss PUHCA issues regarding Northwestern and exemption sought | 2 |
| 3/22/2004 | Dewees, Robert L. Jr. | 376 | 0.8 by Northwestern from PUHCA and review possible state utility commission claims. | 2 |
| 3/22/2004 | Snellings, John V. | 49.5 | 0.1 Review issues to be discussed on 3/23 call. | 2 |
| 3/23/2004 | Darwin, Amanda | 1,456.00 | 3.2 Review Paul, Weiss memo (1.0). Review incoming correspondence from Mr. Healy (.3). Review issues relating to Committee response memo (.8). Review correspondence in response to Comanche (.3). Review issues relating to regulatory approvals/PUCHA (.5). Telephone conference with Ms. Costello (.3). | 2 |
| 3/24/2004 | Darwin, Amanda | 1,319.50 | 2.9 Review incoming correspondence from Ms. Costello (2). Review issues to be discussed in proposed conference call (2). Correspondence to and from Mr. Healy and Mr. Fisher (.4). Review issues relating to upcoming call with Fried, Frank tomorrow (.7). Review correspondence from Mr. Fisher and Mr. Healy (.3). Review correspondence from Ms. Costello (.2). Follow-up correspondence to Mr. Fisher and Mr. Healy (.3). Conference call with Mr. Dewees regarding PUCHA filing (.3). Correspondence to | 2 |

15

| Date | Timekeeper | Amount | Description | |
|---|---|---|---|---|
| 3/25/2004 | Darwin, Amanda | 546 | Review incoming correspondence from Ms. Costello (.2). Telephone conference with Ms. Costello (.3). | 2 |
| 3/30/2004 | Berman, Mark | 151.5 | 1.2 and to Mr. Kaplan regarding minutes (.3). Follow-up correspondence with Ms. Costello regarding same (.4). Review e-mail correspondence from | 2 |
| | | | 0.3 Analyze possible theories to be used against bankrupt by creditors of subsidiaries. | |
| 3/30/2004 | Darwin, Amanda | 910.00 | Review incoming correspondence from Ms. Gil and correspondence to Ms. Gil (.3). Telephone conference with Ms. Costello (.3). Review items still at issue regarding PUCHA filings (.7). Research | 2 |
| | | | 2 regarding inquiry from Ms. Costello and correspondence to Ms. Costello regarding same (.7). | |
| 3/30/2004 | Snellings, John V. | 742.5 | Prepare for meeting with Committee regarding litigation and meeting with Magten counsel, including | 2 |
| | | | 1.5 review motion for relief. | |
| 3/31/2004 | Darwin, Amanda | 409.5 | Prepare for conference call (.2). Conference call with Ms. Moss and Mr. Herrman regarding Indenture | 2 |
| | | | 0.9 Trustee comments to the Plan (.7). | |
| 5/6/2004 | Snellings, John V. | 0 | Review U.S.Trust letter removing us from Committee. | 2 |
| | | | 0.4 | |
| | | **67,088.00** | | |
| 12/3/2003 | Darwin, Amanda | 1,134.00 | Review request for Equity Committee (.6); review incoming correspondence from Committee counsel (.2); review request from U.S. Trustee for Committee input (.4); review response of Committee counsel (.3); review standards for equity committee formation and comparison with El Paso Electric (.5); correspondence to Committee counsel (.2); review incoming information regarding addition of Magten | 3 |
| | | | 2.7 (.5). | |
| 3/24/2004 | Snellings, John V. | 99 | Follow-up on meeting with Magten to discuss outstanding legal issues. | 3 |
| | | | 0.2 | |
| 3/26/2004 | Darwin, Amanda | 819 | Review incoming correspondence from Committee counsel and summary of upcoming motions (.5). Review incoming pleadings (.2). Review Committee minutes and correspondence to Ms. Gil regarding same (.4). Review Committee counsel response on Mr. Kaplan's comments to minutes (.3). Review | 3 |
| | | | 1.8 issues of corporate headquarters location/cost savings for Company (.4). Review incoming proposed response motion from Committee counsel (.2). Correspondence from and to Ms. Moss (.3). Conference call with Ms. Moss and Mr. Herrman (.3). Review suggested change of | |
| 4/1/2004 | Darwin, Amanda | 591.5 | Review incoming correspondence from Committee counsel (.2). Correspondence from and to Ms. Moss (.3). Conference call with Ms. Moss and Mr. Herrman (.3). Review suggested change of | 3 |
| | | | 1.3 HSBC regarding distribution provisions of plan (.6). | |
| 4/2/2004 | Darwin, Amanda | 227.5 | 0.5 Review inquiry from Mr. Healy (.2). Correspondence to Mr. Healy in response (.3). | 3 |
| 4/5/2004 | Darwin, Amanda | 637.00 | Review PUHCA issues with Mr. Dewees (.5). Telephone conference with Mr. Healy regarding documents to be prepared (.3). Follow-up e-mail to Mr. Healy (.2). Review incoming correspondence | 3 |
| | | | 1.4 from Houlihan, Lokey (.4). | |

16

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 4/5/2004 | Dewees, Robert L. Jr. | 658 | 1.4 | Conference with Ms. Darwin regarding Master position on potential claim of bad faith on part of NorthWestern to the SEC regarding PUHCA exemptions application (.3). Telephone conference with Mssrs. Elliot, Miller, Balls regarding status of the bad faith claim (.2). Discussions between Wilmington Trust counsel and Committee counsel on the issue and whether any investigation of FERC or state filings regarding NorthWestern debt have been reviewed (.5). Obtain NorthWestern's FERC filings on debt offering (.4). | 3 |
| 4/6/2004 | Darwin, Amanda | 409.50 | 0.9 | Review incoming correspondence from Committee counsel regarding equity committee (.2). Review letter to BNY's counsel (.4). Correspondence to Ms. Fisher and Mr. Healy (.3). | 3 |
| 4/6/2004 | Dewees, Robert L. Jr. | 188 | 0.4 | Review FERC orders for Northwestern financing. | 3 |
| 4/7/2004 | Darwin, Amanda | 1,729.00 | 3.8 | Review motions to be heard tomorrow (.4). Review incoming pleadings and responses regarding same (.2). Telephone conference with Ms. Costello regarding Maglen's comments (.4). Review indemnity agreement in accordance with same (.6). Draft letter to Fried Frank (.6). Forward revised agreement to Ms. Costello (.2). Review letter to BNY's counsel and correspondence to Mr. Fisher regarding same (.5). Review and revise letter to Fried Frank in accordance with comments from Mr. Snellings (.6). | 3 |
| 4/7/2004 | Dewees, Robert L. Jr. | 705 | 1.5 | Telephone conference with Ms. Costello regarding factual basis for assertions in complaint (.3). Review FERC filings by NorthWestern seeking financing approvals (1.0). Review MBIA Insurance protest to the proposed financings (.5). | 3 |
| 4/8/2004 | Dewees, Robert L. Jr. | 91 | 0.2 | Review incoming pleadings (.2). | 3 |
| 4/8/2004 | Darwin, Amanda | 235 | 0.5 | Review NorthWestern's FERC financing filings (.3). Emails to/from Ms. Whittle regarding FERC filings (.2). | 3 |
| 4/8/2004 | Dewees, Robert L. Jr. | 235 | 0.5 | Review information gathered from special counsel to the Committee (.2). Review questions to be raised with Wilmington's counsel (.3). Review complaint for state claims (.3). Correspondence to Mr. Hermann regarding PUHCA claims (.2). Review incoming correspondence from Committee counsel (.2). Review incoming correspondence from Mr. Kaplan (.2). Review impact of rulings on PUHCA claim (.4). Telephone conference with Mr. Kaplan (.3). Review incoming summary from Committee counsel (.7). | 3 |
| 4/9/2004 | Darwin, Amanda | 1,410.50 | 3.1 | Review timing of upcoming filings, issues of local counsel (.7). Review draft complaint to SEC (.2). Conference with Ms. Darwin (.1). Review responses filed in August 2003 to FERC data requests on financings (.2). | 3 |
| 4/9/2004 | Dewees, Robert L. Jr. | 235 | 0.5 | Telephone calls with Mr. Curchack regarding same (.5). | 3 |
| 4/9/2004 | Hamblett, Frank S. | 352 | 0.8 | Mr. Curchack regarding property trustee/transfer (.3). Prepare follow-up letter to | 3 |

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 4/12/2004 | Darwin, Amanda | 1,547.00 / 318 | | Review incoming inquiry from Mr. Fisher (.4), Draft summary of court hearing in response to same (.8). Review incoming correspondence from BNY's counsel (.2), Review issues relating to trading activity (.5), Review Wilmington court pleadings regarding compelling DTC to disclosure (.4), Review possible issues relating to filing of complaint (.3). Review on-going role of property trustee/possible collapse of trust (.4), Review Ms. Moss' changes to plan (.4). | 3 |
| 4/13/2004 | Darwin, Amanda | | 0.7 | Review incoming pleadings (.3), Review update on financial performance (.4). | 3 |
| 4/14/2004 | Darwin, Amanda | 1,638.00 | 3.4 | Review incoming inquiry from Mr. Fisher (.4), Correspondence to Ms. Costello (.2), Review appointment to Committee (.5), Correspondence to Mr. Healy (.2), Correspondence to Ms. Costello (.2). Review issues relating to electronic filings (.5), Review issues relating to joint defense agreement (.6), Review Committee materials regarding going flat transaction (.6), Review incoming pleadings (.2), Review incoming inquiry from holder (.2), Telephone conference with Committee counsel regarding distribution/DTC procedures (.2), Correspondence to and from Ms. Costello (.2). | 3 |
| 4/15/2004 | Darwin, Amanda | 2,366.00 | 3.6 | Correspondence to Mr. Healy and Mr. Fisher (.2). Review incoming correspondence from Mr. Healy (.2). Telephone conference with Mr. Healy (.4). Follow-up regarding results of consent solicitation of Bank of New York regarding property trusteeship (1.0). Review outgoing correspondence to Bank of New York counsel (.4). Review incoming correspondence from Committee counsel (.4). Correspondence to Mr. Burnet (.3). Correspondence to Ms. Costello (.3). Review items to be included in notice to holders (1.0), Review follow-up from Blank, Rome (.5), Conference call with Ms. Costello and Mr. Kaplan (.3), Review form of notice to holders and revise same (.4). | 3 |
| 4/15/2004 | Snellings, John V. | 594.00 | 5.2 / 1.2 | Mr. Burnett at Blank, Rome (.4). Conference with Ms. Darwin on order for relief (.4), Review notice to holders (.4), Teleconference with | 3 |
| 4/21/2004 | Dewees, Robert L., Jr. | 376 | 0.8 | Commission members and lawyers on NorthWestern's reorganization and what jurisdiction PSC has. Review Northeastern's FERC filings and reports of positions taken by Montana Public Service | 3 |
| 4/21/2004 | Hamblett, Frank S. | 308 | 0.7 | Committee's minutes (.3). Review and analyze Debtor's letter regarding Magten/Adversary Proceeding/options (.4), Review | 3 |
| 4/21/2004 | Snellings, John V. | 544.5 | 1.1 | (.7), Conference with Mr. Hamblett on response (.2), Review meeting agenda (.2), Review letter from Paul Hastings requesting removal from Committee | 3 |
| 4/22/2004 | Hamblett, Frank S. | 1,364.00 | 3.1 | regarding same (.9), Review Committee by-laws (.4). Prepare for and participate in Creditors' Committee conference call (1.8), Draft letter to U.S. Trustee | 3 |
| 4/22/2004 | Harrington, Lee | 31.5 | 0.1 | Review issues relating to Debtor's motion to remove Committee members. | 3 |

18

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 4/23/2004 | Hamblett, Frank S. | 1,804.00 | 4.1 Comanche Park in Magten's motion for relief (.3). Review letters from U.S. Trustee and Paul Weiss regarding Creditors' Committee/Law Debenture and telephone call with Mr. Fisher regarding same (1.1). Revise response letter to U.S. Trustee (1.9). Review response of CSFB to motion of Magten for an order to clarify Court's ruling granting Magten relief from automatic stay (.8). Review Debtors' proposed orders denying joinder of McGreevey and | 3 |
| 4/23/2004 | Snellings, John V. | 643.5 | 1.3 Review letters to Committee members (.4). Review U.S. Trustee's request for response to removal (.3). Research removal issue (.6). | 3 |
| 4/26/2004 | Hamblett, Frank S. | 1,276.00 | 2.9 U.S. Trustee regarding same (2.6). Further review of by-laws (.3). Further research issue regarding Creditors' Committee/adverse interest and revise response letter to Conference with Mr. Hamblett regarding letter to U.S. Trustee (.3). Review Committee counsel's letter | 3 |
| 4/26/2004 | Snellings, John V. | 297 | 0.6 to Committee (.3). | 3 |
| 4/27/2004 | Darvin, Amanda | 1,865.50 | 4.1 Review voluminous pleadings, including those regarding Magten motion for emergency telephonic hearing (1.0). Review outcome and Judge's comments regarding same (.3). Commence review of letter to U.S. Trustee to add arguments regarding role of members (.4). Review basis for removal and review exchange of correspondence with U.S. Trustee regarding same (.5). Review issue regarding non-consolidation and insider transactions within one year of filing (.7). Review issue regarding classifications of claims (.4). Review incoming comments from Mr. Fisher (.3). Review and revise letter in response to same (.5). | 3 |
| 4/27/2004 | Hamblett, Frank S. | 1,364.00 | 4.1 Further research: issue regarding Creditors' Committee/adverse interests and revise response letter to U.S. Trustee. | 3 |
| 4/27/2004 | Snellings, John V. | 247.5 | 3.1 Revise letter to U.S. Trustee and review client comments regarding the same. 0.5 | 3 |
| 4/28/2004 | Darvin, Amanda | 2,866.50 | 6.3 Review issues regarding functionality of Committee (6). Review line of cases regarding conflicts of members (.5). Revise and finalize letter to U.S. Trustee (1.0). Forward appropriate correspondence to others in light thereof (.2). Review incoming letter from Magten (.3). Correspondence to and from Mr. Fisher (.3). Review incoming correspondence from Mr. Schmechel (.3). Review issues relating to statements made by Company at time of purchase of Montana Power and conference with Mr. Dewees regarding same (.6). Review Comanche request for separate subcommittee (.6). Review conduct of Debtors' counsel as alleged by Magten (.6). Review agenda for Committee meeting/lack of notice of vote (.3). Review minutes of Committee meetings (.3). Correspondence to Committee counsel regarding changes to same (.3). Review statement of ad hoc equity committee (.4). | 3 |
| 4/28/2004 | Dewees, Robert L. Jr. | 799 | 1.7 Conference with Ms. Darvin regarding Comanche Park documents from the sale docket at the Montana PSC (.4). Review documents from PSC proceeding regarding Montana Power sale (1.0). Review FERC filings by NorthWestern on financing application (.3). | 3 |

19

| Date | Name | Amount | Description | | |
|---|---|---|---|---|---|
| 4/28/2004 | Hamblett, Frank S. | 792.00 | Further analyze issues regarding Magten Creditors' Committee/fraudulent transfer claim (1.6). Review docket regarding objection deadline (.2). | 1.8 | 3 |
| 4/28/2004 | Snellings, John V. | 990.00 | Review Committee agenda from 4/22, issue of exclusion (.2), Review Kornberg letter (.4), Review OC letter to U.S. Trustee (.3), Review Magten letter to U.S. Trustee (.4), Review Comanche letter (.2). Review/revise letter to U.S. Trustee (.5). | 2 | 3 |
| 4/29/2004 | Darwin, Amanda | 864.50 | Review court orders regarding lift-stay motions (.3), Review transcript of lift-stay hearing (.6), Review issues relating to standing and to CSFB liens (.5). Review issues relating to by-laws/obligations of members to recuse themselves (.5). | 1.9 | 3 |
| 4/29/2004 | Dewees, Robert L. Jr. | 423 | Telephone conference with Ms. Whittle concerning applicability of Public Utility Holding Company Act, if equity committee holds more than 10% of debtor's common stock (.3). Review responses to data requests in the sale docket regarding independence of Montana Power from NorthWestern (.6). | 0.9 | 3 |
| 4/29/2004 | Hamblett, Frank S. | 88.00 | Telephone call with Mr. Burnett regarding conflict issues/local counsel (.2). | 0.2 | 3 |
| 4/30/2004 | Darwin, Amanda | 1,592.50 | Follow up regarding alternatives to Black, Rome as local counsel (.4). Review incoming pleadings and orders (.2). Review issues relating to Magten request for separate committee or subcommittee and review by-laws regarding same (.6). Review standard for objection to releases of officers and directors (.5). Correspondence to Mr. Monaco (.2). Review incoming correspondence from Committee counsel (.2). Telephone conference with Ms. Costello (.3). Review incoming correspondence regarding Wilmington pleadings (.3), Correspondence to Mr. Fisher and Mr. Healy regarding objection and other matters (.3). Review status of other objections filed (.5). | 3.5 | 3 |
| 4/30/2004 | Dewees, Robert L. Jr. | 1,363.00 | Review Montana PSC decision on sale of Montana Power Company to NorthWestern Corporation (1.3). Conference with Ms. Whittle regarding Public Utility Holding Co. Act issue and equity committee in the bankruptcy proceeding (.5). Review NorthWestern's 10-K on issue of approvals needed for transfer of assets from Montana Power LLC to NorthWestern Corporation (1.1). | 2.9 | 3 |
| 4/30/2004 | Hamblett, Frank S. | 132.00 | Follow-up with Mr. Curchack regarding property truystee/transfer (.3). | 0.3 | 3 |
| 5/3/2004 | Darwin, Amanda | 1,638.00 | Review incoming correspondence from counsel to State of Montana (.3), Review objection to feasibility/financial data (.6), Review incoming objection of McGreevy defendants (.5), Review objection to Wilmington motion for requested relief (.4), Review issues relating to D&O releases (.5), Review objection regarding factual allegations (.4), Review service requirements (.5), Review Wilmington motion regarding factual allegations relating to PUHCA filing (.4). | 3.6 | 3 |

| Date | Timekeeper | Amount | Hours | Description | Code |
|---|---|---|---|---|---|
| 5/3/2004 | Dewees, Robert L., Jr. | 1,927.00 | 4.1 | Review filings of Harbert Management and Wilmington Trust Company on PUHCA violations and request for relief from automatic bankruptcy stay (.5); Review Montana PSC order on stipulation of all parties on sale of assets to NorthWestern (1.0); Review Montana PSC documents on NorthWestern (2.1); Conference with Ms. Darwin regarding strategies available to Law Debenture (.5). | 3 |
| 5/3/2004 | Hamblet, Frank S. | 748 | 1.7 | Review and revise objection to disclosure statement and coordinate filing same (1.4); telephone call with Mr. Burnett regarding Law Debenture/local counsel (.3). | 3 |
| 5/4/2004 | Snellings, John V. | 346.5 | 0.7 | Teleconference with Mr. Felger regarding local counsel (.3); Review Wilmington motion for relief (.4). | 3 |
| 5/5/2004 | Darwin, Amanda | 182 | 0.4 | Review correspondence from Mr. Fisher (.2); Correspondence to Mr. Fisher (.2). | 3 |
| 5/4/2004 | Hamblet, Frank S. | 748.00 | 1.7 | Correspondence with Mr. Murphy, Mr. Kaden and Mr. Friedman regarding same (.8); Review pledge agreements, interrogatory notes and related documents (.9). | 3 |
| 5/4/2004 | Darwin, Amanda | 2,639.00 | 5.8 | Review incoming objection to disclosure statement (.5); Review incoming correspondence from Mr. Fisher (.4); Review correspondence from Blank, Rome and telephone conference with Ms. Costello regarding same (.7); Review incoming Committee counsel response to Maglen (.7); Review incoming objections to disclosure statement and other pleadings (.5); Correspondence from Committee and Mr. Fisher regarding upcoming Committee meeting (.5); Review factual basis for claims (.5); Review action of Wilmington regarding SEC proceeding (.4); Review possible claims/recoveries related to proceeding (.5); Review impact of application for exemption being voided (.5); Telephone conference with Ms. Costello (.3); Correspondence to Mr. Fisher (.3). | 3 |
| 5/4/2004 | Dewees, Robert L., Jr. | 235 | 0.5 | Analyze Wilmington Trust's motion to lift automatic stay regarding PUHCA issue (.5). | 3 |
| 5/5/2004 | Dewees, Robert L., Jr. | 1,598.00 | 3.4 | Review NorthWestern's FERC applications for financing (2.0); Telephone conference with Mr. Schmechel regarding PSC proceedings concerning the Montana sale docket and other PSC proceedings concerning the transfer of assets (.8); Telephone conference with Mr. Schmechel regarding CSFB financings and their knowledge of NorthWestern's finances (.6). | 3 |
| 5/6/2004 | Dewees, Robert L., Jr. | 1,598.00 | 3.4 | Review FERC financing filings made by NorthWestern Corporation (1.3); Analyze strategy going forward (.3); Review FERC's Westar decisions on segregation of utility-related and non-utility unsecured debt standards (1.4); Telephone conference with Ms. Whittle and notes to file regarding PUHCA "bad faith" issue (.4). | |
| 5/6/2004 | Snellings, John V. | 198 | 0.4 | Review letter from U.S. Trustee on Committee removal (.4). | 3 |
| 5/6/2004 | Whittle, Elizabeth W | 121.5 | 0.3 | Telephone conference with Mr. Dewees regarding NorthWestern bankruptcy. | 3 |
| 5/18/2004 | Snellings, John V. | 396 | 0.8 | Draft e-mail memo on hearing to client (.4); Conference with Mr. Hamblet on various issues (.4). | 3 |
| 5/24/2004 | Snellings, John V. | 198 | 0.4 | Review documents/pleadings. | 3 |
| 6/2/2004 | Darwin, Amanda | 182 | 0.4 | Review incoming pleadings. | 3 |

| Date | Name | Amount | Hours | Description | |
|---|---|---|---|---|---|
| 6/9/2004 | Darwin, Amanda | 1,183.00 | 2.6 | Telephone conference with Mr. Healy regarding possible meeting with Montana Power Authority (.3). Review materials regarding possible offer to purchase (.3). Follow-up e-mail correspondence and telephone conference with Mr. Healy (.7). Review summary of outcome of hearing (.3). Review documentation needed for reply on regulatory issues/disclosures (1.0). | 3 |
| 6/11/2004 | Snellings, John V. | 396 | 0.8 | Review pleadings and other filings in general case. | 3 |
| 6/22/2004 | Darwin, Amanda | 91 | 0.2 | Review judge's comments from the bench. | 3 |
| 6/30/2004 | Darwin, Amanda | 273 | 0.6 | Review issues relating to claim against officers and directors. | 3 |
| 7/2/2004 | Darwin, Amanda | 182 | 0.4 | Review incoming pleadings. | 3 |
| 7/6/2004 | Darwin, Amanda | 364 | 0.8 | Review incoming pleadings (.5). Review outgoing correspondence and incoming correspondence from client (.3). | 3 |
| 7/9/2004 | Darwin, Amanda | 136.5 | 0.3 | Review press release regarding settlement with Montana PSC. | 3 |
| 7/14/2004 | Snellings, John V. | 247.5 | 0.5 | Review stipulation with ARCO. | 3 |
| 7/15/2004 | Darwin, Amanda | 546 | 1.2 | Review incoming press clipping regarding McGreevy settlement (.3). Correspondence to Mr. Fisher and Mr. Healy regarding same (.2). Correspondence to client regarding Wilmington motion to set aside claim (.3). Review ancillary motions (.4). | 3 |
| 8/10/2004 | Morrissey, Francis | 115.5 | 0.3 | Review docket regarding Harbert's failure to object to confirmation and possible settlement with estate (.1). Review Indenture Trustee's statement of clarification (.2). | 3 |
| 8/12/2004 | Darwin, Amanda | 136.5 | 0.3 | Review incoming pleadings. | 3 |
| 8/26/2004 | Darwin, Amanda | 1,820.00 | 4 | Review motion to approve M.O.U. (.5). Review releases proposed under the plan (.8). Review ballot and balloting procedures and review supplement regarding same (1.0). Review adversary complaint against Magten (.6). Review Magten response to discovery (.5). | 3 |
| 9/3/2004 | Morrissey, Francis | 1,347.50 | 3.5 | Prepare objection to exit financing and conference with Mr. Snellings. | 3 |
| 12/19/2003 | Hamblett, Frank S. | 333 | 0.9 | Begin preparing proofs of claims. | 3 |
| 12/22/2003 | Hamblett, Frank S. | 444 | 1.2 | Revise proofs of claim (1.2). | 3 |
| 12/23/2003 | Hamblett, Frank S. | 703 | 1.9 | Review bar date order and indentures, and revise proofs of claims (1.6); correspondence with Mr. Healy and Ms. Russo regarding same (.3). | 3 |
| 12/24/2003 | Hamblett, Frank S. | 592 | 1.6 | Further review Guarantee Agreement and related Trust Agreement and revise proofs of claims. | 3 |
| 12/29/2003 | Hamblett, Frank S. | 74 | 0.2 | Telephone call with Mr. Healy regarding proofs of claims. | 3 |
| 12/31/2003 | Hamblett, Frank S. | 333 | 0.9 | Revise proofs of claims. | 3 |
| 1/5/2004 | Ciafone, Christina | 31.5 | 0.3 | Conference with Mr. Hamblett to discuss filing of proof of claim in Delaware. | 3 |
| 1/5/2004 | Hamblett, Frank S. | 704 | 1.6 | E-mail correspondence with Ms. Siegel and Ms. Russo regarding Bar Date/additional documentation/information (.7); revise proofs of claim (.9). | 3 |

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 1/6/2004 | Darwin, Amanda | 2,457.00 | Review incoming correspondence from Committee counsel (.3); review aspects of claims on behalf of Preferred Securities (.3); follow-up regarding missing documentation (.3); review incoming agenda for today's conference call (.2); review materials inpreparation for conference call (1.0); Committee conference call (1.6); telephone conference with Mr. Healey (.3); telephone conference with Mr. Kaplan regarding going flat transaction and research factual background regarding same (1.0); follow-up conference call from Mr. Kaplan (.4). | 3 |
| 1/6/2004 | Hamblett, Frank S. | 1,056.00 | 2.4 Further review property trust and related guarantee agreement (.7); make some final edits to proofs of claim and e-mail message to Mr. Fisher and Ms. Siegel regarding same (1.7). | 3 |
| 1/7/2004 | Hamblett, Frank S. | 352 | 0.8 Further review Property Trust Agreement and related Guarantee Agreement regarding liquidation. | 3 |
| 1/8/2004 | Darwin, Amanda | 364.00 | 0.8 Follow-up regarding factual statements in proof of claim and basis for same (.8). | 3 |
| 1/9/2004 | Snellings, John V. | 99 | 0.2 Advice regarding preserving cause of action in NorthWestern Corp. proof of claim. | 3 |
| 1/12/2004 | Darwin, Amanda | 2,093.00 | 4.6 Review proofs of claim including investigation of mergers and succession of liability as well as investigation and description of "going flat" transaction (4.6). | 3 |
| 1/12/2004 | Hamblett, Frank S. | 396 | 0.9 Review and mark up addendum to proofs of claim and e-mail correspondence with Mr. Curchack regarding same. | 3 |
| 1/12/2004 | Snellings, John V. | 396 | 0.8 Review addendum to proof of claim and comments to same. | 3 |
| 1/13/2004 | Darwin, Amanda | 1,683.50 | 3.7 Additional revisions to proof of claim regarding possible fraudulent conveyance (1.0); review incoming correspondence from BNY counsel and additional deal documentation forwarded by them (.7); review potential damage claim (.4); correspondence from and to Mr. Healy (.2); telephone conference with Ms. Costello (.2); review additional provisions regarding fraudulent conveyance claim (.5); review Maglen proof of claim (.3); correspondence from and to Ms. Gil regarding filing of our claim (.4). | 3 |
| 1/13/2004 | Hamblett, Frank S. | 1,672.00 | 3.8 Finalize and prepare proofs of claim for filing (2.8); further analyze issue regarding fraudulent transfer/claim (1.0). | 3 |
| 1/13/2004 | Snellings, John V. | 247.5 | 0.5 Review revised proof of claim addendum. | 3 |
| 1/14/2004 | Hamblett, Frank S. | 176 | 0.4 Telephone calls with Claims Agent regarding proofs of claim and e-mail correspondence with Mr. Fisher and Mr. Healy regarding same. | 3 |
| 1/20/2004 | Darwin, Amanda | 136.5 | 0.3 Confirm filing of proofs of claim (.3). | 3 |
| 6/4/2004 | Darwin, Amanda | 1,319.50 | 2.9 Review exchange of e-mails from Debtor confirming distribution of ballots to Participants (.2); Review proposed objection joinder (.3); Review correspondence from Fried, Frank (.2); Review inquiry regarding principle/interest payments (.5); Review discrepancies in hearing notice (.4); Additional research and follow-up with BNY regarding interest payment dates (.6); Correspondence to Mr. Healy and Mr. Fisher (.3); Review impact of PUHCA violations (.4). | 3 |

| Date | Name | Amount | Description | |
|---|---|---|---|---|
| 6/7/2004 | Dewees, Robert L. Jr. | 4,183.00 | Finish review and outline of NorthWestern testimony before MPSC in sale docket (.9). Review NorthWestern witness pre-filed testimony (.8). Review Montana Power's witness pre-filed testimony and joint application for sale (1.8). Review Montana statutes on standards for utility financings and MPSC order on recent first mortgage bond and secured financing for CFSB (1.3). Review numerous responses to data requests filed by NOR or Montana Power (.9). Review recent orders of the MPSC on NOR's financing and discovery requests to NOR and MPC (.7). Review recent orders of the MPSC on NOR's financing and need for separation of non-utility and utility-related debt (2.0). Review MPSC orders regarding MPC | |
| 7/15/2004 | Dewees, Robert L. Jr. | 282 | 8.9 LLC as a subsidiary or division of NOR (.5). | 3 |
| | | | 0.6 Review Wilmington Trust motion to disallow HSBC claims. | 3 |
| 7/16/2004 | Darwin, Amanda | 500.5 | Review pleadings of Wilmington (.3). Review issued raised by Wilmington's motion to set aside claim 1.1 (.3). Review issues raised by Montana PSC settlement (.3). Review Inquiry from Mr. Fisher (.2). | 3 |
| 7/16/2004 | Dewees, Robert L. Jr. | 658 | 1.4 Review Wilmington Trust motion to disallow HSBC Bank's claims and analyze PUHCA arguments. | 3 |
| 7/26/2004 | Snellings, John V. | 1,633.50 | Review case's decision on disqualification (.8). Discuss implications with Mr. Fisher and Ms. Darwin via 3.3 e-mail (.8). Review deposition schedule (.2). Prepare for deposition of Mr. Fisher (1.5). Review incoming pleadings (.2). Correspondence to Ms. Costello (.2). Conference call with Mr. Kaplan and Mr. Snellings (.4). Correspondence from and to Mr. Fisher regarding bondholder input (.5). Review case law cited by bondholder's attorney (.5). Review limited objections of U.S. Bank and Wells Fargo as indenture trustees (.5). Review issues relating to briefing schedule (.2). Review substance of place- | 3 |
| 8/2/2004 | Darwin, Amanda | 1,547.00 | 3.4 holder objection (.3). Review certain disclosure issues (.6). | 3 |
| 8/3/2004 | Hamblet, Frank S. | 528 | 1.2 Review objections of Wells Fargo and U.S. Bank regarding plan/indenture trustee fees. | 3 |
| 8/5/2004 | Snellings, John V. | 1,188.00 | Review pleading on McGreevey settlement and others (1.6). Draft memo on Maglen's objection to 2.4 confirmation (.8). | 3 |
| | | | Review motion for reconsideration and corporate structure for NorthWestern Energy LLC (.6). Review Maglen's argument regarding "x-clause" (.3). Review Wilmington argument regarding subordination | |
| 8/6/2004 | Darwin, Amanda | 682.50 | 1.5 language (.3). Review incoming correspondence from Committee counsel (.3). | 3 |
| 8/6/2004 | Dewees, Robert L. Jr. | 1,081.00 | Review objection of Harbert Management to confirmation of plan with particular attention to PUCHA violation arguments (.6). Review Law Debenture's August 9 filing (.5). Consider securities law implication of a PUHCA violation and discuss same issue with Mr. Lee (.8). Review Harbert's PUHCA's 2.3 arguments and what remedy we can propose to the bankruptcy court (.4). | 3 |