IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Reorganized Debtor. | : | Case No. 03-12872 (KJC) |
| | : | |
| | : | |
| LAW DEBENTURE TRUST COMPANY, | : | |
| OF NEW YORK, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 05-603-JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Appellee. | : | |

Amanda D. Darwin, Esquire; John V. Snellings, Esquire; Lee Harrington, Esquire and Christopher M. Desiderio, Esquire of NIXON PEABODY LLP, Boston, Massachusetts.
Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP, Wilmington, Delaware.

Attorneys for Appellant.

Victoria W. Counihan, Esquire and Sandra G. M. Selzer, Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.

Attorneys for Appellee.

**MEMORANDUM OPINION**

April 2, 2007
Wilmington, Delaware.

Joseph J. Farnan Jr.
Farnan, District Judge.

Pending before the Court is an appeal by Appellant, Law Debenture Trust Company of New York, as Indenture Trustee, from the July 5, 2005 Order of the United States Bankruptcy Court for the District of Delaware, granting in part and denying in part Appellant's Request For Payment Of Administrative Expenses Pursuant To 11 U.S.C. § 503 (the "Fee Order"). For the reasons set forth below, the Court will affirm the Bankruptcy Court's Fee Order.

## I. PARTIES' CONTENTIONS

By its appeal, Appellant contends that the Bankruptcy Court abused its discretion and committed clear error by entering an erroneous and arbitrary Fee Order which only provided Appellant with recovery for its fees and expenses while it served on the Creditors' Committee, and not for the fees and expenses it incurred while serving as Indenture Trustee for the QUIPS Holders. Appellant contends it substantially contributed to the Debtor's estate while serving as Indenture Trustee for the QUIPS Holders by (1) filing a Proof of Claim on behalf of the holders of QUIPS; (3) serving as conduit for the flow of information and communications between the QUIPS holders and the Debtor; (4) continuing to administer the QUIPS Indenture; (5) identifying deficiencies in the Reorganization Plan and its subsequent amendments so that it could ultimately be confirmed; and (6) engaging in post-

1

confirmation work with the Debtor including the resolution of disputed claims reserve and work with the QUIPS Indenture. Although Appellant took positions adverse to the Debtor vis-à-vis the QUIPS Litigation, Appellant contends that it has no economic stake in the QUIPS and acted solely as a fiduciary for the holders of the QUIPS. Appellant further contends that the Debtor recognized the benefit and importance of its service as Indenture Trustee by providing in the Plan that the Indenture Trustee continue to serve post-confirmation as Indenture Trustee for the QUIPS and by paying Appellant's predecessors all of its fees and expenses associated with the QUIPS Indenture

Appellant also contends that the Debtor breached the implied covenant of good faith and fair dealing in the Plan by objecting to Appellant's fees and expenses. Appellant contends that the Debtor lodged its objection to gain leverage in the pending litigation with the Indenture Trustee and the QUIPS holders. Appellant further contends that its treatment is inconsistent with Section 5.18 of the Plan which requires the payment of Appellant's fees in full and inconsistent with the treatment of other indenture trustees who have already been paid their fees and expenses.

In response, NorthWestern Corporation ("Appellee" or "the Debtor") contends that the Bankruptcy Court correctly concluded that Appellant's activities did not substantially contribute to

2

the estate. Appellee contends that Appellant's actions were controlled by one disgruntled QUIPS holder, Magten Asset Management Corporation, designed to disrupt and impede the Debtor's successful reorganization, and actually increased the Debtor's reorganization costs by millions of dollars. By way of example, Appellee directs the Court to Appellant's filing of at least two adversary proceedings against the Debtor, one aimed at revoking the Confirmation Order, and Appellant's numerous objections to the Plan, which Appellee contends delayed its reorganization to the detriment of the estate and creditors other than the QUIPS holders.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. §158(a). The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). In reviewing mixed questions of law and fact, the Court accepts the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (quoting

Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. Baroda Hiss Inv., Inc. v. Telegroup Inc., 281 F.3d 133, 136 (3d Cir. 2002).

III. **DISCUSSION**

Section 5.18 of the Plan provides:

> On the Effective Date, the Reorganized Debtor will pay the Indenture Trustees' Fees and Expenses in full and in Cash, in an amount to be agreed upon among the Debtor and each of the Indenture Trustees. <u>In the event that the parties cannot reach agreement on the amount thereof</u>, any disputed amount shall be determined by the Bankruptcy Court, pursuant to Section 503 of the Bankruptcy Code, and in accordance with the terms of the applicable Indenture.

App. 16, § 5.18; App. 22 ¶ 16 (emphasis added). Because an agreement was not reached regarding Appellant's fees in this case, the Court concludes that Section 503 of the Bankruptcy Code was properly invoked.[1]

---

[1] Appellant argues that the Debtor is judicially estopped from arguing that § 503(b) applies. Whether to apply the doctrine of judicial estoppel is reviewed under the abuse of discretion standard. McNemar v. Disney Store, Inc., 91 F.3d 610, 613 (3d Cir. 1996), cert. denied, 519 U.S. 1115 (1997). The Bankruptcy Court declined to apply judicial estoppel in this case, and the Court cannot conclude that the Bankruptcy Court's decision was an abuse of discretion. The Court is not persuaded that the Debtor has taken inconsistent positions in bad faith vis-à-vis the Court or that the other indenture trustees and claim holders have been treated differently. In the Court's view, Debtor's arguments are consistent with its legal rights under Section 5.18 of the Plan, and therefore, the Court concludes that the Bankruptcy Court did not err in declining to apply the doctrine of judicial estoppel in these circumstances.

Pursuant to Section 503(b)(D)(3) of the Bankruptcy Code, an administrative expense claim may be allowed for "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by -- (D) . . . an indenture trustee . . ., in making a substantial contribution in a case under chapter 9 or 11 of this title." Section 503(b)(5) also provides that an indenture trustee may be allowed administrative expenses for reasonable compensation for services rendered by the indenture trustee in making a substantial contribution to a Chapter 9 or 11 case.  Under Section 503(b)(4), an administrative expense priority for professional services of an attorney for an indenture trustee is only available when the indenture trustee's own expenses are allowable under Section 503(b)(3).  Thus, an indenture trustee is not entitled to compensation for the services provided by its professionals, unless the indenture trustee's actions substantially contributed to the debtor's case.  11 U.S.C. § 503(b)(4).

The question of substantial contribution is a fact intensive inquiry, and the Bankruptcy Court's findings of fact can only be set aside by this Court if they are clearly erroneous.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  "Even if the appellate court believes that it would have found differently, so long as the trial court's factual finding is

5

plausible, the appellate court may not reverse it." James Wm. Moore, et al., Moore's Federal Practice § 206.03[3] (3d ed. 2006) (citations omitted).

After reviewing the record as it pertains to Appellant's actions as Indenture Trustee, the Court cannot conclude that the Bankruptcy Court's findings of fact regarding the lack of substantial contribution to the estate were clearly erroneous. As the Bankruptcy Court noted, "[c]reditors are presumed to be acting in their own interests until they satisfy the court that their efforts have transcended self-protection." Lebron v. Mechem Financial, Inc., 27 F.3d 937, 944 (3d Cir. 1994). In this case, Appellant acted as Indenture Trustee for the QUIPS holders and its actions were taken to benefit the QUIPS holders.

Appellant contends that because it was acting as a fiduciary for the QUIPS holders, it is entitled to compensation for services rendered. However, courts have recognized that protecting the interests of a trust beneficiary may or may not benefit the estate. See Manufacturers Hanover Trust Co. v. Bartsch (In re Flight Transp. Corp. Litig.), 874 F.2d 576, 580 (8th Cir. 1989) ("[B]ecause the language of § 503(b) expressly requires "substantial contribution," § 503(b) must require something more than satisfactory performance of fiduciary duties.") In this regard, "the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." Lebron, 27 F.3d at 944. Rather, a substantial contribution to the estate is "an actual and

6

demonstrable benefit to the estate and the creditors." <u>Id.</u> Services which foster and enhance the reorganization process are considered to be services which substantially contribute to a case. <u>Id.</u> Here, the Bankruptcy Court concluded that Appellant's actions, which included numerous objections related to the Plan and the filing of two adversary proceedings against the Debtor, amounted to disruption rather than substantial contribution. Because the Court cannot conclude that the Bankruptcy Court's findings were clearly erroneous, the Court will affirm the Bankruptcy Court's Fee Order.

**IV. CONCLUSION**

For the reasons discussed, the Court will affirm the July 5, 2006 Order of the Bankruptcy Court.

An appropriate Order will be entered.